AKIN GUMP STRAUSS HAUER & FELD LLP
590 Madison Avenue
New York, New York 10022-2524
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Fred S. Hodara (FH-7947)
Andrew J. Rossman (AR-0596)
Sean E. O'Donnell (SO-5005)

*Attorneys for VR Global Partners, L.P., Paton Holdings Ltd.,
VR Capital Group Ltd., and VR Argentina Recovery Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re:                                      :     Chapter 11
:
REFCO INC., et al.,                         :     Case No. 05-60006 (RDD)
:
Debtors.                        :     (Jointly Administered)
---------------------------------------------------------------x

**MOTION OF VR GLOBAL PARTNERS, L.P., PATON HOLDINGS LTD., VR CAPITAL
GROUP LTD., AND VR ARGENTINA RECOVERY FUND, LTD. FOR ENTRY OF AN
ORDER CONFIRMING INAPPLICABILITY OF AUTOMATIC STAY OR,
ALTERNATIVELY, ANNULLING THE AUTOMATIC STAY**

VR Global Partners, L.P., ("VR Global"), Paton Holdings Ltd. ("Paton"), VR Capital Group Ltd., ("VR Capital") and VR Argentina Recovery Fund, Ltd. ("VR Argentina," collectively referred to as the "VR Entities"), by and through their undersigned counsel, hereby submit this motion (the "Motion") requesting entry of an order confirming that the automatic stay imposed by section 362(a) of title 11 of the United States Code (the "Bankruptcy Code") in effect in the above-referenced chapter 11 cases is inapplicable with respect to the Refco Securities Lawsuit (defined below), or alternatively, to the extent this Court determines that the Automatic Stay (defined below) is in fact implicated by the Refco Securities Lawsuit, granting

an annulment of the Automatic Stay with respect to the Refco Securities Lawsuit. In support of this Motion, the VR Entities respectfully represent as follows:

**Preliminary Statement**

The VR Entities have filed a complaint in the Supreme Court of the State of New York, County of New York (the "State Court") against Refco Securities LLC ("Refco Securities"), a U.S. regulated broker-dealer which is a non-debtor affiliate of Refco Inc. (the "Refco Securities Lawsuit"). Through the Refco Securities Lawsuit, the VR Entities seek, among other things, the return of at least $500 million in distressed debt and emerging market securities (the "VR Assets") held by Refco Securities on behalf of the VR Entities. Managing the VR Assets involves complex risks, including risks as to currency and equity market fluctuations and political and economic developments in emerging market countries all over the globe. Refco Securities' refusal to deliver the VR Assets to the VR Entities has cut-off the VR Entities' ability to manage these risks, and has placed the VR Entities, their investors and other innocent parties in serious peril.

By this Motion, the VR Entities seek an order of this Court (i) confirming that neither the commencement nor prosecution of the Refco Securities Lawsuit, through and including, enforcement of a final judgment therein, violates the automatic stay of section 362(a) of the Bankruptcy Code the ("Automatic Stay"), or alternatively, (ii) to the extent this Court determines that the Automatic Stay is in fact implicated by the Refco Securities Lawsuit, granting an annulment of the Automatic Stay with respect to the Refco Securities Lawsuit. The VR Entities submit that the Automatic Stay is inapplicable to the Refco Securities Lawsuit because (i) Refco Securities is not a debtor or debtor in possession and, therefore, not entitled to the protections of the Automatic Stay, and (ii) the VR Assets are held in custodial accounts by Refco Securities, not

2

in accounts of any of the above-captioned Debtors. Accordingly, the Automatic Stay should not, and does not, prevent the Refco Securities Lawsuit from going forward in the State Court. Should the Court determine the Automatic Stay is applicable to the Refco Securities Lawsuit, the VR Entities submit that sufficient "cause" exists under section 362(d) of the Bankruptcy Code to annul the Automatic Stay with respect to the Refco Securities Lawsuit. As explained more fully below, the balance of harms clearly weighs in favor of permitting the Refco Securities Lawsuit to proceed because of the immediate harms that may befall the VR Entities if the Automatic Stay remains in place.

## Jurisdiction and Venue

1.  The Court has jurisdiction over this Motion pursuant to sections 1334 and 157(b) of title 28 of the United States Code. Venue for this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105 and 362 of the Bankruptcy Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

## Background

2.  On October 10, 2005, Refco Inc. ("Refco") announced its discovery of a questionable $430 million receivable owed to Refco by an entity controlled by Refco's Chief Executive Officer, Phillip Bennett ("Bennett"). Based on subsequent disclosures, it is apparent that this receivable was part of an effort to hide as much as $720 million of bad debt. Indeed, Bennett has since been arrested, charged by federal prosecutors with securities fraud and faces up to 20 years in prison if convicted.

