SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000
J. Gregory Milmoe (JGM 0919)
Alesia Ranney-Marinelli (AR 5152)

One Rodney Square
Wilmington, Delaware 19899-0636
(302) 651-3000
Anthony W. Clark

Attorneys for Refco Inc., et al.,
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
In re                         :
                              : Chapter 11
REFCO INC., et al.,           :
                              : Case No. 05-60006 (RDD)
                              :
        Debtors.              : (Jointly Administered)
                              :
------------------------------x

**DEBTORS' REPLY TO JOINT RESPONSE OF THE MOVING CUSTOMER GROUP AND THE VR ENTITIES TO DEBTORS' OBJECTIONS TO CERTAIN DOCUMENTS AND DEPOSITION TESTIMONY DESIGNATED BY MOVANTS FOR USE AT TRIAL IN CONNECTION WITH MOTION TO CONVERT REFCO CAPITAL MARKETS, LTD.'S CHAPTER 11 PROCEEDING TO A CHAPTER 7 STOCKBROKER LIQUIDATION UNDER SUBCHAPTER III**

Refco Inc. and its affiliates ("Debtors"), including Refco Capital Markets, Ltd. ("RCM"), submit this reply to the Moving Customer Group and the VR Entities' joint response (the "MCG Response") to the Debtors' objections to certain documents and deposition testimony designated as trial exhibits and offered into evidence by the Moving Customer Group and certain joinder parties in connection with the Motion To Convert Refco Capital Markets, Ltd.'s Chapter 11 Proceeding To A Chapter 7 Stockbroker Liquidation Under Subchapter III (the "Conversion Motion").

# I.
# PRELIMINARY STATEMENT

The Debtors initially objected to 65 of more than 300-plus trial exhibits offered into evidence by the Moving Customer Group and joinder parties (collectively, the "Movants"). Ten objections have been resolved by the Movants' withdrawal of the exhibit in question[1] or by agreement. The Debtors continue to object to the remaining exhibits for the reasons stated below and those set forth in Exhibit A attached hereto.

# II.
# EVIDENTIARY OBJECTIONS

A. **Relevance Objections (FRE 402/403)**

1. **Euroclear Account-Related Documents.**

Nearly half of the Debtors' remaining objections are to documents that relate to accounts at Euroclear. *See, e.g.*, MCG 151 - 166, 188 - 193. There is no dispute that RCM in fact used Euroclear account 92917 to settle trades for "Euroclear-able" securities. Indeed, the Movants contend that the documents are relevant precisely because they "tend[] to prove that RCM used Euroclear . . ." MCG Response at 8 - 13. The documents in question, however, do not establish - - either directly, inferentially, or circumstantially - - whether RCM is a stockbroker or whether any Movant constitutes a customer. Accordingly, the Euroclear-account-related documents do not satisfy FRE 401 and should be excluded.[2]

---

[1] *See* MCG Response at 6 n. 4; Exhibit A at 21.

[2] FRE 401 defines relevant evidence as "having any tendency to make the existence of <u>any fact that is of consequence to the determination of the action</u> more probable or less probable than it would be without the evidence." Fed R. Evid. 401 (emphasis added). Facts that are "of consequence to the determination of the action" include 1) "facts which comprise direct evidence of an element of a claim or defense," 2) "facts from whose establishment may be inferred facts amounting to elements of claims or defenses," and 3) "facts bearing circumstantially upon the

2

2. **Statutes, Rules And Regulations Are Not Evidence.**

The Movants attempt to move into evidence the text of certain statutes, rules and regulations. *See, e.g.* MCG 51 (SEC regulation); MCG 170 (New York statute); MCG 314 (repealed federal statute). Statutes, rules and regulations are not evidence of facts and should not be admitted into evidence.

