**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re:                                            :       Chapter 11
                                                  :
    REFCO Inc., et al.,                          :       Case No.: 05-60006(RDD)
                                                  :
    Debtors.                                      :       (Jointly Administered)
----------------------------------------------------------------x

## ORDER, UNDER 11 U.S.C. § 1103(C) AND BANKRUPTCY RULE 2004, DIRECTING PRODUCTION OF DOCUMENTS

Upon the motion (the "Motion") of the Official Committee of Unsecured Creditors of Refco Inc., et al. (the "Committee") for entry of an order pursuant to section 1103(c) of Title 11, United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing the production of documents by J.P. Morgan Securities Inc., Credit Suisse, f/k/a Credit Suisse First Boston, Deutsche Bank Securities Inc., Banc of America Securities LLC, Goldman Sachs & Co., Sandler O'Neill & Partners, L.P., Merrill Lynch, Pierce, Fenner & Smith Inc., and HSBC Securities (USA) Inc. (collectively, the "Respondents"); and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2); and upon consideration of the Motion and the Respondents' and United States Trustee's objections to the Motion; and due and proper notice of the Motion having been given; and for cause shown, including the reasons set forth by the Court on the record of the March 23, 2006 hearing on the Motion, it is hereby ORDERED that:

    1.  The Motion is granted as provided herein.

    2.  The Respondents' request for a stay is denied.

    3.  The United States Trustee's request for a continuance is denied.

4. The Respondents shall produce documents responsive to the requests served and to be served by the Committee substantially in the form of the document requests annexed hereto as Exhibit A.

5. The Respondents' potential objections to the document requests, including, without limitation, objections under Bankruptcy Rule 9016, other applicable Bankruptcy Rules, the Local Bankruptcy Rules, applicable bankruptcy and non-bankruptcy law, and objections based upon privilege, the need for a confidentiality order, undue burden, and irrelevance, are preserved.

6. Each Respondent shall provide its objections to the document production requests in writing within 20-days of service of the document request or *subpoena duces tecum* on such Respondent.  During such 20-day period, the Committee and such Respondent, through their respective counsel, shall meet and confer with regard to (i) a schedule for the production of responsive documents (not otherwise the subject of an outstanding objection), and (ii) the terms of a confidentiality order that, among other things, assures that any documents be used solely by the Committee for the purposes described in the Motion and not be accessible by parties or counsel in other litigation, including the pending consolidated securities litigation against the Respondents.  In the event that the Committee and such Respondent cannot agree on such a schedule or the terms of a confidentiality order, either may seek relief from this Court on notice.

7. The Court retains exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the matters addressed by this Order.

Dated:  March 27, 2006
       New York, New York

                                                     /s/ Robert D. Drain
                                     UNITED STATES BANKRUPTCY JUDGE