Luc A. Despins (LD 5141)
Dennis C. O'Donnell (DO 3648)
**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**
1 Chase Manhattan Plaza
New York, NY 10005--1413
(212) 530-5000

Counsel for Official Committee
of Unsecured Creditors of
Refco Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------x
In re:                              :    Chapter 11
                                    :
REFCO INC., et al.,                 :    Case No. 05-60006 (RDD)
                                    :
                         Debtors.   :    (Jointly Administered)
-----------------------------------x

**STIPULATION AND CONSENT ORDER BETWEEN OFFICIAL
COMMITTEE OF UNSECURED CREDITORS AND AP SERVICES,
LLC AMENDING FINAL ORDER UNDER 11 U.S.C. §§
105 AND 363 AUTHORIZING THE EMPLOYMENT OF AP
SERVICES, LLC AS CRISIS MANAGERS FOR THE DEBTORS
_NUNC PRO TUNC_ TO OCTOBER 18, 2005**

This stipulation and consent order (the "Stipulation") is entered into by and between (i) the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases of Refco Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") and (ii) AP Services, LLC ("Alix," and, together with the Committee, the "Parties").

**WHEREAS**, on October 17, 2005, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of

the United States Code (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS**, on October 28, 2005, the United States Trustee for Region 2, which region includes the Southern District of New York, appointed the Committee; and

**WHEREAS**, on December 12, 2005, the Court entered the Final Order Under 11 U.S.C. §§ 105 And 363 Authorizing The Employment Of AP Services, LLC As Crisis Managers For The Debtors *Nunc Pro Tunc* To October 18, 2005 (Docket No. 779, the "Alix Retention Order"); and

**WHEREAS**, paragraph 8 of the Alix Retention Order provides that the compensation and expenses sought "shall be subject to Court review only in the event that an objection to the notice is filed within twenty (20) days of service of such notice"; and

**WHEREAS,** the Committee is of the view, based upon the treatment of the fees and expenses of other professionals in these cases, that Alix's fees and expenses should be subject to the objection of the Notice Parties (defined below), and review by the Court, at the time all professionals file final fee applications;

**NOW, THEREFORE,** it is stipulated and agreed:

2

Paragraph 8 of the Alix Retention Order shall be stricken and replaced in its entirety as follows:

> Notwithstanding any other order, including those concerning the procedures for the payment of professionals, on a quarterly basis, APS shall file a notice (a "Quarterly Notice") of compensation earned and expenses incurred in these cases for the previous quarter with the Court, and serve such notice on (i) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Diana G. Adams, Esq. and Andrew D. Velez-Rivera, Esq.); (ii)  Marc S. Kirschner, Esq., chapter 11 trustee for Refco Capital Markets, Ltd., c/o Bingham McCutchen LLP, 399 Park Ave, New York, New York  10022 (Attn:  Timothy B. DeSieno); (iii) Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036-6522 (Attn: J. Gregory Milmoe, Esq.); and (iv) Milbank, Tweed, Hadley & McCloy LLP, One Chase Manhattan Plaza, New York, New York 10005 (Attn: Luc A. Despins, Esq.) (collectively, the "Notice Parties").  If no objections to the Quarterly Notice are filed within twenty (20) days of service of such notice, the fees and expenses requested in the Quarterly Notice shall be approved on an interim basis; if objections are filed, and not consensually resolved within ten (10) days, the Court shall address such objections at the next available omnibus hearing. On or before the earlier of the date that is 120 days after termination of its employment by the Debtors or the date specified in any confirmation order for the filing of final fee applications, APS shall file a final notice (the "Final Notice") of compensation earned and expenses incurred on and after October 18, 2005, in these cases and shall serve such notice on the Notice Parties.  If no objections to the Final Notice are filed by the Notice Parties within twenty (20) days of service of such notice, the fees and expenses requested in the Final Notice shall be approved on a final basis; if objections are filed, and not consensually resolved, the Court shall address such objections at the hearing on approval of final fee applications for the Debtors' and Committee's professionals.

3

**IN WITNESS WHEREOF,** each of the Parties below has caused a counterpart of this Stipulation to be executed and delivered by its/their duly authorized signatory as of the date written below.

Dated:   New York, New York
         June 9, 2006

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By:_____
Luc A. Despins (LD 5141)
Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005-1413
(212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Refco Inc., et al.

**SHELDON S. TOLL PLLC**

By:/s/  *Sheldon S. Toll*
Sheldon S. Toll (P-21490)
2000 Town Center Suite 2550
Southfield, Michigan 48075
(248) 358-2460

Counsel for AP Services, LLC


SO ORDERED THIS 9th DAY OF JUNE 2006


/s/Robert D. Drain
HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE