**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>REFCO INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 05-60006 (RDD)<br>(Jointly Administered) |

**ORDER, UNDER 11 U.S.C. § 1103(C)**
**AND BANKRUPTCY RULE 2004, DIRECTING**
**PRODUCTION OF DOCUMENTS BY CERTAIN PERSONS**

Upon the motion, dated May 23, 2006 (the "Supplemental Motion"), of the Official Committee of Unsecured Creditors of Refco Inc., et al. (the "Committee") for entry of an order pursuant to section 1103(c) of title 11, United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the production of documents by (i) Arthur Anderson, LLP ("AA"), (ii) Delta Flyer Fund, LLC ("Delta")/Eric M. Flanagan, (iii) Micky Dhillon and the Jasdeep Dhillon Trustee MSD Family Trust, (iv) Thomas Dittmer, (v) Ernst & Young LLP, (vi) Stephen Grady, (vii) Thomas Hackl, (viii) Mark Kavanagh, (ix) Dennis Klejna, (x) Levine Jacobs and Co. LLC, (xi) Eric Lipoff, (xii) McDermott Will & Emery, (xiii) Joseph Murphy, (xiv) Frank Mutterer, (xv) Sean O'Shea and Edward McElwreath, (xvi) PricewaterhouseCoopers, LLP ("PwC"), (xvii) William M. Sexton, (xviii) Philip Silverman, (xix) Chris Sugrue, and (xx) David Weaver, ((i)-(xx) collectively, the "Respondents"); and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B); and upon consideration of the Motion and the objections thereto, which were resolved on the record of the hearing on the Motion or through a separate stipulation filed with the Court; and due and proper notice of the Motion having been given, it is hereby ORDERED that:

1. The Motion is granted, and all objections to the Motion, except as addressed herein or in separate stipulations and orders, are overruled.

2. Respondents shall produce documents responsive to schedules annexed to subpoenas to be served by the Committee substantially in the form of the schedule annexed hereto as Exhibit "A" for Thomas Dittmer, Thomas Hackl, Mark Kavanagh, Dennis Klejna, Josephy Murphy, William Sexton, Chris Sugrue, Phillip Silverman and David Weaver; as Exhibit "B" for Stephen Grady, Frank Mutterer, Eric Lipoff, Micky Dhillon, the Jasdeep Dhillon Trustee MSD Family Trust, Sean O'Shea, and Edward McElwreath; as Exhibit "C" for Delta/ Eric Flanagan; as Exhibit "D" for Arthur Anderson, Ernst & Young, Levine Jacobs and Co. and PricewaterhouseCoopers; and as Exhibit "E" for as and for McDermott Will & Emery, as on or before the date that is twenty (20) days after service by the Committee of the corresponding subpoena.

3. Objections available to Respondents following issuance of the subpoenas, including, without limitation objections under Bankruptcy Rule 9016, other applicable Bankruptcy Rules, the Local Bankruptcy Rules, applicable non-bankruptcy law, and objections based upon privilege and the need for a confidentiality order, are expressly preserved.

4. The documents produced in response to the subpoenas authorized by Paragraph 2 of the this Order:

(i) shall be made available to and may be reviewed by attorneys employed by Milbank, Tweed, Hadley & McCloy, LLP ("Milbank"), counsel to the Committee, and Milbank may utilize its internal administrative staff to assist with duplicating, organization and technical tasks;

2

(ii) may be made available to and may be reviewed by consultants retained by the Committee, including Houlihan Lokey Howard and Zukin and by FTI Consulting Inc.;

(iii) may be made available to and may be reviewed by attorneys employed by Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz"), conflicts counsel to the Committee, and Kasowitz may utilize its internal administrative staff to assist with duplicating, organization and technical tasks; and

(iv) may be made available to and may be reviewed by the USAO;

(v) may be made available to and may be reviewed by Examiner Joshua R. Hochberg ("the Examiner") and attorneys from the law firm of McKenna Long & Aldridge LLP ("McKenna"), which has been retained by the Examiner to aid in the discharge of the Examiner's duties, except that McKenna may utilize its internal administrative staff to assist with duplicating, organization and technical tasks; and

(vi) may be made available to and may be reviewed by consultants retained by the Examiner;

provided, however, that Milbank attorneys and Milbank administrative staff, Kasowitz attorneys and Kasowitz administrative staff, any consultants retained by the Committee, the Examiner, McKenna attorneys and McKenna administrative staff, and any consultants retained by the Examiner, shall not disclose or otherwise make available, such documents, or any information contained in such documents to the extent not otherwise available to the Committee or the Examiner, to any other person or entity, including the members of the Committee, without either consent of the USAO or leave of the Court.

5. The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated: June 15, 2006

/s/Robert D. Drain
Honorable Robert D. Drain
United States Bankruptcy Judge