UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                  :   Chapter 11
                                        :
    Refco Inc., et al.,                 :   Case No.: 05-60006 (RDD)
                                        :
                    Debtors.            :   (Jointly Administered)
                                        :
------------------------------------------------------------ x

**FINAL ORDER AUTHORIZING
THE RETENTION AND APPOINTMENT *NUNC PRO TUNC* OF
CAPSTONE ADVISORY GROUP, LLC AS SPECIAL FINANCIAL ADVISOR TO THE
TRUSTEE OF REFCO CAPITAL MARKETS, LTD. WITH RESPECT TO
<u>INTERCOMPANY AND INTERCREDITOR INTERESTS</u>**

Upon the application, dated June 16, 2006 (the "Application") of Marc S. Kirschner, as Chapter 11 Trustee (the "RCM Trustee") of the estate of Refco Capital Markets, Ltd. for an order authorizing the retention of Capstone Advisory Group, LLC ("Capstone"), as special financial advisor to the Trustee with respect to intercompany and intercreditor interests pursuant to 11 U.S.C. § 327(e) and Rule 2014 of the Federal Rules of Bankruptcy Procedure; and the Court having considered the Application[1] and the Declaration of David Galfus, sworn to June 14, 2006 and the objections thereto; and the Court having held a hearing on June 27, 2006 on the Application and the objections thereto; and due and sufficient notice of the Application having been given; and the Court having determined that the legal and factual bases set forth in the Application establish cause for the approval of the relief granted herein; and upon all of the proceedings before this Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the Application is granted to the extent set forth herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meaning ascribed to them in the Application.

ORDERED, that Capstone is authorized to serve as financial advisor to the Trustee pursuant to 11 U.S.C. § 327(e) for the purposes of providing the Services in accordance with the Application with respect to intercreditor and inter-Debtor issues, including Intercompany Claims (as defined below), where the RCM Trustee determines that the interests of RCM may conflict with those of the Other Chapter 11 Debtors; provided, however, that the scope of the Services contemplated by the Application shall be modified by this Order such that Capstone's retention shall be limited to performing confirmatory due diligence and analysis with respect to any analysis undertaken or reports or compilations of information produced by Goldin Associates LLC ("Goldin") and/or APS Service LLC ("APS"), or any completed portion thereof, with respect to claims arising out of transactions between (i) RCM and one or more of the Other Chapter 11 Debtors and non-debtor affiliates or subsidiaries of Refco, Inc. or (ii) two or more of the Other Chapter 11 Debtors and non-debtor affiliates or subsidiaries of Refco, Inc. (the "Intercompany Claims"); provided, further, that Capstone shall not provide any such Services to the Trustee unless and until the analysis of the Intercompany Claims has progressed to the point where it can be furnished to Capstone by Goldin or APS on the RCM Trustee's instruction for the limited purpose provided in this Order. At that time, however, Capstone shall be permitted to perform its confirmatory due diligence and advise the Trustee with respect to the same, including reviewing, analyzing, and inquiring of Goldin or APS about such Goldin or APS work product and back up materials and processes; and it is further

ORDERED, that Capstone may be compensated in accordance with the Engagement Letter, subject to applicable requirements for payment of fees and disbursements under the Bankruptcy Code, the Bankruptcy Rules, guidelines promulgated by the Office of the United States Trustee for the Southern District of New York, the rules and other orders of this Court,

ORDERED, that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and it is further

ORDERED, that the requirements pursuant to Rule 9013-1(b) of the Local Rules that the Trustee file a memorandum of law in support of the Application is hereby waived.

Dated: July 17, 2006
      New York, New York

                                       /s/ Robert D. Drain
                              UNITED STATES BANKRUPTCY JUDGE