Luc A. Despins (LD 5141)
Andrew M. Leblanc (AL 8395)
Jessica L. Fink (JF 6399)
**MILBANK, TWEED, HADLEY & M<sup>C</sup>CLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Counsel for Marc S. Kirschner,
as plan administrator for Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------x
In re:                             : Chapter 11
                                   :
REFCO INC., et al.,                : Case No. 05-60006 (RDD)
                                   :
                Debtors.           : (Jointly Administered)
-----------------------------------x
```

### NOTICE OF HEARING ON MOTION UNDER 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019(a) FOR APPROVAL OF SETTLEMENT AND COMPROMISE

PLEASE TAKE NOTICE THAT on November 2, 2007, Marc S. Kirschner, as the plan administrator (the "RCM Administrator") for Refco Capital Markets, Ltd. filed the motion of the RCM Administrator for an order pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 9019(a) of the Federal Rules of Bankruptcy Procedure, for approval of a settlement and compromise (the "Motion").

PLEASE TAKE FURTHER NOTICE THAT a hearing (the "Hearing") on the Motion will be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, on November 14,

2007 at 10:00 a.m. (New York time) at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004-1408.

PLEASE TAKE FURTHER NOTICE THAT interested parties may object to the Motion, by filing an objection with the Bankruptcy Court, with a courtesy copy to Chambers, Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004, on or before November 12, 2007 at 4:00 p.m. (New York time) and serving such objection on: (i) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attention: Luc. A. Despins and Andrew M. Leblanc; (ii) Munger Tolles & Olson LLLP, 355 South Grand Avenue, 35th Floor, Los Angeles, California 90071, Attention: Marc T.G. Dworsky; (iii) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attention: Gary S. Lee and Karen Ostad; (iv) Paul, Weiss, Rifkind, Wharton, & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attention: Stephen J. Shimshak and Christopher A. Jarvinen; (v) Bond Schoeneck & King, PLLC, One Lincoln Center Syracuse, New York, Attention: Joseph Zagraniczy and Stephen A. Donato; (vi) Kirkland & Ellis LLP, 153 East 53rd Street, New York, New York 10022, Attention: Joseph Serino Jr. and Matthew Solum; (vii) Beus Gilbert PLLC, 4800 North Scottsdale Road, Suite 6000, Scottsdale, Arizona 85251,

Attention: Leo R. Beus and Adam C. Anderson; and (viii) the Office of the United States Trustee, 33 Whitehall Street, Suite 2100, New York, New York 10004, Attention: Andrew Velez-Rivera; so as to be actually received by such filing deadline.

PLEASE TAKE FURTHER NOTICE THAT any party filing an objection shall be required to appear at the Hearing; failure to appear at the Hearing may result in such objection being denied.

Dated:    New York, New York
        November 2, 2007

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP

By:   /s/ Jessica L. Fink
Luc A. Despins (LD 5141)
Andrew M. Leblanc (AL 8395)
Jessica L. Fink (JF 6399)
**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Counsel for Marc S. Kirschner,
as plan administrator for Refco Capital
Markets, Ltd.

Luc A. Despins (LD 5141)
Andrew M. Leblanc (AL 8395)
Jessica L. Fink (JF 6399)
**MILBANK, TWEED, HADLEY & McCLOY LLP**
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

Counsel for Marc S. Kirschner,
as plan administrator for Refco Capital Markets, Ltd.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------x
In re:                             : Chapter 11
                                   :
REFCO INC., et al.,                : Case No. 05-60006 (RDD)
                                   :
                 Debtors.          : (Jointly Administered)
-----------------------------------x
```

**MOTION UNDER 11 U.S.C. § 105 AND FED. R.**
**BANKR. P. 9019(a) FOR APPROVAL OF SETTLEMENT AND COMPROMISE**

Marc S. Kirschner, as the plan administrator (the "RCM
Administrator") for Refco Capital Markets, Ltd. ("RCM"), hereby
files this motion (the "Motion") pursuant to section 105(a) of
title 11 of the United States Code, 11 U.S.C §§ 101-1532 (as
amended, the "Bankruptcy Code") and rule 9019(a) of the Federal
Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for
approval of a settlement and compromise among the RCM
Administrator, SPhinX Managed Futures Fund SPC and its
affiliated segregated portfolios (collectively, "SMFF"), various
entities affiliated with SMFF (together with SMFF, "SPhinX"),
Kenneth M. Krys and Christopher Stride, in their capacity as the

Joint Official Liquidators of SPhinX (the "JOLs"), certain investors in SPhinX (the "Investors"),[1] the SPhinX Trustee (as defined below), and Refco Inc. and its affiliates that were debtors and debtors in possession in the above-captioned cases (the "Reorganized Debtors") and certain of Refco Inc.'s non-debtor affiliates (collectively with the Reorganized Debtors, "Refco"), and RJM, LLC, as plan administrator for the Reorganized Debtors except RCM (the "Refco Plan Administrator" and together with Refco, the JOLs, SPhinX, the SPhinX Trustee, the Investors, the RCM Administrator and the Refco Plan Administrator, the "Parties"), as set forth in the Settlement and Release Agreement, dated October 31, 2007, attached hereto as Exhibit "A" (the "Settlement and Release"), pursuant to which the Parties have agreed to settle and compromise certain claims and issues among them. In support of the Motion, the RCM Administrator respectfully represents as follows:

## Jurisdiction And Venue

1.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. 1334. This is a core proceeding pursuant

---

[1]    The Investors are Masonic Hall & Asylum Fund, Masonic Medical Research Laboratory, SPhinX Managed Futures Index Fund, L.P., Merrill Lynch International, SPhinX Access Ltd., Raymond James & Associates, Raymond James Financial Services, Cuisse de Depot et Placement Du Quebec, OFI Palmers, Friedberg Global Macro Hedge Fund Ltd., Friedberg Global Macro Hedge Fund, and Rowel Investments, Ltd.

to 28 U.S.C. § 157.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Preliminary Statement

2.    In excess of $263 million has been held by the RCM Administrator for over 18 months pending resolution of the appeals that are being settled by the Settlement and Release. Upon approval of the Settlement and Release, these funds (which now exceed $281 million with interest) will be distributed to RCM securities customers pursuant to the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries (the "Plan") to RCM securities customers.  The Settlement and Release has been discussed with and approved by customers holding approximately 50% of the allowed RCM securities customer claims.  Moreover, the $2.5 million that is being paid to SPhinX as a settlement payment pursuant to the Settlement and Release will be deducted solely from the funds being held for RCM securities customers and will not impact recoveries to non-securities customers.  Accordingly, the settlement embodied in the Settlement and Release represents a more than reasonable settlement of the issues (described below) between the Parties, and should be approved.

## Background

3.    On October 17, 2005 and June 5, 2006 (the "Petition Date"), the above-captioned debtors (the "Debtors")

filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

4.    On December 15, 2006, this Court entered an order confirming the Plan.  The Plan became effective on December 26, 2006.  Pursuant to the Plan and related agreements, RJM, LLC has been appointed as Refco Plan Administrator and Marc S. Kirschner has been appointed as RCM Administrator.

**The Avoidance Action**

5.    On December 16, 2005, the Official Committee of Unsecured Creditors (the "Committee") of the Debtors commenced an adversary proceeding (the "Adversary Proceeding") on behalf of RCM against SMFF seeking avoidance and recovery of a preferential transfer of $312,046,266.23 in cash (the "Transfer") made five days prior to the Petition Date, on October 12, 2005, from RCM to SPhinX.

6.    In order to prevent the dissipation of SMFF's assets during the pendency of the Adversary Proceeding, on December 16, 2005, the Court granted the Committee's request for an order of attachment and temporary restraining order freezing assets of SMFF pending resolution of the Adversary Proceeding. The temporary restraining order was subsequently modified by agreement of the parties (as modified, the "Restraining Order"). The Restraining Order remains in effect.

7.    On April 21, 2006, after arms' length, good faith negotiations, the Committee and SMFF agreed to settle the Adversary Proceeding and enter into a settlement agreement (the "SPhinX Settlement"), pursuant to which SMFF agreed to return $263 million (the "Settlement Funds") to RCM's estate and to waive any claim against RCM related to the Transfer.

8.    The Investors objected to the SPhinX Settlement, contending that it was too favorable to Refco.  The Court overruled the Investors' objection, approved the SPhinX Settlement and entered an order with respect thereto (the "Settlement Approval Order").  The Court concluded that the SPhinX Settlement was in the best interests of RCM, its estate and its creditors and that the Investors lacked standing to object.

**Appointment of JOLs /**
**Appeals of Settlement Approval Order**

9.    On June 30, 2006, the directors of SPhinX resolved to place SPhinX into voluntary liquidation and appointed joint voluntary liquidators.  On July 4, 2004, SPhinX, with the exception of SMFF, filed voluntary winding up petitions in a second proceeding in the court of the Cayman Islands (the "Cayman Court").  On July 18, 2006, and on August 8, 2006 with respect to SMFF, Kenneth M. Krys and Christopher Stride were appointed as the JOLs.

10. The Investors appealed the SPhinX Approval Order to the District Court for the Southern District of New York (the "District Court") and the JOLs filed a brief in the appeal to the District Court whereby they alleged that they were undergoing investigation of the SPhinX Settlement and had not yet formulated a view with respect thereto. By decision and order dated November 16, 2006 (the "District Court Order"), the District Court affirmed the Settlement Approval Order and concluded that the Investors, as shareholders of SMFF, lacked standing to object in the Bankruptcy Court or to appeal the Settlement Approval Order.

11. Thereafter, the Investors further appealed the District Court Order to the United States Court of Appeals for the Second Circuit (the "Second Circuit"). The JOLs likewise sought to appeal the District Court Order or, in the alternative, to intervene in the Investors' appeal. The Second Circuit granted the JOLs intervenor-appellant status.

12. By a decision dated October 5, 2007, the Second Circuit affirmed the District Court Order holding, among other things, that the Investors lacked standing to appeal the Settlement Approval Order and the JOLs were precluded from appealing from the SPhinX Settlement because they stand in the shoes of SMFF and were thereby parties to the Sphinx Settlement.

