**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------x
In re:                              : Chapter 11
                                    :
REFCO INC., et al.,                 : Case No. 05-60006 (RDD)
                                    :
              Debtors.              : (Jointly Administered)
------------------------------------x
```

**ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R.
BANKR. P. 9019(a) APPROVING SETTLEMENT AND COMPROMISE**

Upon the motion (the "Motion"), dated November 2, 2007, of Marc S. Kirschner, as plan administrator (the "RCM Administrator") for the estate of Refco Capital Markets, Ltd. ("RCM") for an order pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of a settlement and compromise among the RCM Administrator, SPhinX Managed Futures Fund SPC and its affiliated segregated portfolios (collectively, "SMFF"), various entities affiliated with SMFF (together with SMFF, "SPhinX"), Kenneth M. Krys and Christopher Stride, in their capacity as the Joint Official Liquidators of SPhinX (the "JOLs"), certain investors in SPhinX (the "Investors"),[1] the SPhinX Trustee (as defined in the

---

[1] The Investors are Masonic Hall & Asylum Fund, Masonic Medical Research Laboratory, SPhinX Managed Futures Index Fund, L.P., Merrill Lynch International, SPhinX Access

1

Motion), and Refco Inc. and its affiliates that were debtors and debtors in possession in the above-captioned cases (the "Reorganized Debtors") and certain of Refco Inc.'s non-debtor affiliates (collectively with the Reorganized Debtors, "Refco"), and RJM, LLC, as plan administrator for the Reorganized Debtors except RCM (the "Refco Plan Administrator" and together with Refco, the JOLs, SPhinX, the SPhinX Trustee, the Investors, the RCM Administrator and the Refco Plan Administrator, the "Parties"), as set forth in the Settlement and Release Agreement, attached hereto as Exhibit "A" (the "Settlement and Release"), pursuant to which the Parties have agreed to settle and compromise certain claims and issues among them; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to the confirmed chapter 11 plan in the above-captioned case, 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant

---

Ltd., Raymond James & Associates, Raymond James Financial Services, Cuisse de Depot et Placement Due Quebec, OFI Palmers, Friedberg Global Macro Hedge Fund Ltd., Friedberg Global Macro Hedge Fund, and Rowel Investments, Ltd.

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with this Court's Order to Show Cause, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of RCM and its creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Settlement and Release attached hereto is approved in its entirety; and it is further

ORDERED that the RCM Administrator is permitted to distribute the Settlement Funds (as defined in the Motion) immediately upon entry of this Order and, to the extent applicable, Bankruptcy Rule 6004(h) is waived; and it is further

ORDERED that, the Restraining Order (as defined in the Motion) is hereby deemed withdrawn and an appropriate notice to that effect shall be filed; and it is further

ORDERED that the requirement under Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York for the filing of a memorandum of law is waived.

Dated: New York, New York
November _15_, 2007

/s/ Robert D. Drain
_____
UNITED STATES BANKRUPTCY JUDGE