3.   On October 13, 2005, as the Refco scandal began to unfold, the VR Entities directed at least two Refco representatives to transfer the VR Assets to an account at Credit Suisse First Boston. This request was refused.

4.   Instead, on October 13, 2005, Refco unilaterally imposed a 15-day moratorium on the withdrawal of customer accounts from Refco Capital Markets Ltd. ("RCM").

5.   On October 17, 2005, Refco and 23 of its debtor affiliates and subsidiaries (the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their affairs as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered for procedural purposes only under Case No. 05-60006 (RDD).

6.   None of the Debtors' regulated affiliates, including, without limitation, Refco Securities, has sought relief under any chapter of the Bankruptcy Code. Refco Securities is in the process of winding down its operations. Upon information and belief, Refco Securities has unilaterally sold at least some of the VR Assets and used the proceeds for its own benefit.

7.   On October 28, 2005, the U.S. Trustee appointed an official committee of unsecured creditors (the "Committee") of the Debtors pursuant to section 1102 of the Bankruptcy Code. VR Global is co-chairperson of the Committee.

8.   On November 3, 2005, the Court entered the Stipulation and Consent Order, Under 11 U.S.C. § 1107(a), Limiting Activities of Refco Capital Markets, Ltd. ("Original Stipulation") by and between the Committee and the Debtors, which imposed certain limitations on the activities of, among others, RCM and Refco Securities for a period of five business days.

4

9. On November 7, 2005, the VR Entities made a demand upon Refco Securities for the return of the VR Assets. Refco Securities has not honored the VR Entities' demand for the return of their assets.

10. On November 9, 2005, the Court entered a First Amended and Restated Stipulation and Consent Order, Among Other Things, Under 11 U.S.C. § 1107(a), Limiting Activities of Refco Capital Markets, Ltd. ("Amended Stipulation") by and between the Committee and the Debtors, which among other things, imposed certain limitations on the activities of, among others, RCM and Refco Securities for an additional period of seven business days.

11. On November 14, 2005, the VR Entities commenced the Refco Securities Lawsuit through the filing of a complaint (the "Complaint") in the State Court, a copy of which is attached as "Exhibit A." Pursuant to the Complaint, the VR Entities request, among other things, that the State Court enter judgment in the VR Entities' favor and against the defendant Refco Securities as follows: (a) declaring that the VR Assets constitute property of the VR Entities, which are not property of Refco Securities; (b) directing Refco Securities to transfer to the VR Entities the VR Assets, and to the extent any have been liquidated the proceeds thereof; (c) awarding the VR Entities a judgment in an amount to be determined at trial; and (d) requiring Refco Securities to provide a thorough and complete accounting of the VR Assets, for the period beginning September 11, 2001 through and including the present.

12. Also on November 14, 2005, the VR Entities commenced an adversary proceeding in this Court against RCM (the "RCM Lawsuit") with respect to securities and other assets of VR Entities held in RCM accounts that are *not* held in custody by Refco Securities. A copy of the complaint filed in the RCM Lawsuit is attached hereto as "Exhibit B."

**Relief Requested**

13. By this Motion, the VR Entities seek an order of this Court (i) confirming that neither the commencement nor prosecution of the Refco Securities Lawsuit, through and including enforcement of a final judgment therein, violates the Automatic Stay or, alternatively, (ii) to the extent this Court determines that the Automatic Stay is in fact implicated by the Refco Securities Lawsuit, granting an annulment of the Automatic Stay with respect to the Refco Securities Lawsuit.

**Basis for Relief**

**I.     The Automatic Stay Is Not Implicated By the Refco Securities Lawsuit**

14. The VR Entities submit that neither the commencement nor prosecution of the Refco Securities Lawsuit, through and including a final judgment therein, violates any provision of the Automatic Stay.

15. The Automatic Stay is inapplicable to the Refco Securities Lawsuit because no debtor or debtor in possession is a party thereto. Section 362(a)(1) of the Bankruptcy Code imposes a stay of "the commencement or continuation…of a judicial, administrative, or other action or proceeding *against the debtor*…." 11 U.S.C. § 362(a)(1) (*emphasis added*). Moreover, section 362(a)(1) does not similarly protect non-debtor parties who may be subjected to litigation, even if certain transactions or events involve the debtor. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541 (5th Cir. 1983); *Cashman v. Montefiore Medical Center*, 191 B.R. 558 (S.D.N.Y. 1996). No reasonable interpretation of section 362(a)(1) of the Bankruptcy Code would support staying the Refco Securities Lawsuit which is plainly an action between non-debtors.