B. **Underlying Data Must Be Produced To Admit A Summary (FRE 1006)**

VR 10 purports to be a summary and includes columns showing, among other things, summaries of VR's financing activities with entities other than RCM, and the VR entities' net asset value(s). FRE 1006 permits the admission into evidence of a summary of voluminous records, provided that the underlying documents to any summary be made available to other parties for examination or copying. *See United States ex rel. Maris Equip. Co. v. Morganti, Inc.*, 163 F. Supp. 2d 174, 201 (D.N.Y. 2001) (*citing Air Safety v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 8 (1st Cir. 1996)).[3] *See also In re Beverage Transp., Inc.*, 2 B.R. 367, 369 (Bankr. W.D.N.Y. 1980) (accounting books were admissible as summaries because accounting ledger summarized numerous invoices, and copies of invoices were available for examination) (*citing Weinstein's Federal Evidence*).

VR claims to have produced to the Debtors the underlying documents on February 22, 2006. However, the documents produced by VR do not identify VR's financings

---

evaluation of the probative value to be given to other evidence." Michael H. Graham, Handbook of Federal Evidence § 401:1 (6th ed. 2006).

[3] In *Maris Equipment*, the court found that it had acted well within its discretion when it disallowed a cost summary report into evidence. Id. at 202. There, the party moving the summary into evidence never provided a list or description of the supporting documents. The moving party also failed to provide the summary sufficiently before the trial to allow for "meaningful review" of the mass of material supporting the accuracy of the summary. Accordingly, the court found that to rule otherwise would have been an abuse of the discretion afforded under Rule 1006. Id.

away from RCM or VR's net asset value. Moreover, the documents that VR produced are themselves summaries, not source data. VR 10 thus is not admissible as a summary. *See United States v. Earls*, No. 03 Cr. 0364, 2004 U.S. Dist. LEXIS 2758, at *32 (S.D.N.Y. February 25, 2004) (if underlying documents not made available, "at trial either party can object to allowing in evidence any Rule 1006 summary on the basis that it has not been allotted 'reasonable time' to examine the underlying documents." ).

C.    **Hearsay Objections (FRE 802)**

The Debtors object to Mr. Litt's personal investment documents (MCG 13) on hearsay grounds, among others. Out of court statements offered for the truth of the matter asserted are hearsay unless they fit within one of the recognized exceptions to the hearsay rule. See FRE 802; United States v. Martin, 59 F.3d 767, 769 (8th Cir. 1995). The Movants have offered this document to show that "*entities widely recognized to be stockbrokers* use similar or identical language" in their account documents. MCG Response, Exhibit A at 1 (emphasis added). MCG 13 thus is offered for the truth of its contents (*i.e.*, that Schwab is a stockbroker and uses certain language in its form agreements), is not subject to any recognized exception, and must be excluded.[4]

D.    **Authentication/Identification Objections (FRE 901(a))**

A declaration by a lawyer or paralegal explaining that a document was printed from the internet does not establish that the document "is what its proponent claims." FRE 901(a). The Movants have submitted a handful of such declarations. The documents in question lack sufficient evidence in favor of authenticity of identification. See Kersavage v. United States, 36 Fed. Cl. 441, 446 (Ct. Cl. 1996) ("plaintiff's affidavit by itself does not provide an

4

adequate foundation" for admitting photograph as evidence of the depicted scene when plaintiff failed to authenticate the taking of the photograph). No evidence other than declarations of Movants' own professionals have been introduced to support a finding that the documents in question are what the Movants claim. The documents thus lack a sufficient foundation for introduction into evidence. See Michael H. Graham, Handbook of Federal Evidence § 901:0 (6th ed. 2006). The Debtors' objections thus should be sustained.

### E. Illegible Duplicate (FRE 1002)

MCG 117 purportedly contains duplicates of documents delivered electronically. However, MCG 17 is not legible, and therefore cannot be admitted. In general, data "stored in a computer or similar device" is admissible if "any printout or other output [is] *readable by sight . . . [and is]* shown to reflect the data accurately . . ." FRE 1001(3) (emphasis added). Exhibit 17 is not "readable by sight" and is admittedly not an original. Accordingly, MCG 17 should not be admitted.