13.  On October 19, 2007, the JOLs filed a motion for reconsideration with the Second Circuit.

14.  The Settlement Funds have been and are currently being held by the RCM Administrator in a segregated account at RCM pending resolution of the appeals and the Settlement Approval Order becoming final and not subject to review.

## Settlement and Release Agreement

15.  In order to end the appeals of the Settlement Approval Order and to allow the RCM Administrator to distribute the Settlement Funds to RCM's creditors pursuant to the Plan, the Parties agreed to settle the appeals and the other issues outstanding between them.  To that end, on or about October 31, 2007, the Parties signed the Settlement and Release, attached hereto as Exhibit A.  The principal terms of the proposed settlement are as follows:[2]

    (1)  <u>Settlement Final / Funds Release</u>  The RCM Administrator, Investors and the JOLs agree that, upon approval by this Court and the Cayman Court ("<u>Court Approval</u>"), the Settlement Approval Order is "final" as such term is used in the SPhinX Settlement, and accordingly, immediately upon Court Approval, the RCM Administrator is authorized to release and distribute the Settlement Funds.

    (2)  <u>Appeal Settlement Payment</u>:  Within three (3) business days of Court Approval, the RCM Administrator shall pay to the JOLs on behalf of SPhinX the amount of two million five hundred thousand dollars ($2,500,000) (the

---

[2]  This summary is qualified in its entirety by reference to the Settlement and Release.

"Appeal Settlement Payment"), which Appeal
Settlement Payment shall be made by wire
transfer to an account designated by the JOLs;
provided, however, that if the RCM
Administrator is unable to distribute the
Settlement Funds to the Refco creditors within
such 3 business day period, whether because of
any stay of the order approving the Settlement
and Release or otherwise, or if the Rehearing
Motion (defined below) is not withdrawn during
such period, the RCM Administrator shall pay
the Appeal Settlement Payment contemporaneous
with any distribution of the Settlement Funds
to creditors or, if later, within one (1)
business day of the withdrawal of the
Rehearing Motion.

(3) No Further Appeal. The JOLs, the Investors
and the SPhinX Trustee agree that they shall
not file any pleading or other document that
would indicate in any way that the Settlement
Approval Order is not final. Without limiting
the generality of the foregoing, the JOLs, the
Investors and the SPhinX Trustee agree that
they shall not file any further appeals of the
Settlement Approval Order, petition for
certiorari or file any motions for rehearing
or reconsideration of the Settlement Approval
Order.

(4) Rehearing Motion. Within three (3) business
days of Court Approval and as a condition to
receipt of the Appeal Settlement Payment, the
JOLs will notify the Second Circuit that they
withdraw their motion for rehearing currently
pending before the Second Circuit (the
"Rehearing Motion") if the Rehearing Motion is
still outstanding as of the time of Court
Approval. The JOLs agree further that,
pending Court Approval, they will take all
actions necessary to ensure that the RCM
Administrator shall not have to respond to the
Rehearing Motion, including adjourning any
hearing scheduled therein or any deadline for
a response thereto..

(5) Proofs of Claim. The Proofs of Claim numbered
11387 and 11378 filed by SMFF against RCM

shall be allowed as general unsecured claims in the amounts of $4,312,945.43 and $10,352,309.92, respectively, in RCM's chapter 11 case and shall receive prompt distribution of a percentage of the claimed amount equal to the percentage received as of such date by similarly classified and situated creditors in accordance with the terms of the Refco Plan but not later than the date of the distribution of the Settlement Funds by the RCM Administrator.  Any and all other proofs of claim filed by SPhinX, the JOLs or PlusFunds are hereby deemed disallowed and expunged.

(6)  <u>Cooperation</u>.  The RCM Administrator will cooperate with reasonable requests from the JOLs for information related to (i) redemptions of investments in SPhinX through Refco-related entities during 2005 and 2006 and (ii) the funds of SPhinx held at RCM, <u>provided that</u> such cooperation shall be subject to any applicable confidentiality restrictions imposed on Refco, and that Refco and the RCM Administrator shall not oppose any attempt by the JOLs to obtain relief from any confidentiality restrictions; and <u>provided further that</u> the JOLs shall reimburse the RCM Administrator and Refco for any and all reasonable costs of requested document production to SPhinX.

(7)  <u>Releases by JOLs and SPhinX Trustee</u>:  Except as provided in paragraph 6 of the Settlement And Release, the JOLs and the SPhinX Trustee,[3] on behalf of themselves, the estates of SPhinX and PlusFunds (to the extent of the PlusFunds claims held by the SPhinX Trust), agree to release, acquit, and forever discharge (i)

---

[3]     Pursuant to the confirmed Fifth Amended Plan of Liquidation of PlusFunds Group, Inc. under Chapter 11 of the United States Bankruptcy Code (the "<u>PlusFunds Plan</u>"), certain causes of action of PlusFunds Group, Inc. ("<u>PlusFunds</u>") against third parties were transferred to a liquidating trust (the "<u>SPhinX Trust</u>") to be liquidated for the benefit of the JOLs (in their capacity as JOLs for SPhinX).  James P. Sinclair was appointed as trustee (the "<u>SPhinX Trustee</u>") to administer the SPhinX Trust.

Refco (including, for the avoidance of doubt, the debtor and non-debtor affiliates listed on Schedule 1 to the Settlement and Release), and post- Petition Date officers, directors, employees and representatives (including retained professionals), but not any officers, directors, shareholders, employees or representatives who held such positions prior to the Petition Date, and (ii) the RCM Administrator and the Refco Plan Administrator, and each of their respective affiliates, subsidiaries, officers, directors, shareholders, employees and representatives (including their retained professionals), from any and all claims or actions which the JOLs or PlusFunds ever had or may have against them; provided that the JOLs may name Refco-related non-debtor affiliates in actions in order to pursue claims against third parties (each, a "Third-Party Action") and may seek discovery from Refco-related entities in pursuit of Third Party Actions; and provided further that the JOLs shall not seek any affirmative recovery in any Third-Party Action from any Refco entity and shall not enforce any judgment against any Refco entity. For the avoidance of doubt, it is the intent of the parties hereto that Refco shall not have to defend any action brought by the JOLs (whether in their own name or on behalf of SPhinX, Plus Funds or the Investors) and that no Refco entity, including but not limited to the debtor and non-debtor affiliates listed on Schedule 1 to the Settlement and Release, shall be liable to the JOLs to pay any judgment. For the avoidance of doubt, any and all causes of action against Refco conveyed to the SPhinX Trust pursuant to the PlusFunds Plan is released pursuant to this provision.

(8) Release by Refco, Refco Plan Administrator and RCM Administrator: The Refco Plan Administrator and RCM Administrator, on behalf of themselves and Refco agree to release, acquit, and forever discharge SPhinX, the JOLs and the SPhinx Trustee, and their respective officers, directors, shareholders, employees

and representatives (including their retained professionals) from any and all claims or actions which the releasing parties ever had or may have against such released parties, whether arising out of or in connection with the Adversary Proceeding and the appeal of the SPhinX Settlement.

### Relief Requested

16.   By this Motion, the RCM Administrator requests approval of the Settlement and Release pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a), including permission to distribute the Settlement Funds to RCM's creditors pursuant to the Plan and withdrawal of the Restraining Order.

### Basis For Relief

17.   Pursuant to the Plan, the RCM Administrator retains all the rights, powers and duties necessary to carry out his responsibilities under the Plan and related documents, including, without limitation, to (i) object to any claims filed against RCM; (ii) pursuant to Bankruptcy Rule 9019(b) and section 105(a) of the Bankruptcy Code, compromise and settle any such claims asserted against RCM; (iii) liquidate RCM's assets; (iv) calculate and pay all distributions to be made under the Plan, the related settlement agreement, and other orders of the Bankruptcy Court to holders of allowed claims against RCM; (v) exercise all powers and rights, and take all actions, contemplated by or provided for in the RCM Settlement Agreement or applicable law; and (vi) take any and all other actions

necessary or appropriate to implement or consummate the Plan and the related documents or to administer the RCM estate. Plan at § 5.6(a), (b).

18. Further, Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise and settlement." Bankruptcy Rule 9019(a) "empowers the Bankruptcy Court to approve compromises and settlements if they are in the best interests of the estate." Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.), 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991). Accordingly, the Court is authorized to approve the settlement, on the terms set forth in the Settlement and Release.

19. In determining whether to approve a proposed settlement pursuant to Bankruptcy Rule 9019(a), a court must find that the proposed settlement is fair and equitable, reasonable, and in the best interests of the debtor's estate. Protective Comm. for Independent Stockholders of TMT Trailer Ferry Inc. v. Anderson, 390 U.S. 414, 424 (1968); In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994). A decision to approve a particular compromise or settlement is within the sound discretion of the bankruptcy court. In re Drexel Burnham, 134 B.R. at 505. In exercising its discretion, the bankruptcy court

must make an independent determination that the settlement is fair and reasonable.  <u>Nellis v. Shugrue</u>, 165 115, 122 (S.D.N.Y. 1994) (a court may consider the opinions of the trustee or debtor in possession that a settlement is fair and reasonable). In addition, a bankruptcy court may exercise its discretion "in light of the general public policy favoring settlements."  <u>In re Hibbard Brown & Co.</u>, 217 B.R. 31 (Bankr. S.D.N.Y. 1998); <u>see also</u> <u>Shugrue</u>, 165 B.R. at 123 ("the general rule [is] that settlements are favored and, in fact, encouraged by the approval process outlined above").

20.  In order to be approved, a settlement must fall within the range of reasonableness.  In determining whether to approve a proposed settlement, a bankruptcy court need not decide the numerous issues of law and fact raised by the settlement, but rather, should "canvas the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'"  <u>Cosoff v. Rodman (In re W.T. Grant Co.)</u>, 699 F.2d 599, 608 (2d Cir. 1983); <u>Purofied Down Prods.</u>, 150 B.R. 519, 522 (S.D.N.Y. 1993) (in making the determination of reasonableness, the court need not conduct a "mini-trial" on the merits).  "All that [the proponent of the settlement] must do is establish [that] it is prudent to eliminate the risks of litigation to achieve specific certainty though admittedly [the settlement] might be considerably less (or more) than were the

case fought to the bitter end." <u>Florida Trailer & Equip. Co. v. Deal</u>, 284 F.2d 567, 573 (5th Cir. 1960) (citation omitted).