6

16. The Automatic Stay also is not implicated by the Refco Securities Lawsuit because the VR Entities seek relief with respect to property in the possession of Refco Securities, in its capacity as a custodian for the VR Entities, and not property of one of the Debtors. *See* 11 U.S.C. § 541(a) (property of the bankruptcy estate consists of all legal and equitable interests of the debtor in property as of the commencement date); *see also* 11 U.S.C. § 362(a)(3) (order for relief "operates as a stay, applicable to all entities, of any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate").

17. The VR Entities believe with reasonable certainty that the VR Assets are held in custodial accounts of Refco Securities, not any of the Debtors, for the benefit of the VR Entities. Accordingly, the Refco Securities Lawsuit should not be construed as an attempt to obtain possession of property of or from any of the Debtors' bankruptcy estates, nor can it reasonably be construed as an attempt to exercise control over property of the Debtors' bankruptcy estates.

**II.     In the Alternative, the Automatic Stay Should Be
         <u>Annulled With Respect to the Refco Securities Lawsuit</u>**

18. Alternatively, if the Court determines that the Automatic Stay is implicated by the commencement and/or prosecution of the Refco Securities Lawsuit, the VR Entities request that the Court enter an order annulling the Automatic Stay with respect to the Refco Securities Lawsuit.

19. Section 362(d) of the Bankruptcy Code provides that the Court may grant relief from the automatic stay as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause….

7

11 U.S.C. §362 (d)(1). The determination of whether cause exists to vacate the Automatic Stay is committed to the sound discretion of the bankruptcy court. *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1286 (2d Cir. 1990) (citing *Holtkamp v. Littlefield (In re Holtkamp)*, 669 F.2d 505, 507 (7th Cir. 1982)). Section 362(d)(1) of the Bankruptcy Code permits a court to annul the stay for "cause."

20. The burden of proof is a shifting one. The movant has the initial burden of showing cause. *In re Sonnax Industries, Inc.*, 907 F.2d at 1286. Once the moving party satisfies its initial burden showing that cause exists, any party opposing stay relief has the ultimate burden of disproving the existence of cause. 11 U.S.C. § 362(g)(2).

21. The Second Circuit Court of Appeals has listed twelve factors that should be considered in a determination to lift the automatic stay. *In re Sonnax Industries, Inc.*, 907 F.2d at 1286 (quoting *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984)). Those factors are:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

All twelve factors will *not* be relevant in every case. *Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999).

22. The VR Entities submit that "cause" for annulling the Automatic Stay with respect to the Refco Securities Lawsuit clearly exists. As explained more fully below, the

8

*Sonnax* factors, both individually and collectively, weigh significantly in favor of granting the relief requested by the VR Entities.

23. With respect to the first *Sonnax* factor, the relief sought in the Complaint will result in a complete resolution of the VR Entities' claims for legal and equitable relief against Refco Securities. The VR Entities believe with reasonable certainty that most of the VR Assets have not been liquidated by Refco Securities and, therefore, remain available for satisfaction of the VR Entities' unique claims. With respect to the second *Sonnax* factor, the VR Entities submit that the Refco Securities Lawsuit will neither materially interfere with the administration of the Chapter 11 Cases nor result in any delay in distributions to creditors of the Debtors' estates. The relief the VR Entities seek in the Refco Securities Lawsuit, among other things, is the return of their own property within the custody of a non-Debtor entity, and therefore, the property in question is unavailable to satisfy claims of the Debtors' creditors. The VR Entities submit that the third, fourth and fifth *Sonnax* factors are not relevant.

24. With respect to the sixth *Sonnax* factor, the Refco Securities Lawsuit primarily involves third parties. The plaintiffs and sole defendant in the Refco Securities Lawsuit are non-Debtors. Though it is conceivable that the VR Entities and Refco Securities may seek discovery against RCM and certain employees during the Refco Securities Lawsuit, the VR Entities do not believe that compliance with discovery requests will materially interfere with the administration of the Chapter 11 Cases.

25. With respect to the seventh *Sonnax* factor, the VR Entities submit that pursuit of the Refco Securities Lawsuit in State Court will neither prejudice the interests of creditors of the Debtors' estates nor cause any delay in the administration of the Chapter 11 Cases. As explained above, the relief sought in the Refco Securities Lawsuit centers around the recovery of non-estate

9

property within the custody of Refco Securities. Should the VR Entities succeed on the merits of their claims against Refco Securities, creditors of the Debtors' estates will not be unfairly prejudiced. The VR Entities submit that the eight and ninth *Sonnax* factors are not relevant.