### F. Other Objections

The Debtors object to certain individual exhibits for the miscellaneous reasons stated in Exhibit A hereto, and incorporate the same by reference as if fully set forth herein.

### WAIVER OF MEMORANDUM

The Debtors submit that no new or novel issue of law is presented with respect to the matters contained herein, and respectfully request that the requirement of a memorandum of law, pursuant to Local Bankruptcy Rule 9013-1(b), be deemed satisfied by the Motion.

---

[4] The Movants contend that FRE 402 is not applicable to these exhibits. In fact, the documents constitute a "written assertion" that acts "as an assertion." FRE 801(a), and Rule 402 therefore applies.

5

WHEREFORE, for the foregoing reasons and those set forth on Exhibit A, the Debtors respectfully request that the Court enter an Order: (i) sustaining the Debtors' objections to the admissibility of the subject documents; (ii) waiving the requirement of a memorandum of law, pursuant to Local Bankruptcy Rule 9013-1(b); and (iii) granting such other and further relief as the Court deems just and proper.

Dated:  March 2, 2006
       New York, New York

Respectfully submitted,

/s/   Anthony W. Clark
J. Gregory Milmoe (JGM 0919)
Alesia Ranney-Marinelli (AR 5152)

SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
Four Times Square
New York, New York 10036

- and -

Anthony W. Clark
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636

Attorneys for Refco Inc., et al.,
Debtors and Debtors-in-Possession

446820.02-Wilmington Server 1A - MSW

# EXHIBIT A

| TRIAL EXHIBIT NUMBER | DESCRIPTION | OBJECTION GROUNDS | RESPONSES |
|---|---|---|---|
| MCG 13 | Schwab One Brokerage Account Application and Agreement | FRE 802; FRE 402; FRE 901(a) | FRE 402: irrelevant, because language used by other entities in account documents has no bearing on whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction.<br><br>FRE 802: hearsay, because it is being offered to show that language used by Schwab in its securities customer agreements is true and similar to that used by RCM and that, therefore, RCM is a stockbroker.<br><br>FRE 901(a): not properly authenticated, because following the instructions contained in the Declaration of Jane Kim, attached to the Joint Response, leads to a 10 page document, whereas this document is only 9 pages. Moreover, the mere fact that Ms. Kim printed this page does not show that the exhibit is what it purports to be. |
| MCG 17 | Refco Website Documents | FRE 901(a) | FRE 901(a): not properly authenticated, because the mere fact that Ms. Arzeno printed this page does not show that the exhibit is what it purports to be. Moreover, a "cached" version from November 25, 2005 is unreliable as it is unclear how cached documents on www.google.com are maintained. |
| MCG 23 | Refco Website Documents | FRE 901(a) | FRE 901(a): not properly authenticated, because the mere fact that Ms. Arzeno printed this page does not show that the exhibit is what it purports to be. |
| MCG 25 | Timeline of Transfers Between Certain Refco Accounts | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 28 | RCM Prime Broker Agreement | FRE 901(a) | Objection withdrawn |

| | | | |
|---|---|---|---|
| MCG 51 | SEC Regulation 15a-6 | The text of statutes and regulations are not evidentiary material | Not technically admissible as evidence |
| MCG 53 | Debtor's Motion for an Order Authorizing AP Services as Crisis Managers | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 54 | Refco Inc. et al. Aggregate Market Value of RCM Assets as of 11/18/05 | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 58 | RCM Intercompany Account Balances as of 9/30/05 | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 97 | Email from S. Gutierrez to J. Cortez re: (No Suggestions) - Instructions of Transfer | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 100 | Email from S. Gutierrez to J. Moreno re: Azteca holdings | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |

| | | |
|---|---|---|
| MCG 101 | Email from S. Gutierrez to J. Moreno re: Brazil - Exchange Offer | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 102 | Email from S. Gutierrez to A. Larrondo re: InterFinancial | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 117 | Refco LLC Monthly Statement of Account for Capital Management | FRE 901(a); FRE 402; FRE 1002 | FRE 402: irrelevant because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable.<br><br>FRE 901(a): document was not authenticated as a business record by V. Rasutis, because he did not testify whether it is a document maintained in the ordinary course of business or whether the document is an accurate duplicate.<br><br>FRE 1002: the exhibit is nearly illegible, does not appear to be an output readable by sight, and contrary to the Moving Customer Group and VR Entities' assertions does not appear to have been delivered by e-mail, as it lacks all the characteristics of an email and, therefore, raises questions as to authenticity. |

| | | |
|---|---|---|
| MCG 123 | Vera Kraker business card | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 126 | Hencorp Website | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable.

FRE 901(a): document has not been properly authenticated as the fact that it was printed from a website, much less http://web.archive.org, a site unrelated to Refco, does not show that the document is what it purports to be. |
| MCG 146 | Refco Securities Inc. Form of Request | FRE 901(a); FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 147 | Opening of an additional Euroclear account | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |

| | | | |
|---|---|---|---|
| MCG 148 | Email from C. Schaef to P. McCarthy re: as discussed | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 149 | Euroclear Statement | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 150 | HSBC Letter to L. Vantomme | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 151 | "Guaranty in Connection with Extensions of Credit of Participants in the Euroclear System" Letters and Packet | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 152 | Fortis Bank Issue of Documentary Credit | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |

| | | | |
|---|---|---|---|
| MCG 153 | Refco Securities Inc. Filing Acknowledgment and related documents | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 154 | Euroclear Guaranty in Connection with Extensions of Credit to Participants in the Euroclear System 2001 Edition | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 155 | Email from P. McCarthy to C. Schaef | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 157 | Euroclear fax to Refco Securities LLC re: Euroclear-related credit facility | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 159 | Email from C. Schaef to D. Mudie re: confirmation of realignments | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |

| | | |
|---|---|---|
| MCG 161 | Email from P. McCarthy to C. Schaef re: Refco Securities Euroclear Account 99099 | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 162 | Email from B. Gardedieu to C. Valdes re: Additional account 11982 | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 164 | Form of Agreement (Euroclear) | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 165 | Morgan Guaranty Trust letter to Refco Securities re: "General Conditions Governing Extensions of Credit to Participate in the Euroclear System" | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 166 | Letter from C. Schaef re: debits and assets in Euroclear accounts | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |

| | | | |
|---|---|---|---|
| MCG 167 | Subpoena for Testimony - Vera Kraker | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 168 | Declaration of Vera Kraker (SphinX) | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 170 | N.Y. U.C.C. section 8-503 | The text of statutes and regulations are not evidentiary material | Not technically admissible as evidence |
| MCG 188 | Email from C. Schaef to P. McCarthy re: as discussed | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 189 | Euroclear emails re: opening of 11982 account | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 190 | Email from C. Valdes to D. Bateman re: splitting credit line | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |

| | | |
|---|---|---|
| MCG 191 | Emails from M. Ruggiero re: Wash $$ | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 192 | Emails re: RSL account (Sberbank) | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 193 | Request for additional Euroclear account | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 311 | Refco Capital Markets, Ltd. Intercompany Account Balances as of 9/30/05 | FRE 402 | FRE 402: irrelevant, because document does not tend to make any fact that is of consequence to whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction, more or less probable. |
| MCG 314 | Repealed Section 60(e) | The text of statutes and regulations is not evidentiary material. | Not technically admissible as evidence |
| MCG 336 | Letter from G. Acosta to E. Sinibaldi | FRE 901(a) | Objection withdrawn |
| MCG 338 | Composite Exhibit | FRE 901(a) | FRE 901(a): document has not been properly authenticated by any person as a record maintained in the regular course. |