21.     The elements that a court should evaluate in considering the whether a proposed settlement falls within the "range of reasonableness" are well-settled: (a) the probability of success in the litigation, (b) the difficulty in collecting after obtaining a judgment in the litigation, (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it, (d) the interest of creditors and a proper deference to their reasonable views of the settlement, and (e) the extent to which the settlement is truly the product of 'arms-length' bargaining, and not of fraud or collusion. <u>See, e.g.</u>, <u>TMT Trailer Ferry</u>, 190 U.S. at 424; <u>In re W.T. Grant Co.</u>, 699 F.2d 599 (2d Cir. 1983); <u>Ionosphere Clubs</u>, 156 B.R. at 426-27.

22.     Thus, in essence, the standard under <u>TMT</u> and its progeny balances the probable success and potential costs of pursuing a claim or defense against the benefits and costs of the proposed settlement.

**The Settlement Should Be Approved**

23.     In the instant case, all of the reasonableness factors weigh in favor of approval of the settlement incorporated into the Settlement and Release.

24.    The Settlement and Release will allow the Settlement Funds to be distributed immediately to RCM's creditors by providing that the JOLs and Investors agree that they will not appeal further from the Settlement Approval Order, will not seek motions for reconsideration or rehearing and not petition for *certiorari* to the Untied States Supreme Court. Absent such agreement, it is possible that the JOLs and the Investors could continue to deny finality to the Settlement Approval Order for months.  Although the RCM Administrator does not think that such appeals have any merit, while they are pending, the Settlement Funds -- now in excess of $281 million[4] -- would not be available for distribution to RCM's creditors. In addition, litigation of any appeals or motions for reconsideration, although not complex, would result in expense and further inconvenience.  The benefits derived from settling now -- avoidance of costs, immediate distribution, and avoidance of the inherent uncertainty attendant to litigation -- far outweigh the cost of the Appeal Settlement Payment.  The minimal amount of the Appeal Settlement Payment, less than 1% of the

---

[4]    Due to the accrual of interest, the total funds now being held by the RCM Administrator exceeds $281 million.  That amount, less the Appeal Settlement Payment, will be distributed to the RCM securities customers pursuant to the Plan.  The account in which the Settlement Funds are being held accrues interest at approximately 5% per annum.  The RCM securities customers believe that they will be financially advantaged to the extent they receive the funds as soon as possible so that they can earn their own individual rates of return.

Settlement Fund, reflects the view of the RCM Administrator as to the merit of such further appeals.

25.   In addition, as part of the Settlement, Refco, the RCM Administrator and the Refco Plan Administrator are receiving a release of all claims or actions which the JOLs, PlusFunds or SPhinX ever had or may have against them, which constitutes a benefit to Refco, the RCM Administrator and the Refco Plan Administrator.

26.   The RCM Administrator has also agreed to allow two proofs of claim filed by SMFF for foreign exchange funds held at RCM.   The RCM Administrator believes that these claims would likely have been allowed at least in part and by settling now, RCM avoids the costs of litigating over these claims.

27.   The Settlement and Release is the product of arm's length negotiations between the parties thereto, and represents the parties' good faith determination of the prospects of the Adversary Proceeding.

28.   Accordingly, the RCM Administrator, on behalf of itself and RCM creditors, submits that the settlement and compromise embodied in the Settlement and Release is appropriate in light of the relevant factors, is fair and equitable, falls well within the range of reasonableness, and represents a benefit to the Debtors' creditors and all parties in interest.

For these reasons, the Settlement and Release should be approved.

**Waiver of Stay**

29.    Pursuant to the Order of this Court, dated June 6, 2007, authorizing, among other things, the RCM Administrator to make distributions more frequently than quarterly without Court approval (the "Distribution Order"), simultaneously with the filing of this Motion, the RCM Administrator is filing and serving a notice of the proposed distribution of the Settlement Funds to RCM's creditors.

30.    Although pursuant to the Distribution Order no further order of this Court is necessary, out of an abundance of caution, the RCM Administrator also requests authority to distribute the Settlement Funds to RCM's creditors pursuant to the Plan and related agreements immediately upon approval of the Settlement and Release.  In that regard, the RCM Administrator requests that the 10-day stay provided in Bankruptcy Rule 6004(h), to the extent applicable, be waived so that the distribution may be made immediately.

**Withdrawal of Restraining Order**

31.    Upon approval of the Settlement and Release, and as required thereby, the RCM Administrator requests that the Restraining Order be withdrawn to allow SPhinX access to its assets that do not comprise the Settlement Funds, consistent

with the terms of the Stipulation and Order of Settlement, dated April 26, 2006, between the Committee, SPhinX, and Refco.

## Waiver of Memorandum of Law

32.   This Motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the RCM Administrator respectfully requests that the Court waive the requirement that the RCM Administrator file a memorandum of law in support of this Motion pursuant to rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

33.   Notice of this Motion has been given to the United States Trustee for the Southern District of New York, the Parties to the Settlement and Release, and all parties who have filed a notice of appearance in these cases.  The RCM Administrator submits that such notice is adequate and sufficient and that no other or further notice is required.

## No Prior Request

34.   No previous request for the relief sought herein has been made to this Court or any other court.

WHEREFORE, the RCM Administrator respectfully requests that the Court approve the Settlement and Release by entering an order substantially in the form attached as <u>Exhibit B</u> hereto and grant such additional and further relief as the Court deems just and appropriate.

Dated:    New York, New York
          November 2, 2007

        MILBANK, TWEED, HADLEY & M<u>c</u>CLOY LLP

        BY: __/s/ Jessica L. Fink_____
        Luc A. Despins (LD 5141)
        Andrew M. Leblanc (AL 8395)
        Jessica L. Fink (JF 6399)
        **MILBANK, TWEED, HADLEY & M<u>c</u>CLOY LLP**
        1 Chase Manhattan Plaza
        New York, New York 10005
        (212) 530-5000

        Counsel for Marc S. Kirschner,
        as plan administrator for Refco Capital
        Markets, Ltd.

EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Settlement and Release") is entered into on October 31, 2007, by and between Refco Inc. and certain of its affiliates that were debtors and debtors in possession (the "Reorganized Debtors" and together with the non-debtor affiliates listed on Schedule 1 hereto, "Refco"), RJM, LLC, as plan administrator (the "Refco Plan Administrator") for the Reorganized Debtors (except Refco Capital Markets, Ltd. ("RCM"), Marc S. Kirschner, as plan administrator for RCM (the "RCM Administrator"), Kenneth M. Krys and Christopher Stride, in their capacity as the Joint Official Liquidators (the "JOLs") of SPhinX (as defined below), SPhinX, certain investors in SPhinX (the "Investors"),[1] and the SPhinX Trustee (as defined below), in his capacity as the trustee of the SPhinx Trust (defined below),(the SPhinX Trustee together with Refco, the JOLs, SPhinX, the Refco Plan Administrator, the RCM Administrator, and the Investors, the "Parties").

## RECITALS

WHEREAS, on October 17, 2005 (the "Refco Petition Date"), Refco Inc. and certain of its affiliated entities (the "Debtors")[2] filed petitions for relief under title 11 of the United

---

[1] The Investors are Masonic Hall & Asylum Fund, Masonic Medical Research Laboratory, SPhinX Managed Futures Index Fund, L.P., Merrill Lynch International, SPhinX Access Ltd., Raymond James & Associates, Raymond James Financial Services, Cuisse de Depot et Placement Due Quebec, OFI Palmers, Friedberg Global Macro Hedge Fund Ltd., Friedberg Global Macro Hedge Fund, and Rowel Investments, Ltd.

[2] Debtors Lind-Waldock Securities LLC, Refco Managed Futures LLC and Westminster-Refco Management LLC filed chapter 11 petitions on June 5, 2006.

States Code (the "<u>Bankruptcy Code</u>") in the Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>");

WHEREAS, on December 16, 2005, the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the Debtors, on behalf of RCM, commenced an adversary proceeding (the "<u>Adversary Proceeding</u>") to recover certain transfers totaling $312,046,266.23 (collectively, the "<u>Transfer</u>") made by RCM to SPhinX Managed Futures Fund SPC and its affiliated Segregated Portfolios (collectively, "<u>SMFF</u>");

WHEREAS, at the time of the filing of the Adversary Proceeding, at the request of the Committee, the Court entered a temporary restraining order freezing SMFF's assets, which order was later modified by agreement of the parties and reflected in an agreed stipulation entered by the Bankruptcy Court (as amended from time to time, the "<u>Restraining Order</u>"), which Restraining Order is currently in effect;

WHEREAS, on April 20, 2006, the Committee and SMFF, on behalf of its affiliated Segregated Portfolios, agreed to settle the Adversary Proceeding and enter into a settlement agreement (the "<u>SPhinX Settlement</u>"), pursuant to which SMFF agreed to pay $263 million (the "<u>Settlement Funds</u>") to RCM's estate and to waive any claim against RCM related to the Transfer, including pursuant to 502(h) of the Bankruptcy Code;

WHEREAS, the Investors objected to approval of the

SPhinX Settlement;

WHEREAS, ruling from the bench at the conclusion of the June 8, 2006 hearing on approval of the SPhinX Settlement, the Bankruptcy Court approved the SPhinX Settlement and entered an order approving the SPhinX Settlement (the "Settlement Approval Order") over the objection of the Investors, concluding that the SPhinX Settlement was in the best interests of RCM, its estate and its creditors and that the Investors lacked standing to object to the SPhinX Settlement;

WHEREAS, on June 30, 2006, the directors of SMFF and various affiliated entities (collectively with SMFF, "SPhinX[3]") resolved to place SPhinX into voluntary liquidation and appointed joint voluntary liquidators. On July 4, 2004, SPhinX, with the exception of SMFF, filed voluntary winding up petitions in a second proceeding in the court of the Cayman Islands (the "Cayman Court"). On July 28, 2006, and on August 8, 2006 with respect to

---

[3] The JOLs were appointed for the following 22 SPhinX entities: Sphinx, Ltd., Sphinx Macro Fund SPC, Sphinx Macro Ltd., Sphinx Managed Futures Fund SPC, Sphinx Long/Short Equity Fund SPC, Sphinx Convertible Arbitrage Fund SPC, Sphinx Fixed Income Arbitrage Fund SPC, Sphinx Distressed Fund SPC, Sphinx Merger Arbitrage Fund SPC, Sphinx Special Situations Fund SPC, Sphinx Equity Market Neutral Fund SPC, Sphinx Strategy Fund Ltd., Sphinx Plus SPC, Ltd., Sphinx Managed Futures, Ltd., Sphinx Long/Short Equity Ltd., Sphinx Convertible Arbitrage Ltd., Sphinx Fixed Income Arbitrage Ltd., Sphinx Distressed Ltd., Sphinx Merger Arbitrage Ltd., Sphinx Special Situations Ltd., Sphinx Equity Market Neutral Ltd., and Plus Funds Manager Access Fund, SPC Ltd.