26. With respect to the tenth *Sonnax* factor, the VR Entities submit that the interests of judicial economy will be served by allowing the Refco Securities Lawsuit to proceed in State Court. The relief sought in the Refco Securities Lawsuit is separate and distinct from issues that are being, and are likely to be, addressed in the Chapter 11 Cases. The VR Entities submit that the eleventh *Sonnax* factor is not relevant.

27. Finally, with respect to the twelfth *Sonnax* factor, the VR Entities submit that the balance of harms weighs heavily in favor of permitting the Refco Securities Lawsuit to go forward. The VR Entities have been, and will continue to be harmed should the Automatic Stay remain in place because it will prevent the VR Entities from managing the specialized risks attendant to the VR Assets. The VR Assets consist primarily of distressed and high-yield corporate and sovereign debt and emerging markets securities, which are extremely difficult to sell and acquire and rapidly fluctuate in value. These securities involve myriad complex risks, including risks as to currency and equity market fluctuations and political and economic developments in emerging market countries all over the globe. Consequently, the VR Assets require a high degree of care and attention.

28. For example, the VR Assets have exposures to a variety of foreign currencies like Indonesian rupiah, Thai baht, Korean won, Russian rubles, Argentine pesos and Brazilian reais. Each of these currency exposures must be actively monitored and hedged appropriately. It is now impossible to do so.

29. The VR Assets also pertain to a multitude of debt restructuring situations in, among other places, Israel, Argentina and the United States—requiring active participation by the VR Entities. But the VR Assets are now trapped at Refco Securities and cannot be sold, exchanged or possibly even voted. The resulting inability to participate in these investments jeopardizes not only the VR Entities, their investors and the inherent value of the VR Assets, but also the underlying issuer entities that are trying to restructure. For instance, the VR Assets include nearly $40 million of debt issued by Empresa Distribuidora y Comercializadora Norte S.A. ("Edenor"). Edenor distributes electricity to approximately 7 million residents of Buenos Aires, Argentina. The VR Entities are among the largest creditors of Edenor and had been leading the creditors' committee for Edenor. Edenor is in desperate need of a capital restructuring. Due to the Argentine financial crisis, it has been unable to pay its debts and has been required to slash capital expenditures. Electricity consumption has been growing rapidly, which, coupled with Edenor's inability to make sufficient capital expenditures in the absence of a debt restructuring, has created a dangerous situation in which sporadic brownouts have already begun to occur. Absent a rapid restructuring, Edenor will face serious risks of sustained service interruptions to about 7 million Buenos Aires inhabitants. Since the freezing of the VR Assets, the work of the creditors' committee has come to a standstill. Without the VR Entities' active participation, it will be extremely difficult, if not impossible, for Edenor to complete a debt restructuring.

30.     Once a bankruptcy court concludes that relief from stay is appropriate, it has the authority to grant relief from the stay "by terminating, annulling, modifying or conditioning such stay," pursuant to section 362(d), and may fashion such relief retroactively, if equitable under the factual circumstances. *See In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984) (holding that 362(d) permits bankruptcy courts, in appropriately *limited* circumstances, to grant retroactive relief from the automatic stay). The VR Entities submit that, should this Court determine that "cause" exists, annulment of the Automatic Stay is appropriate and warranted.

31.     For the reasons stated above, the VR Entities respectfully request that should the Court determine the Automatic Stay is implicated by the Refco Securities Lawsuit, sufficient "cause" exists within the meaning of section 362(d) of the Bankruptcy Code to annul the Automatic Stay.

### Notice

32.     Notice of this Motion is being provided to: (a) counsel for the Debtors; (b) the United States Trustee; (c) counsel for the Creditors' Committee; (d) counsel for Bank of America, N.A., as the agent for the Debtors' secured lenders; and (e) all other parties requesting notice in these cases.

33.     No previous motion for the relief sought herein has been made to this Court.

### Waiver of Memorandum of Law

34.     This Motion sets forth the applicable authorities upon which it relies herein and does not raise any novel issues of law. Accordingly, the VR Entities respectfully request that the Court waive the requirement contained in Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that a separate memorandum of law be submitted in support of the Motion.