| | | | |
|---|---|---|---|
| MCG 350 | Adler Coleman customer margin agreement and confirmation used by Hanover | FRCP 37(c)(1); FRE 802; FRE 901(a); FRE 402 | FRE 402: irrelevant, because language used by other entities in account documents has no bearing on whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction.<br><br>FRE 802: hearsay because it is being offered to show the language used by Adler, Coleman in its customer agreements is true and similar to that used by RCM and that, therefore, RCM is a stockbroker.<br><br>FRE 901(a): objection withdrawn<br><br>FRCP 37(c)(1): objection withdrawn |
| MCG 351 | Trustee's Twenty-Second Interim Report (In re: Adler, Coleman Clearing Corp.), Case no. 95-08203 (REG)) | FRCP 37(c)(1); FRE 802; FRE 901(a); FRE 402 | FRE 402: irrelevant, because language used by other entities in account documents has no bearing on whether RCM "engaged in the business of effecting transactions in securities" either (i) "for the account of others" (i.e., as agent) or (ii) "from or for [its] own account" (i.e., as principal), but not with "members of the general public" or whether a client "entrusted" property with the debtor in connection with a securities transaction.<br><br>FRE 802: hearsay because it is being offered to show that language used by Adler, Coleman in its account opening documents is true and similar to that used by RCM and that, therefore, RCM is a stockbroker.<br><br>FRE 901(a): objection withdrawn<br><br>FRCP 37(c)(1): objection withdrawn |
| MCG 353 | SEC Guide to Broker-Dealer Registration | Regulatory agency publications are not evidentiary material | Not technically admissible as evidence |
| MCG 354 | SEC Release | Regulatory agency publications are not evidentiary material | Not technically admissible as evidence |

| | | | |
|---|---|---|---|
| | | | FRE 403: although document may be relevant, the document's probative value is substantially outweighed by the danger of confusion of the issues or by considerations of undue delay, waste of time as Mr. Litt's personal brokerage documents with a registered U.S. broker dealer arguably have no bearing on whether RCM is a "stockbroker" or has a "customer" under the Bankruptcy Code.

FRE 802: hearsay, because it is being offered to show that language used by other entities in account documents is true and similar to that used by RCM and that, therefore, RCM is a stockbroker.

FRE 901(a): objection withdrawn |
| MCG 359 | Litt Declaration and brokerage documents | FRCP 37(c)(1); FRE 901(a); FRE 403; FRE 802 | FRCP 37(c)(1): objection withdrawn |
| RBS 9 | | FRCP 37(c)(1); FRE 901(a) | FRE 901(a): not properly authenticated, because contrary to the Moving Customer Group's assertion that this document is the same document produced as RBS 2556 through 2569 and "[w]e checked it line by line, column by column, row by row and it is exactly the same document," February 15, 2005 Hearing Transcript at 72:3-5, the document is not the same. First, the document is 28 pages long, not 14 as the Bates range indicated. Moreover, the document shows a "LOC MKT PRC" of "2.360000" for TELSTRA CORP LT 2, not "2.370000" as RBS 2556 does. Lastly, the portion of the Hearing Transcript cited by the Moving Customer Group is unrelated to the authentication of this document.

FRCP 37(c)(1): objection withdrawn |
| VR 9 | | FRE 1006; FRE 901(a) | FRE 1006: The VR Entities have not provided all underlying data to this summary as the Trade Summary and data provided are inconsistent with VR Trial Ex. 9.

FRE 901(a): this document has not been properly authenticated, because Mr. Deitz did not testify whether he was involved in its creation or whether it is an accurate representation of the underlying data. |
| VR 10 | | FRE 1006; FRE 901(a) | FRE 1006: The VR Entities have not provided all underlying data to this summary, particularly with respect to the VR Funds' NAV. |