SMFF, Kenneth M. Krys and Christopher Stride were appointed as Joint Official Liquidators of SPhinX;

WHEREAS, the Investors appealed the SPhinX Approval Order to the District Court for the Southern District of New York (the "District Court") and the JOLs filed a brief in the appeal to the District Court;

WHEREAS, by decision and order dated November 16, 2006 (the "District Court Order"), the District Court affirmed the Settlement Approval Order and concluded that the Investors, as shareholders of SMFF, lacked standing to object in the Bankruptcy Court or to appeal the Settlement Approval Order;

WHEREAS, the Investors appealed the District Court Order to the United States Court of Appeals for the Second Circuit (the "Second Circuit");

WHEREAS, the JOLs appealed the District Court Order and, in the alternative, intervened in the Investors' appeal to the Second Circuit, and the JOLs were granted intervenor-appellant status by the Second Circuit;

WHEREAS, by a decision dated October 5, 2007, the Second Circuit affirmed the District Court Order holding, among other things, that the Investors lacked standing to appeal the Settlement Approval Order and the JOLs were precluded from appealing from the SPhinX Settlement because they stand in the shoes of SMFF and were deemed to be parties thereto;

WHEREAS, on December 15, 2006, the Bankruptcy Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries (the "Refco Plan"), and the Refco Plan has gone effective;

WHEREAS, pursuant to the Refco Plan, Marc S. Kirschner was appointed the RCM Administrator, successor to his role as chapter 11 trustee appointed in the RCM chapter 11 case, and is duly authorized to enter into this Settlement and Release on behalf of RCM;

WHEREAS, pursuant to the Refco Plan, the Refco Plan Administrator has been appointed as plan administrator for the Contributing Debtors (as defined in the Refco Plan);

WHEREAS, pursuant to the confirmed Fifth Amended Plan of Liquidation of PlusFunds Group, Inc. under Chapter 11 of the United States Bankruptcy Code (the "PlusFunds Plan"), certain causes of action of PlusFunds Group, Inc. ("PlusFunds") against third parties were transferred to a liquidating trust (the "SPhinX Trust") to be liquidated for the benefit of the JOLs (in their capacity as JOLs for SPhinX);

WHEREAS, pursuant to the PlusFunds Plan, James P. Sinclair was appointed as trustee (the "SPhinX Trustee") to administer the SPhinX Trust;

WHEREAS, the Settlement Funds are currently being held by the RCM Administrator in a segregated account at RCM pending

5

the Settlement Approval Order becoming final and not subject to review; and

WHEREAS, the Parties have agreed to settle this action on the terms set forth herein.

AGREEMENT

NOW, THEREFORE, IT IS STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THAT:

1.  Court Approval.  The JOLs agree to take any and all steps necessary to seek approval of the Settlement and Release by the Cayman Court as expeditiously as possible (the "Cayman Court Approval"), which approval shall be conditional until the Bankruptcy Court approval defined below.  At the same time, the RCM Administrator shall take any and all steps necessary to seek as expeditiously as possible Bankruptcy Court approval of the Settlement and Release, including payment of the Appeal Settlement Payment (defined below), distribution of the Settlement Funds and withdrawal of the Restraining Order (the "Bankruptcy Court Approval" and, together with the Cayman Court Approval, the "Court Approval"), which Bankruptcy Court approval, if granted before the Cayman Court Approval, shall be conditional until the Cayman Court Approval.

2.  Settlement Final / Funds Release.  The RCM Administrator, Investors and the JOLs agree that, upon Court Approval, the Settlement Approval Order is "final" as such term is

6

used in the SPhinX Settlement, and accordingly, immediately upon
Court Approval, the RCM Administrator is authorized to release and
distribute the Settlement Funds.

3.  <u>Appeal Settlement Payment</u>:  Within three (3)
business days of Court Approval, the RCM Administrator shall pay
to the JOLs on behalf of SPhinX the amount of two million five
hundred thousand dollars ($2,500,000) (the "<u>Appeal Settlement
Payment</u>"), which Appeal Settlement Payment shall be made by wire
transfer to an account designated by the JOLs; <u>provided</u>, <u>however</u>,
that if the RCM Administrator is unable to distribute the
Settlement Funds to the Refco creditors within such 3 business day
period, whether because of any stay of the order approving this
Settlement and Release or otherwise, or if the Rehearing Motion
(defined below) is not withdrawn during such period, the RCM
Administrator shall pay the Appeal Settlement Payment
contemporaneous with any distribution of the Settlement Funds to
creditors or, if later, within one (1) business day of the
withdrawal of the Rehearing Motion.

4.  <u>No Further Appeal</u>.  The JOLs, the Investors and the
SPhinX Trustee agree that they shall not file any pleading or
other document that would indicate in any way that the Settlement
Approval Order is not final.  Without limiting the generality of
the foregoing, the JOLs, the Investors and the SPhinX Trustee
agree that they shall not file any further appeals of the

7

Settlement Approval Order, petition for *certiorari* or file any
motions for rehearing or reconsideration of the Settlement
Approval Order.

5. <u>Rehearing Motion</u>. Within three (3) business days
of Court Approval and as a condition to receipt of the Appeal
Settlement Payment, the JOLs will notify the Second Circuit that
they withdraw their motion for rehearing currently pending before
the Second Circuit (the "<u>Rehearing Motion</u>") if the Rehearing
Motion is still outstanding as of the time of Court Approval. The
JOLs agree further that, pending Court Approval, they will take
all actions necessary to ensure that the RCM Administrator shall
not have to respond to the Rehearing Motion, including adjourning
any hearing scheduled therein or any deadline for a response
thereto.

6. <u>Proofs of Claim</u>. The Proofs of Claim numbered
11387 and 11378 filed by SMFF against RCM shall be allowed as
general unsecured claims in the amounts of $4,312,945.43 and
$10,352,309.92, respectively, in RCM's chapter 11 case and shall
receive prompt distribution of a percentage of the claimed amount
equal to the percentage received as of such date by similarly
classified and situated creditors in accordance with the terms of
the Refco Plan but not later than the date of the distribution of
the Settlement Funds by the RCM Administrator. Any and all other
proofs of claim filed by SPhinX, the JOLs or PlusFunds are hereby

deemed disallowed and expunged.

7. <u>Cooperation</u>. The RCM Administrator will cooperate with reasonable requests from the JOLs for information related to (i) redemptions of investments in SPhinX through Refco-related entities during 2005 and 2006 and (ii) the funds of SPhinx held at RCM, <u>provided that</u> such cooperation shall be subject to any applicable confidentiality restrictions imposed on Refco, and that Refco and the RCM Administrator shall not oppose any attempt by the JOLs to obtain relief from any confidentiality restrictions; and <u>provided</u> <u>further that</u> the JOLs shall reimburse the RCM Administrator and Refco for any and all reasonable costs of requested document production to SPhinX.

8. <u>Releases by JOLs and SPhinX Trustee</u>: Except as provided in paragraph 6 hereof, the JOLs and the SPhinX Trustee, on behalf of themselves, the estates of SPhinX and PlusFunds (to the extent of the PlusFunds claims held by the SPhinX Trust), hereby release, acquit, and forever discharge (i) Refco (including, for the avoidance of doubt, the Refco affiliates listed on Schedule 1 hereto), and post-Refco Petition Date officers, directors, employees and representatives (including retained professionals), <u>but not</u> any officers, directors, shareholders, employees or representatives who held such positions prior to the Refco Petition Date, and (ii) the RCM Administrator and the Refco Plan Administrator, and each of their respective

9

affiliates, subsidiaries, officers, directors, shareholders, employees and representatives (including their retained professionals), from any and all claims or actions which the JOLs, SPhinX or PlusFunds ever had or may have against them; provided that the JOLs may name Refco-related non-debtor affiliates in actions in order to pursue claims against third parties (each, a "Third-Party Action") and may seek discovery from Refco-related entities in pursuit of Third Party Actions; and provided further that the JOLs shall not seek any affirmative recovery in any Third-Party Action from any Refco entity and shall not enforce any judgment against any Refco entity. For the avoidance of doubt, it is the intent of the parties hereto that Refco shall not have to defend any action brought by the JOLs (whether in their own name or on behalf of SPhinX, PlusFunds or the Investors) and that no Refco entity, including but not limited to the debtor and non-debtor affiliates listed on Schedule 1 hereto, shall be liable to the JOLs to pay any judgment. For the avoidance of doubt, any and all causes of action against Refco conveyed to the SPhinX Trust pursuant to the PlusFunds Plan is released pursuant to this provision.

9. Release by Refco, Refco Plan Administrator and RCM Administrator: The Refco Plan Administrator and RCM Administrator, on behalf of themselves and Refco hereby release, acquit, and forever discharge SPhinX, the JOLs and the SPhinx

Trustee, and their respective officers, directors, shareholders, employees and representatives (including their retained professionals) from any and all claims or actions which the releasing parties ever had or may have against such released parties, whether arising out of or in connection with the Adversary Proceeding and the appeal of the SPhinX Settlement or otherwise.

10. <u>Reservation of Rights and No Third Party Beneficiaries</u>: This Settlement and Release shall in no way be deemed an admission of liability by any party and shall not be deemed a waiver of any rights or remedies against third parties, all of which rights are expressly reserved. If Court Approval is not obtained or if the distribution of the Settlement Fund (including the Appeal Settlement Payment) is not made, this Settlement and Release shall be null and void. Other than the Parties hereto, there are no intended third party beneficiaries to this Settlement and Release.