## **Prayer for Relief**

WHEREFORE, for all of the foregoing reasons, the VR Entities respectfully request entry of an order (i) confirming that neither the commencement nor prosecution of the Refco Securities Lawsuit, through and including enforcement of a final judgment therein, violates the Automatic Stay or, alternatively, (ii) to the extent this Court determines that the Automatic Stay is in fact implicated by the Refco Securities Lawsuit, granting an annulment of the Automatic Stay with respect to the Refco Securities Lawsuit, and (iii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 14, 2005

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Fred S. Hodara
Fred S. Hodara (FH-7947)
Andrew J. Rossman (AR-0596)
Sean E. O'Donnell (SO-5005)
590 Madison Avenue
New York, NY 10022
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

*Attorneys for VR Global Partners, LP, VR Argentina Recovery Fund Ltd., VR Capital Group Ltd., and Paton Holdings Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                        :
In re:                                  :    Chapter 11
                                        :
REFCO INC., et al.,                     :    Case No. 05-60006 (RDD)
                                        :
        Debtors.                        :    (Jointly Administered)
---------------------------------------------------------------x

### (PROPOSED) ORDER CONFIRMING INAPPLICABILITY OF AUTOMATIC STAY

Upon the motion, dated November 14, 2005, of VR Global Partners, L.P., ("VR Global"), Paton Holdings Ltd. ("Paton"), VR Capital Group Ltd., ("VR Capital") and VR Argentina Recovery Fund Ltd. ("VR Argentina," collectively referred to as the "VR Entities"), for Entry of an Order Confirming Inapplicability Of Automatic Stay Or, Alternatively, Annulling The Automatic Stay (the "Motion"); and it appearing that the Court has jurisdiction over the Motion pursuant to 11 U.S.C. §§ 157(a) and 1334; and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was provided to all parties of interest entitled thereto and was otherwise good and sufficient under the particular circumstances and that no other or further notice need be given; and the Court having reviewed the Motion and determined that the relief requested therein is in the best interests of the Debtors, the bankruptcy estates, their creditors and other parties in interest; and upon the full record of these cases; and after due deliberation thereon, and sufficient cause appearing

**NOW, THEREFORE, IT IS HEREBY ORDERED AND DECLARED THAT:**

1.  The Motion is GRANTED.

2.  All capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

3.  Any and all objections to the Motion are overruled on the merits.

4.   Neither the commencement nor prosecution of the Refco Securities Lawsuit, through and including enforcement of a final judgment therein, violates the Automatic Stay.

Dated: New York, New York
       December____, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

Hearing Date: December 8, 2005 at 10:00 a.m. (ET)
Objection Deadline: December 5, 2005 at 4:00 p.m. (ET)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :    Chapter 11
                                                               :
REFCO INC., et al.,                                            :    Case No. 05-60006 (RDD)
                                                               :
                 Debtors.                                      :    (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF MOTION OF VR GLOBAL PARTNERS, L.P., PATON HOLDINGS LTD., VR CAPITAL GROUP LTD., AND VR ARGENTINA RECOVERY FUND, LTD. FOR ENTRY OF AN ORDER CONFIRMING INAPPLICABILITY OF AUTOMATIC STAY OR, ALTERNATIVELY, ANNULLING THE AUTOMATIC STAY**

PLEASE TAKE NOTICE that upon the annexed motion, dated November 14, 2005 (the "Motion"), of VR Global Partners, L.P., ("VR Global"), Paton Holdings Ltd. ("Paton"), VR Capital Group Ltd., ("VR Capital") and VR Argentina Recovery Fund Ltd. ("VR Argentina," collectively referred to as the "VR Entities") for Entry of an Order Confirming Inapplicability Of Automatic Stay Or, Alternatively, Annulling The Automatic Stay, a hearing will be held before the Hon. Robert D. Drain, United States Bankruptcy Judge, in Room 610 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") One Bowling Green, New York, New York, on **December 8, 2005, at 10:00 a.m.** (Eastern Time), or as soon thereafter as the VR Entities may be heard.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the relief requested shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Southern District of New York, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and,

by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers) and served in accordance with General Order M-242, and shall further be served upon: (a) Akin Gump Strauss Hauer Feld LLP, 590 Madison Avenue, New York, NY 10022 (Attn. Fred S. Hodara, Esq.); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Alicia M. Leonhard and Andrew D. Velez-Rivera; (c) J. Gregory Milmoe, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036; and (d) Luc A. Despins, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005, so as to be actually received no later than **December 5, 2005 at 4:00 p.m.** (Eastern Time).

Dated: New York, New York
November 14, 2005

AKIN GUMP STRAUSS HAUER & FELD LLP

By: /s/ Fred S. Hodara
Fred S. Hodara (FH-7947)
Andrew J. Rossman (AR-0596)
Sean E. O'Donnell (SO-5005)
590 Madison Avenue
New York, NY 10022
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

*Attorneys for VR Global Partners, LP, VR Argentina Recovery Fund Ltd., VR Capital Group Ltd., and Paton Holdings Ltd.*