11. <u>Court Approval</u>: This Settlement and Release is subject to and contingent upon Court Approval, as specified herein.

12. <u>Governing Law</u>: This Settlement and Release shall be governed by and subject to and interpreted in accordance with the laws of the State of New York.

13. <u>Consent to Jurisdiction</u>: The parties irrevocably

11

consent (a) to the exclusive jurisdiction of the United States District Court for the Southern District of New York, the United States Bankruptcy Court for the Southern District of New York, or the State courts of New York sitting in New York City to resolve any dispute relating to the terms of this Agreement; (b) to the exercise of *in personam* jurisdiction by such courts over each of them, and (c) that any action to enforce a judgment may be instituted in any jurisdiction.

14. <u>Entire Agreement</u>:  This Settlement and Release shall constitute the entire agreement between the parties relating to the subject matter herein and supersedes any and all prior agreements, negotiations, representations and understandings, whether written or oral, between the parties and may not be released, supplemented or modified in any manner except by further written agreement signed by a duly authorized officer or representative of each of the parties; <u>provided</u>, <u>however</u>, that nothing in this Settlement and Release shall in any way alter or supersede the Stipulation and Order of Settlement, dated April 26, 2006, between the Committee, SPhinX, and Refco, and so ordered by the Bankruptcy Court.

15. <u>Authority</u>:  The parties hereto represent and warrant to each other that: (i) the signatories to this Settlement and Release are authorized to execute this Settlement and Release; (ii) each has full power and authority to enter into this

Settlement and Release; (iii) this Settlement and Release is duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms; and (iv) in the case of the JOLs and the Investors, the signatories hereto have authority to bind, and are hereby binding, all of the parties that appealed the approval of the SPhinX Settlement.

16. <u>Counterparts Acceptable:</u> This Settlement and Release may be executed in one or more counterparts and by facsimile, all of which shall be considered effective as an original signature.

Dated: October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP

BY: _____
   Luc A. Despins (LD 5141)
   Andrew M. Leblanc (AL 8395)
   Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S. Kirschner, as Plan Administrator for RCM*

*And*

*Counsel for RJM, LLC, as Plan Administrator for the Refco Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY: _____
   Marc T.G. Dworsky (MD 9256)
   Mark H. Epstein (ME 7334)
   Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch International, SPhinX Access LLC, SPhinX Access Ltd., Raymond James & Associates and Raymond James Financial Services*

MORRISON & FOERSTER LLP

BY: _____
   Gary S. Lee
   Karen Ostad
   David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys and Christopher Stride as Joint Official Liquidators of SPhinX Managed Futures Fund SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY: _____
   Joseph Zagraniczy (JZ 0768)
   Jonathan Fellows (JF 8629)
   Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall & Asylum Fund (a/k/a Masonic Hall & Home and The Masonic Care Community), Masonic Medical Research Laboratory and SPhinX Managed Futures Index Fund, L.P.*

14

16. <u>Counterparts Acceptable:</u> This Settlement and Release may be executed in one or more counterparts and by facsimile, all of which shall be considered effective as an original signature.

Dated: October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP

BY: _____
   Luc A. Despins (LD 5141)
   Andrew M. Leblanc (AL 8395)
   Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S. Kirschner, as Plan Administrator for RCM*

*And*

*Counsel for RJM, LLC, as Plan Administrator for the Refco Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY: _____
   Marc T.G. Dworsky (MD 9256)
   Mark H. Epstein (ME 7334)
   Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch International, SPhinX Access LLC, SPhinX Access Ltd., Raymond James & Associates and Raymond James Financial Services*

MORRISON & FOERSTER LLP

BY: _____
   Gary S. Lee
   Karen Ostad
   David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys and Christopher Stride as Joint Official Liquidators of SPhinX Managed Futures Fund SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY: _____
   Joseph Zagraniczy (JZ 0768)
   Jonathan Fellows (JF 8629)
   Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall & Asylum Fund (a/k/a Masonic Hall & Home and The Masonic Care Community), Masonic Medical Research Laboratory and SPhinX Managed Futures Index Fund, L.P.*

14

16. <u>Counterparts Acceptable:</u> This Settlement and Release may be executed in one or more counterparts and by facsimile, all of which shall be considered effective as an original signature.

Dated: October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP

BY: _____
   Luc A. Despins (LD 5141)
   Andrew M. Leblanc (AL 8395)
   Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S. Kirschner, as Plan Administrator for RCM*

*And*

*Counsel for RJM, LLC, as Plan Administrator for the Refco Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY: _____
   Marc T.G. Dworsky (MD 9256)
   Mark H. Epstein (ME 7334)
   Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch International, SPhinX Access LLC, SPhinX Access Ltd., Raymond James & Associates and Raymond James Financial Services*

MORRISON & FOERSTER LLP

BY: _____
   Gary S. Lee
   Karen Ostad
   David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys and Christopher Stride as Joint Official Liquidators of SPhinX Managed Futures Fund SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY: _____
   Joseph Zagraniczy (JZ 0768)
   Jonathan Fellows (JF 8629)
   Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall & Asylum Fund (a/k/a Masonic Hall & Home and The Masonic Care Community), Masonic Medical Research Laboratory and SPhinX Managed Futures Index Fund, L.P.*

13

16. <u>Counterparts Acceptable:</u> This Settlement and Release may be executed in one or more counterparts and by facsimile, all of which shall be considered effective as an original signature.

Dated: October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP

BY: _____
   Luc A. Despins (LD 5141)
   Andrew M. Leblanc (AL 8395)
   Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S. Kirschner, as Plan Administrator for RCM*

*And*

*Counsel for RJM, LLC, as Plan Administrator for the Refco Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY: _____
   Marc T.G. Dworsky (MD 9256)
   Mark H. Epstein (ME 7334)
   Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch International, SPhinX Access LLC, SPhinX Access Ltd., Raymond James & Associates and Raymond James Financial Services*

MORRISON & FOERSTER LLP

BY: _____
   Gary S. Lee
   Karen Ostad
   David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys and Christopher Stride as Joint Official Liquidators of SPhinX Managed Futures Fund SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY: _____
   Joseph Zagraniczy (JZ 0768)
   Jonathan Fellows (JF 8629)
   Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall & Asylum Fund (a/k/a Masonic Hall & Home and The Masonic Care Community), Masonic Medical Research Laboratory and SPhinX Managed Futures Index Fund, L.P.*

14

PAUL, WEISS, RIFKIND, WHARTON, &
GARRISON LLP

BY: _____
   Stephen J. Shimshak (SS 8822)
   Christopher A. Jarvinen (CJ
   5461)
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Counsel for Caisse de Depot at*
*Placement du Quebec and Ofi*
*Asset Management*

KIRKLAND & ELLIS LLP

BY: _____
   Joseph Serino Jr. (JS 9911)
   Matthew Solum (MS 1616)
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Counsel for Friedberg Global*
*Macro Hedge Fund Ltd., Friedberg*
*Global Macro Hedge Fund and*
*Rozel Investments Ltd.*

BEUS GILBERT PLLC

BY: _____
   Leo R. Beus
   Adam C. Anderson (AA 1975)
4800 North Scottsdale Road
Suite 6000
Scottsdale, Arizona 85251
(480) 429-3000

*Counsel for James P. Sinclair,*
*as Trustee for the SPhinX*
*Funds Trust*

PAUL, WEISS, RIFKIND, WHARTON, &
GARRISON LLP

BY: _____
   Stephen J. Shimshak (SS 8822)
   Christopher A. Jarvinen (CJ
   5461)
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Counsel for Caisse de Depot at
Placement du Quebec and Ofi
Asset Management*

KIRKLAND & ELLIS LLP

BY: _____
   Joseph Serino Jr. (JS 9911)
   Matthew Solum (MS 1616)
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Counsel for Friedberg Global
Macro Hedge Fund Ltd., Friedberg
Global Macro Hedge Fund and
Rozel Investments Ltd.*

BEUS GILBERT PLLC

BY:_____
   Leo R. Beus
   Adam C. Anderson (AA 1975)
4800 North Scottsdale Road
Suite 6000
Scottsdale, Arizona 85251
(480) 429-3000

*Counsel for James P. Sinclair,
as Trustee for the SPhinX
Funds Trust*

14

PAUL, WEISS, RIFKIND, WHARTON, &
GARRISON LLP

BY: _____
   Stephen J. Shimshak (SS 8822)
   Christopher A. Jarvinen (CJ
   5461)
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Counsel for Caisse de Depot at
Placement du Quebec and Ofi
Asset Management*

KIRKLAND & ELLIS LLP

BY: _____
   Joseph Serino Jr. (JS 9911)
   Matthew Solum (MS 1616)
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Counsel for Friedberg Global
Macro Hedge Fund Ltd., Friedberg
Global Macro Hedge Fund and
Rozel Investments Ltd.*

BEUS GILBERT PLLC

BY: _____
   Leo R. Beus
   Adam C. Anderson (AA 1975)
4800 North Scottsdale Road
Suite 6000
Scottsdale, Arizona 85251
(480) 429-3000

*Counsel for James P. Sinclair,
as Trustee for the SPhinX
Funds Trust*

14

<u>SCHEDULE 1</u>

The Refco entities are:

1.      Bersec International LLC

2.      Kroeck & Associates, LLC

3.      Marshall Metals LLC

4.      New Refco Group LTD., LLC

5.      Refco Administration LLC

6.      Refco Capital Holdings LLC

7.      Refco Capital LLC

8.      Refco Capital Management LLC

9.      Refco Capital Markets, LTD

10.     Refco Capital Trading LLC

11.     Refco F/X Associates LLC

12.     Refco Finance Inc.

13.     Refco Financial LLC

14.     Refco Fixed Assets Management LLC

15.     Refco Global Capital Management LLC

16.     Refco Global Finance LTD

17.     Refco Global Futures LLC

18.     Refco Global Holdings LLC

19.     Refco Group LTD., LLC

20.     Refco Inc.

21.     Refco Information Services LLC

22.     Refco Mortgage Securities, LLC

23.     Refco Regulated Companies LLC

24.     Summit Management LLC

25.     Lind-Waldock Securities LLC

26.     Refco Managed Futures LLC

27.     Westminster-Refco Management LLC

28.     Refco Commodity Management, Inc

29.     Easyscreen Inc

30.     Futuresnow LLC

31.     Haut Commodities LLC

32.     MCC Futures Management, Lp

33.     Refco Administrative Services Inc

34.     Refco Advisors, LLC

35.     Refco Alternative Investments LLC

36.     Refco Canada Finance Inc.

37.     Refco Clearing

38.     Refco Commodity Management, Inc.

39.     Refco Easysolutions LLC

40.     Refco Fund Holdings LLC

41.     Refco Fund Management LLC

42.     Refco Information Service LLC

43.     Refco LLC

44.     Refco Local Divisions, LLC

45.     Refco Managed Futures LLC

46.     Refco Management LLC

47.     Refco Securities LLC

48.     Refco Trading Services LLC

49. Refco Finanzierungeratung GmbH

50. Refcofund Holdings LLC

51. Refcofund Management LLC

52. Sino Mining Limited Partnership

53. Sino Refco Investments Limited Partnership

54. Sino Refco Investment LLC

55. St Relative Arbitage, Fd

56. Westminster (Newco), LLC

57. Westminster Refco Management LLC

58. Westminster-Refco Holding Company, LLC

EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------x
In re:                            : Chapter 11
                                  :
REFCO INC., et al.,               : Case No. 05-60006 (RDD)
                                  :
                Debtors.          : (Jointly Administered)
----------------------------------x
```

## ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 9019(a) APPROVING SETTLEMENT AND COMPROMISE

Upon the motion (the "Motion"), dated November 2, 2007, of Marc S. Kirschner, as plan administrator (the "RCM Administrator") for the estate of Refco Capital Markets, Ltd. ("RCM") for an order pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of a settlement and compromise among the RCM Administrator, SPhinX Managed Futures Fund SPC and its affiliated segregated portfolios (collectively, "SMFF"), various entities affiliated with SMFF (together with SMFF, "SPhinX"), Kenneth M. Krys and Christopher Stride, in their capacity as the Joint Official Liquidators of SPhinX (the "JOLs"), certain investors in SPhinX (the "Investors"),[5] the SPhinX Trustee (as defined in the

---

[5]     The Investors are Masonic Hall & Asylum Fund, Masonic Medical Research Laboratory, SPhinX Managed Futures Index Fund, L.P., Merrill Lynch International, SPhinX Access

1

Motion), and Refco Inc. and its affiliates that were debtors and debtors in possession in the above-captioned cases (the "Reorganized Debtors") and certain of Refco Inc.'s non-debtor affiliates (collectively with the Reorganized Debtors, "Refco"), and RJM, LLC, as plan administrator for the Reorganized Debtors except RCM (the "Refco Plan Administrator" and together with Refco, the JOLs, SPhinX, the SPhinX Trustee, the Investors, the RCM Administrator and the Refco Plan Administrator, the "Parties"), as set forth in the Settlement and Release Agreement, attached hereto as Exhibit "A" (the "Settlement and Release"), pursuant to which the Parties have agreed to settle and compromise certain claims and issues among them; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to the confirmed chapter 11 plan in the above-captioned case, 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant

---

Ltd., Raymond James & Associates, Raymond James Financial Services, Cuisse de Depot et Placement Due Quebec, OFI Palmers, Friedberg Global Macro Hedge Fund Ltd., Friedberg Global Macro Hedge Fund, and Rowel Investments, Ltd.

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with this Court's Order to Show Cause, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of RCM and its creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Settlement and Release attached hereto is approved in its entirety; and it is further

ORDERED that the RCM Administrator is permitted to distribute the Settlement Funds (as defined in the Motion) immediately upon entry of this Order and, to the extent applicable, Bankruptcy Rule 6004(h) is waived; and it is further

ORDERED that, the Restraining Order (as defined in the Motion) is hereby deemed withdrawn and an appropriate notice to that effect shall be filed; and it is further

ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law is waived.


Dated:  New York, New York
        November __, 2007


                          _____
                          UNITED STATES BANKRUPTCY JUDGE

EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Settlement and Release") is entered into on October 31, 2007, by and between Refco Inc. and certain of its affiliates that were debtors and debtors in possession (the "Reorganized Debtors" and together with the non-debtor affiliates listed on Schedule 1 hereto, "Refco"), RJM, LLC, as plan administrator (the "Refco Plan Administrator") for the Reorganized Debtors (except Refco Capital Markets, Ltd. ("RCM"), Marc S. Kirschner, as plan administrator for RCM (the "RCM Administrator"), Kenneth M. Krys and Christopher Stride, in their capacity as the Joint Official Liquidators (the "JOLs") of SPhinX (as defined below), SPhinX, certain investors in SPhinX (the "Investors"),[1] and the SPhinX Trustee (as defined below), in his capacity as the trustee of the SPhinx Trust (defined below),(the SPhinX Trustee together with Refco, the JOLs, SPhinX, the Refco Plan Administrator, the RCM Administrator, and the Investors, the "Parties").

## RECITALS

WHEREAS, on October 17, 2005 (the "Refco Petition Date"), Refco Inc. and certain of its affiliated entities (the "Debtors")[2] filed petitions for relief under title 11 of the United

---

[1] The Investors are Masonic Hall & Asylum Fund, Masonic Medical Research Laboratory, SPhinX Managed Futures Index Fund, L.P., Merrill Lynch International, SPhinX Access Ltd., Raymond James & Associates, Raymond James Financial Services, Cuisse de Depot et Placement Due Quebec, OFI Palmers, Friedberg Global Macro Hedge Fund Ltd., Friedberg Global Macro Hedge Fund, and Rowel Investments, Ltd.

[2] Debtors Lind-Waldock Securities LLC, Refco Managed Futures LLC and Westminster-Refco Management LLC filed chapter 11 petitions on June 5, 2006.

States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on December 16, 2005, the Official Committee of Unsecured Creditors (the "Committee") of the Debtors, on behalf of RCM, commenced an adversary proceeding (the "Adversary Proceeding") to recover certain transfers totaling $312,046,266.23 (collectively, the "Transfer") made by RCM to SPhinX Managed Futures Fund SPC and its affiliated Segregated Portfolios (collectively, "SMFF");

WHEREAS, at the time of the filing of the Adversary Proceeding, at the request of the Committee, the Court entered a temporary restraining order freezing SMFF's assets, which order was later modified by agreement of the parties and reflected in an agreed stipulation entered by the Bankruptcy Court (as amended from time to time, the "Restraining Order"), which Restraining Order is currently in effect;

WHEREAS, on April 20, 2006, the Committee and SMFF, on behalf of its affiliated Segregated Portfolios, agreed to settle the Adversary Proceeding and enter into a settlement agreement (the "SPhinX Settlement"), pursuant to which SMFF agreed to pay $263 million (the "Settlement Funds") to RCM's estate and to waive any claim against RCM related to the Transfer, including pursuant to 502(h) of the Bankruptcy Code;

WHEREAS, the Investors objected to approval of the

SPhinX Settlement;

WHEREAS, ruling from the bench at the conclusion of the June 8, 2006 hearing on approval of the SPhinX Settlement, the Bankruptcy Court approved the SPhinX Settlement and entered an order approving the SPhinX Settlement (the "Settlement Approval Order") over the objection of the Investors, concluding that the SPhinX Settlement was in the best interests of RCM, its estate and its creditors and that the Investors lacked standing to object to the SPhinX Settlement;

WHEREAS, on June 30, 2006, the directors of SMFF and various affiliated entities (collectively with SMFF, "SPhinX[3]") resolved to place SPhinX into voluntary liquidation and appointed joint voluntary liquidators. On July 4, 2004, SPhinX, with the exception of SMFF, filed voluntary winding up petitions in a second proceeding in the court of the Cayman Islands (the "Cayman Court"). On July 28, 2006, and on August 8, 2006 with respect to

---

[3] The JOLs were appointed for the following 22 SPhinX entities: Sphinx, Ltd., Sphinx Macro Fund SPC, Sphinx Macro Ltd., Sphinx Managed Futures Fund SPC, Sphinx Long/Short Equity Fund SPC, Sphinx Convertible Arbitrage Fund SPC, Sphinx Fixed Income Arbitrage Fund SPC, Sphinx Distressed Fund SPC, Sphinx Merger Arbitrage Fund SPC, Sphinx Special Situations Fund SPC, Sphinx Equity Market Neutral Fund SPC, Sphinx Strategy Fund Ltd., Sphinx Plus SPC, Ltd., Sphinx Managed Futures, Ltd., Sphinx Long/Short Equity Ltd., Sphinx Convertible Arbitrage Ltd., Sphinx Fixed Income Arbitrage Ltd., Sphinx Distressed Ltd., Sphinx Merger Arbitrage Ltd., Sphinx Special Situations Ltd., Sphinx Equity Market Neutral Ltd., and Plus Funds Manager Access Fund, SPC Ltd.

3

SMFF, Kenneth M. Krys and Christopher Stride were appointed as Joint Official Liquidators of SPhinX;

WHEREAS, the Investors appealed the SPhinX Approval Order to the District Court for the Southern District of New York (the "District Court") and the JOLs filed a brief in the appeal to the District Court;

WHEREAS, by decision and order dated November 16, 2006 (the "District Court Order"), the District Court affirmed the Settlement Approval Order and concluded that the Investors, as shareholders of SMFF, lacked standing to object in the Bankruptcy Court or to appeal the Settlement Approval Order;

WHEREAS, the Investors appealed the District Court Order to the United States Court of Appeals for the Second Circuit (the "Second Circuit");

WHEREAS, the JOLs appealed the District Court Order and, in the alternative, intervened in the Investors' appeal to the Second Circuit, and the JOLs were granted intervenor-appellant status by the Second Circuit;

WHEREAS, by a decision dated October 5, 2007, the Second Circuit affirmed the District Court Order holding, among other things, that the Investors lacked standing to appeal the Settlement Approval Order and the JOLs were precluded from appealing from the SPhinX Settlement because they stand in the shoes of SMFF and were deemed to be parties thereto;

WHEREAS, on December 15, 2006, the Bankruptcy Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries (the "Refco Plan"), and the Refco Plan has gone effective;

WHEREAS, pursuant to the Refco Plan, Marc S. Kirschner was appointed the RCM Administrator, successor to his role as chapter 11 trustee appointed in the RCM chapter 11 case, and is duly authorized to enter into this Settlement and Release on behalf of RCM;

WHEREAS, pursuant to the Refco Plan, the Refco Plan Administrator has been appointed as plan administrator for the Contributing Debtors (as defined in the Refco Plan);

WHEREAS, pursuant to the confirmed Fifth Amended Plan of Liquidation of PlusFunds Group, Inc. under Chapter 11 of the United States Bankruptcy Code (the "PlusFunds Plan"), certain causes of action of PlusFunds Group, Inc. ("PlusFunds") against third parties were transferred to a liquidating trust (the "SPhinX Trust") to be liquidated for the benefit of the JOLs (in their capacity as JOLs for SPhinX);

WHEREAS, pursuant to the PlusFunds Plan, James P. Sinclair was appointed as trustee (the "SPhinX Trustee") to administer the SPhinX Trust;

WHEREAS, the Settlement Funds are currently being held by the RCM Administrator in a segregated account at RCM pending

the Settlement Approval Order becoming final and not subject to review; and

WHEREAS, the Parties have agreed to settle this action on the terms set forth herein.

AGREEMENT

NOW, THEREFORE, IT IS STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THAT:

1.  Court Approval.  The JOLs agree to take any and all steps necessary to seek approval of the Settlement and Release by the Cayman Court as expeditiously as possible (the "Cayman Court Approval"), which approval shall be conditional until the Bankruptcy Court approval defined below.  At the same time, the RCM Administrator shall take any and all steps necessary to seek as expeditiously as possible Bankruptcy Court approval of the Settlement and Release, including payment of the Appeal Settlement Payment (defined below), distribution of the Settlement Funds and withdrawal of the Restraining Order (the "Bankruptcy Court Approval" and, together with the Cayman Court Approval, the "Court Approval"), which Bankruptcy Court approval, if granted before the Cayman Court Approval, shall be conditional until the Cayman Court Approval.

2.  Settlement Final / Funds Release.  The RCM Administrator, Investors and the JOLs agree that, upon Court Approval, the Settlement Approval Order is "final" as such term is

used in the SPhinX Settlement, and accordingly, immediately upon Court Approval, the RCM Administrator is authorized to release and distribute the Settlement Funds.

3.  Appeal Settlement Payment:  Within three (3) business days of Court Approval, the RCM Administrator shall pay to the JOLs on behalf of SPhinX the amount of two million five hundred thousand dollars ($2,500,000) (the "Appeal Settlement Payment"), which Appeal Settlement Payment shall be made by wire transfer to an account designated by the JOLs; provided, however, that if the RCM Administrator is unable to distribute the Settlement Funds to the Refco creditors within such 3 business day period, whether because of any stay of the order approving this Settlement and Release or otherwise, or if the Rehearing Motion (defined below) is not withdrawn during such period, the RCM Administrator shall pay the Appeal Settlement Payment contemporaneous with any distribution of the Settlement Funds to creditors or, if later, within one (1) business day of the withdrawal of the Rehearing Motion.

4.  No Further Appeal.  The JOLs, the Investors and the SPhinX Trustee agree that they shall not file any pleading or other document that would indicate in any way that the Settlement Approval Order is not final.  Without limiting the generality of the foregoing, the JOLs, the Investors and the SPhinX Trustee agree that they shall not file any further appeals of the

Settlement Approval Order, petition for *certiorari* or file any motions for rehearing or reconsideration of the Settlement Approval Order.

5. <u>Rehearing Motion</u>. Within three (3) business days of Court Approval and as a condition to receipt of the Appeal Settlement Payment, the JOLs will notify the Second Circuit that they withdraw their motion for rehearing currently pending before the Second Circuit (the "<u>Rehearing Motion</u>") if the Rehearing Motion is still outstanding as of the time of Court Approval. The JOLs agree further that, pending Court Approval, they will take all actions necessary to ensure that the RCM Administrator shall not have to respond to the Rehearing Motion, including adjourning any hearing scheduled therein or any deadline for a response thereto.

6. <u>Proofs of Claim</u>. The Proofs of Claim numbered 11387 and 11378 filed by SMFF against RCM shall be allowed as general unsecured claims in the amounts of $4,312,945.43 and $10,352,309.92, respectively, in RCM's chapter 11 case and shall receive prompt distribution of a percentage of the claimed amount equal to the percentage received as of such date by similarly classified and situated creditors in accordance with the terms of the Refco Plan but not later than the date of the distribution of the Settlement Funds by the RCM Administrator. Any and all other proofs of claim filed by SPhinX, the JOLs or PlusFunds are hereby

deemed disallowed and expunged.

7. Cooperation. The RCM Administrator will cooperate with reasonable requests from the JOLs for information related to (i) redemptions of investments in SPhinX through Refco-related entities during 2005 and 2006 and (ii) the funds of SPhinx held at RCM, provided that such cooperation shall be subject to any applicable confidentiality restrictions imposed on Refco, and that Refco and the RCM Administrator shall not oppose any attempt by the JOLs to obtain relief from any confidentiality restrictions; and provided further that the JOLs shall reimburse the RCM Administrator and Refco for any and all reasonable costs of requested document production to SPhinX.

8. Releases by JOLs and SPhinX Trustee: Except as provided in paragraph 6 hereof, the JOLs and the SPhinX Trustee, on behalf of themselves, the estates of SPhinX and PlusFunds (to the extent of the PlusFunds claims held by the SPhinX Trust), hereby release, acquit, and forever discharge (i) Refco (including, for the avoidance of doubt, the Refco affiliates listed on Schedule 1 hereto), and post-Refco Petition Date officers, directors, employees and representatives (including retained professionals), but not any officers, directors, shareholders, employees or representatives who held such positions prior to the Refco Petition Date, and (ii) the RCM Administrator and the Refco Plan Administrator, and each of their respective

affiliates, subsidiaries, officers, directors, shareholders, employees and representatives (including their retained professionals), from any and all claims or actions which the JOLs, SPhinX or PlusFunds ever had or may have against them; provided that the JOLs may name Refco-related non-debtor affiliates in actions in order to pursue claims against third parties (each, a "Third-Party Action") and may seek discovery from Refco-related entities in pursuit of Third Party Actions; and provided further that the JOLs shall not seek any affirmative recovery in any Third-Party Action from any Refco entity and shall not enforce any judgment against any Refco entity.  For the avoidance of doubt, it is the intent of the parties hereto that Refco shall not have to defend any action brought by the JOLs (whether in their own name or on behalf of SPhinX, PlusFunds or the Investors) and that no Refco entity, including but not limited to the debtor and non-debtor affiliates listed on Schedule 1 hereto, shall be liable to the JOLs to pay any judgment.  For the avoidance of doubt, any and all causes of action against Refco conveyed to the SPhinX Trust pursuant to the PlusFunds Plan is released pursuant to this provision.

9.   Release by Refco, Refco Plan Administrator and RCM Administrator:  The Refco Plan Administrator and RCM Administrator, on behalf of themselves and Refco hereby release, acquit, and forever discharge SPhinX, the JOLs and the SPhinx

Trustee, and their respective officers, directors, shareholders, employees and representatives (including their retained professionals) from any and all claims or actions which the releasing parties ever had or may have against such released parties, whether arising out of or in connection with the Adversary Proceeding and the appeal of the SPhinX Settlement or otherwise.

10. <u>Reservation of Rights and No Third Party Beneficiaries</u>: This Settlement and Release shall in no way be deemed an admission of liability by any party and shall not be deemed a waiver of any rights or remedies against third parties, all of which rights are expressly reserved. If Court Approval is not obtained or if the distribution of the Settlement Fund (including the Appeal Settlement Payment) is not made, this Settlement and Release shall be null and void. Other than the Parties hereto, there are no intended third party beneficiaries to this Settlement and Release.

11. <u>Court Approval</u>: This Settlement and Release is subject to and contingent upon Court Approval, as specified herein.

12. <u>Governing Law</u>: This Settlement and Release shall be governed by and subject to and interpreted in accordance with the laws of the State of New York.

13. <u>Consent to Jurisdiction</u>: The parties irrevocably

consent (a) to the exclusive jurisdiction of the United States District Court for the Southern District of New York, the United States Bankruptcy Court for the Southern District of New York, or the State courts of New York sitting in New York City to resolve any dispute relating to the terms of this Agreement; (b) to the exercise of *in personam* jurisdiction by such courts over each of them, and (c) that any action to enforce a judgment may be instituted in any jurisdiction.

14. <u>Entire Agreement</u>: This Settlement and Release shall constitute the entire agreement between the parties relating to the subject matter herein and supersedes any and all prior agreements, negotiations, representations and understandings, whether written or oral, between the parties and may not be released, supplemented or modified in any manner except by further written agreement signed by a duly authorized officer or representative of each of the parties; <u>provided</u>, <u>however</u>, that nothing in this Settlement and Release shall in any way alter or supersede the Stipulation and Order of Settlement, dated April 26, 2006, between the Committee, SPhinX, and Refco, and so ordered by the Bankruptcy Court.

15. <u>Authority</u>: The parties hereto represent and warrant to each other that: (i) the signatories to this Settlement and Release are authorized to execute this Settlement and Release; (ii) each has full power and authority to enter into this

12

Settlement and Release; (iii) this Settlement and Release is duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms; and (iv) in the case of the JOLs and the Investors, the signatories hereto have authority to bind, and are hereby binding, all of the parties that appealed the approval of the SPhinX Settlement.

16. <u>Counterparts Acceptable:</u> This Settlement and Release may be executed in one or more counterparts and by facsimile, all of which shall be considered effective as an original signature.

Dated: October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP

BY: _____
   Luc A. Despins (LD 5141)
   Andrew M. Leblanc (AL 8395)
   Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S. Kirschner, as Plan Administrator for RCM*

And

*Counsel for RJM, LLC, as Plan Administrator for the Refco Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY: _____
   Marc T.G. Dworsky (MD 9256)
   Mark H. Epstein (ME 7334)
   Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch International, SPhinX Access LLC, SPhinX Access Ltd., Raymond James & Associates and Raymond James Financial Services*

MORRISON & FOERSTER LLP

BY: _____
   Gary S. Lee
   Karen Ostad
   David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys and Christopher Stride as Joint Official Liquidators of SPhinX Managed Futures Fund SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY: _____
   Joseph Zagraniczy (JZ 0768)
   Jonathan Fellows (JF 8629)
   Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall & Asylum Fund (a/k/a Masonic Hall & Home and The Masonic Care Community), Masonic Medical Research Laboratory and SPhinX Managed Futures Index Fund, L.P.*

14

16. <u>Counterparts Acceptable:</u> This Settlement and Release may be executed in one or more counterparts and by facsimile, all of which shall be considered effective as an original signature.

Dated: October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP

BY: _____
   Luc A. Despins (LD 5141)
   Andrew M. Leblanc (AL 8395)
   Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S. Kirschner, as Plan Administrator for RCM*

*And*

*Counsel for RJM, LLC, as Plan Administrator for the Refco Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY: _____
   Marc T.G. Dworsky (MD 9256)
   Mark H. Epstein (ME 7334)
   Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch International, SPhinX Access LLC, SPhinX Access Ltd., Raymond James & Associates and Raymond James Financial Services*

MORRISON & FOERSTER LLP

BY: _____
   Gary S. Lee
   Karen Ostad
   David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys and Christopher Stride as Joint Official Liquidators of SPhinX Managed Futures Fund SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY: _____
   Joseph Zagraniczy (JZ 0768)
   Jonathan Fellows (JF 8629)
   Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall & Asylum Fund (a/k/a Masonic Hall & Home and The Masonic Care Community), Masonic Medical Research Laboratory and SPhinX Managed Futures Index Fund, L.P.*

14

16.  <u>Counterparts Acceptable:</u>  This Settlement and
Release may be executed in one or more counterparts and by
facsimile, all of which shall be considered effective as an
original signature.

Dated:  October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY          MORRISON & FOERSTER LLP
LLP

                                         BY: _____
BY: _____                Gary S. Lee
    Luc A. Despins (LD 5141)                 Karen Ostad
    Andrew M. Leblanc (AL 8395)              David Capucilli
    Dennis C. O'Donnell (DO 3648)        1290 Avenue of the Americas
1 Chase Manhattan Plaza                  New York, New York 10104
New York, New York 10005                 (212) 468-8000
(212) 530-5000

*Counsel for the Marc S.*                 *Counsel for Kenneth M. Krys*
*Kirschner, as Plan Administrator*        *and Christopher Stride as*
*for RCM*                                 *Joint Official Liquidators of*
                                         *SPhinX Managed Futures Fund*
                                         *SPC, et al.*
*And*

*Counsel for RJM, LLC, as Plan*
*Administrator for the Refco*
*Contributing Debtors*
MUNGER TOLLES & OLSON LLP                 BOND SCHOENECK & KING, PLLC

BY: _____              BY: _____
    Marc T.G. Dworsky (MD 9256)               Joseph Zagraniczy (JZ 0768)
    Mark H. Epstein (ME 7334)                 Jonathan Fellows (JF 8629)
    Todd J. Rosen (TR 4388)                   Stephen A. Donato (SD 1522)
355 South Grand Avenue                   One Lincoln Center
35th Floor                               Syracuse, New York
Los Angeles, California 90071            (315) 218-8000
(213) 683-9100

*Counsel for Merrill Lynch*               *Counsel for Masonic Hall &*
*International, SPhinX Access*             *Asylum Fund (a/k/a Masonic*
*LLC, SPhinX Access Ltd., Raymond*        *Hall & Home and The Masonic*
*James & Associates and Raymond*          *Care Community), Masonic*
*James Financial Services*                *Medical Research Laboratory*
                                         *and SPhinX Managed Futures*
                                         *Index Fund, L.P.*

                               13

16. <u>Counterparts Acceptable:</u>  This Settlement and Release may be executed in one or more counterparts and by facsimile, all of which shall be considered effective as an original signature.

Dated:  October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP

BY: _____
   Luc A. Despins (LD 5141)
   Andrew M. Leblanc (AL 8395)
   Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S. Kirschner, as Plan Administrator for RCM*

*And*

*Counsel for RJM, LLC, as Plan Administrator for the Refco Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY: _____
   Marc T.G. Dworsky (MD 9256)
   Mark H. Epstein (ME 7334)
   Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch International, SPhinX Access LLC, SPhinX Access Ltd., Raymond James & Associates and Raymond James Financial Services*

MORRISON & FOERSTER LLP

BY: _____
   Gary S. Lee
   Karen Ostad
   David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys and Christopher Stride as Joint Official Liquidators of SPhinX Managed Futures Fund SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY: _____
   Joseph Zagraniczy (JZ 0768)
   Jonathan Fellows (JF 8629)
   Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall & Asylum Fund (a/k/a Masonic Hall & Home and The Masonic Care Community), Masonic Medical Research Laboratory and SPhinX Managed Futures Index Fund, L.P.*

14

PAUL, WEISS, RIFKIND, WHARTON, &
GARRISON LLP

BY: _____
   Stephen J. Shimshak (SS 8822)
   Christopher A. Jarvinen (CJ
   5461)
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Counsel for Caisse de Depot at
Placement du Quebec and Ofi
Asset Management*

KIRKLAND & ELLIS LLP

BY: _____
   Joseph Serino Jr. (JS 9911)
   Matthew Solum (MS 1616)
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Counsel for Friedberg Global
Macro Hedge Fund Ltd., Friedberg
Global Macro Hedge Fund and
Rozel Investments Ltd.*

BEUS GILBERT PLLC

BY: _____
   Leo R. Beus
   Adam C. Anderson (AA 1975)
4800 North Scottsdale Road
Suite 6000
Scottsdale, Arizona 85251
(480) 429-3000

*Counsel for James P. Sinclair,
as Trustee for the SPhinX
Funds Trust*

15

PAUL, WEISS, RIFKIND, WHARTON, &
GARRISON LLP

BY: _____
   Stephen J. Shimshak (SS 8822)
   Christopher A. Jarvinen (CJ
   5461)
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Counsel for Caisse de Depot at
Placement du Quebec and Ofi
Asset Management*

KIRKLAND & ELLIS LLP

BY: _____
   Joseph Serino Jr. (JS 9911)
   Matthew Solum (MS 1616)
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Counsel for Friedberg Global
Macro Hedge Fund Ltd., Friedberg
Global Macro Hedge Fund and
Rozel Investments Ltd.*

BEUS GILBERT PLLC

BY: _____
   Leo R. Beus
   Adam C. Anderson (AA 1975)
4800 North Scottsdale Road
Suite 6000
Scottsdale, Arizona 85251
(480) 429-3000

*Counsel for James P. Sinclair,
as Trustee for the SPhinX
Funds Trust*

14

PAUL, WEISS, RIFKIND, WHARTON, &
GARRISON LLP

BY: _____
   Stephen J. Shimshak (SS 8822)
   Christopher A. Jarvinen (CJ
   5461)
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Counsel for Caisse de Depot at
Placement du Quebec and Ofi
Asset Management*

KIRKLAND & ELLIS LLP

BY: _____
   Joseph Serino Jr. (JS 9911)
   Matthew Solum (MS 1616)
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Counsel for Friedberg Global
Macro Hedge Fund Ltd., Friedberg
Global Macro Hedge Fund and
Rozel Investments Ltd.*

BEUS GILBERT PLLC

BY: _____
   Leo R. Beus
   Adam C. Anderson (AA 1975)
4800 North Scottsdale Road
Suite 6000
Scottsdale, Arizona 85251
(480) 429-3000

*Counsel for James P. Sinclair,
as Trustee for the SPhinX
Funds Trust*

14

The Refco entities are:

1.    Bersec International LLC

2.    Kroeck & Associates, LLC

3.    Marshall Metals LLC

4.    New Refco Group LTD., LLC

5.    Refco Administration LLC

6.    Refco Capital Holdings LLC

7.    Refco Capital LLC

8.    Refco Capital Management LLC

9.    Refco Capital Markets, LTD

10.    Refco Capital Trading LLC

11.    Refco F/X Associates LLC

12.    Refco Finance Inc.

13.    Refco Financial LLC

14.    Refco Fixed Assets Management LLC

15.    Refco Global Capital Management LLC

16.    Refco Global Finance LTD

17.    Refco Global Futures LLC

18.    Refco Global Holdings LLC

19.    Refco Group LTD., LLC

20.    Refco Inc.

21.    Refco Information Services LLC

22.    Refco Mortgage Securities, LLC

23.    Refco Regulated Companies LLC

24.     Summit Management LLC

25.     Lind-Waldock Securities LLC

26.     Refco Managed Futures LLC

27.     Westminster-Refco Management LLC

28.     Refco Commodity Management, Inc

29.     Easyscreen Inc

30.     Futuresnow LLC

31.     Haut Commodities LLC

32.     MCC Futures Management, Lp

33.     Refco Administrative Services Inc

34.     Refco Advisors, LLC

35.     Refco Alternative Investments LLC

36.     Refco Canada Finance Inc.

37.     Refco Clearing

38.     Refco Commodity Management, Inc.

39.     Refco Easysolutions LLC

40.     Refco Fund Holdings LLC

41.     Refco Fund Management LLC

42.     Refco Information Service LLC

43.     Refco LLC

44.     Refco Local Divisions, LLC

45.     Refco Managed Futures LLC

46.     Refco Management LLC

47.     Refco Securities LLC

48.     Refco Trading Services LLC

49. Refco Finanzierungeratung GmbH

50. Refcofund Holdings LLC

51. Refcofund Management LLC

52. Sino Mining Limited Partnership

53. Sino Refco Investments Limited Partnership

54. Sino Refco Investment LLC

55. St Relative Arbitage, Fd

56. Westminster (Newco), LLC

57. Westminster Refco Management LLC

58. Westminster-Refco Holding Company, LLC