EXHIBIT A

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Settlement and Release") is entered into on October 31, 2007, by and between Refco Inc. and certain of its affiliates that were debtors and debtors in possession (the "Reorganized Debtors" and together with the non-debtor affiliates listed on Schedule 1 hereto, "Refco"), RJM, LLC, as plan administrator (the "Refco Plan Administrator") for the Reorganized Debtors (except Refco Capital Markets, Ltd. ("RCM"), Marc S. Kirschner, as plan administrator for RCM (the "RCM Administrator"), Kenneth M. Krys and Christopher Stride, in their capacity as the Joint Official Liquidators (the "JOLs") of SPhinX (as defined below), SPhinX, certain investors in SPhinX (the "Investors"),[1] and the SPhinX Trustee (as defined below), in his capacity as the trustee of the SPhinx Trust (defined below),(the SPhinX Trustee together with Refco, the JOLs, SPhinX, the Refco Plan Administrator, the RCM Administrator, and the Investors, the "Parties").

## RECITALS

WHEREAS, on October 17, 2005 (the "Refco Petition Date"), Refco Inc. and certain of its affiliated entities (the "Debtors")[2] filed petitions for relief under title 11 of the United

---

[1]    The Investors are Masonic Hall & Asylum Fund, Masonic Medical Research Laboratory, SPhinX Managed Futures Index Fund, L.P., Merrill Lynch International, SPhinX Access Ltd., Raymond James & Associates, Raymond James Financial Services, Cuisse de Depot et Placement Due Quebec, OFI Palmers, Friedberg Global Macro Hedge Fund Ltd., Friedberg Global Macro Hedge Fund, and Rowel Investments, Ltd.

[2]    Debtors Lind-Waldock Securities LLC, Refco Managed Futures LLC and Westminster-Refco Management LLC filed chapter 11 petitions on June 5, 2006.

States Code (the "<u>Bankruptcy Code</u>") in the Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>");

WHEREAS, on December 16, 2005, the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the Debtors, on behalf of RCM, commenced an adversary proceeding (the "<u>Adversary Proceeding</u>") to recover certain transfers totaling $312,046,266.23 (collectively, the "<u>Transfer</u>") made by RCM to SPhinX Managed Futures Fund SPC and its affiliated Segregated Portfolios (collectively, "<u>SMFF</u>");

WHEREAS, at the time of the filing of the Adversary Proceeding, at the request of the Committee, the Court entered a temporary restraining order freezing SMFF's assets, which order was later modified by agreement of the parties and reflected in an agreed stipulation entered by the Bankruptcy Court (as amended from time to time, the "<u>Restraining Order</u>"), which Restraining Order is currently in effect;

WHEREAS, on April 20, 2006, the Committee and SMFF, on behalf of its affiliated Segregated Portfolios, agreed to settle the Adversary Proceeding and enter into a settlement agreement (the "<u>SPhinX Settlement</u>"), pursuant to which SMFF agreed to pay $263 million (the "<u>Settlement Funds</u>") to RCM's estate and to waive any claim against RCM related to the Transfer, including pursuant to 502(h) of the Bankruptcy Code;

WHEREAS, the Investors objected to approval of the

SPhinX Settlement;

WHEREAS, ruling from the bench at the conclusion of the June 8, 2006 hearing on approval of the SPhinX Settlement, the Bankruptcy Court approved the SPhinX Settlement and entered an order approving the SPhinX Settlement (the "Settlement Approval Order") over the objection of the Investors, concluding that the SPhinX Settlement was in the best interests of RCM, its estate and its creditors and that the Investors lacked standing to object to the SPhinX Settlement;

WHEREAS, on June 30, 2006, the directors of SMFF and various affiliated entities (collectively with SMFF, "SPhinX[3]") resolved to place SPhinX into voluntary liquidation and appointed joint voluntary liquidators. On July 4, 2004, SPhinX, with the exception of SMFF, filed voluntary winding up petitions in a second proceeding in the court of the Cayman Islands (the "Cayman Court"). On July 28, 2006, and on August 8, 2006 with respect to

---

[3] The JOLs were appointed for the following 22 SPhinX entities: Sphinx, Ltd., Sphinx Macro Fund SPC, Sphinx Macro Ltd., Sphinx Managed Futures Fund SPC, Sphinx Long/Short Equity Fund SPC, Sphinx Convertible Arbitrage Fund SPC, Sphinx Fixed Income Arbitrage Fund SPC, Sphinx Distressed Fund SPC, Sphinx Merger Arbitrage Fund SPC, Sphinx Special Situations Fund SPC, Sphinx Equity Market Neutral Fund SPC, Sphinx Strategy Fund Ltd., Sphinx Plus SPC, Ltd., Sphinx Managed Futures, Ltd., Sphinx Long/Short Equity Ltd., Sphinx Convertible Arbitrage Ltd., Sphinx Fixed Income Arbitrage Ltd., Sphinx Distressed Ltd., Sphinx Merger Arbitrage Ltd., Sphinx Special Situations Ltd., Sphinx Equity Market Neutral Ltd., and Plus Funds Manager Access Fund, SPC Ltd.

SMFF, Kenneth M. Krys and Christopher Stride were appointed as Joint Official Liquidators of SPhinX;

WHEREAS, the Investors appealed the SPhinX Approval Order to the District Court for the Southern District of New York (the "District Court") and the JOLs filed a brief in the appeal to the District Court;

WHEREAS, by decision and order dated November 16, 2006 (the "District Court Order"), the District Court affirmed the Settlement Approval Order and concluded that the Investors, as shareholders of SMFF, lacked standing to object in the Bankruptcy Court or to appeal the Settlement Approval Order;

WHEREAS, the Investors appealed the District Court Order to the United States Court of Appeals for the Second Circuit (the "Second Circuit");

WHEREAS, the JOLs appealed the District Court Order and, in the alternative, intervened in the Investors' appeal to the Second Circuit, and the JOLs were granted intervenor-appellant status by the Second Circuit;

WHEREAS, by a decision dated October 5, 2007, the Second Circuit affirmed the District Court Order holding, among other things, that the Investors lacked standing to appeal the Settlement Approval Order and the JOLs were precluded from appealing from the SPhinX Settlement because they stand in the shoes of SMFF and were deemed to be parties thereto;

4

WHEREAS, on December 15, 2006, the Bankruptcy Court confirmed the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries (the "Refco Plan"), and the Refco Plan has gone effective;

WHEREAS, pursuant to the Refco Plan, Marc S. Kirschner was appointed the RCM Administrator, successor to his role as chapter 11 trustee appointed in the RCM chapter 11 case, and is duly authorized to enter into this Settlement and Release on behalf of RCM;

WHEREAS, pursuant to the Refco Plan, the Refco Plan Administrator has been appointed as plan administrator for the Contributing Debtors (as defined in the Refco Plan);

WHEREAS, pursuant to the confirmed Fifth Amended Plan of Liquidation of PlusFunds Group, Inc. under Chapter 11 of the United States Bankruptcy Code (the "PlusFunds Plan"), certain causes of action of PlusFunds Group, Inc. ("PlusFunds") against third parties were transferred to a liquidating trust (the "SPhinX Trust") to be liquidated for the benefit of the JOLs (in their capacity as JOLs for SPhinX);

WHEREAS, pursuant to the PlusFunds Plan, James P. Sinclair was appointed as trustee (the "SPhinX Trustee") to administer the SPhinX Trust;

WHEREAS, the Settlement Funds are currently being held by the RCM Administrator in a segregated account at RCM pending

the Settlement Approval Order becoming final and not subject to
review; and

WHEREAS, the Parties have agreed to settle this action
on the terms set forth herein.

AGREEMENT

NOW, THEREFORE, IT IS STIPULATED AND AGREED, BY AND
AMONG THE PARTIES, THAT:

1.  Court Approval.  The JOLs agree to take any and all
steps necessary to seek approval of the Settlement and Release by
the Cayman Court as expeditiously as possible (the "Cayman Court
Approval"), which approval shall be conditional until the
Bankruptcy Court approval defined below.  At the same time, the
RCM Administrator shall take any and all steps necessary to seek
as expeditiously as possible Bankruptcy Court approval of the
Settlement and Release, including payment of the Appeal Settlement
Payment (defined below), distribution of the Settlement Funds and
withdrawal of the Restraining Order (the "Bankruptcy Court
Approval" and, together with the Cayman Court Approval, the "Court
Approval"), which Bankruptcy Court approval, if granted before the
Cayman Court Approval, shall be conditional until the Cayman Court
Approval.

2.  Settlement Final / Funds Release.  The RCM
Administrator, Investors and the JOLs agree that, upon Court
Approval, the Settlement Approval Order is "final" as such term is

used in the SPhinX Settlement, and accordingly, immediately upon
Court Approval, the RCM Administrator is authorized to release and
distribute the Settlement Funds.

      3.   <u>Appeal Settlement Payment</u>:  Within three (3)
business days of Court Approval, the RCM Administrator shall pay
to the JOLs on behalf of SPhinX the amount of two million five
hundred thousand dollars ($2,500,000) (the "<u>Appeal Settlement
Payment</u>"), which Appeal Settlement Payment shall be made by wire
transfer to an account designated by the JOLs; <u>provided</u>, <u>however</u>,
that if the RCM Administrator is unable to distribute the
Settlement Funds to the Refco creditors within such 3 business day
period, whether because of any stay of the order approving this
Settlement and Release or otherwise, or if the Rehearing Motion
(defined below) is not withdrawn during such period, the RCM
Administrator shall pay the Appeal Settlement Payment
contemporaneous with any distribution of the Settlement Funds to
creditors or, if later, within one (1)  business day of the
withdrawal of the Rehearing Motion.

      4.   <u>No Further Appeal</u>.  The JOLs, the Investors and the
SPhinX Trustee agree that they shall not file any pleading or
other document that would indicate in any way that the Settlement
Approval Order is not final.  Without limiting the generality of
the foregoing, the JOLs, the Investors and the SPhinX Trustee
agree that they shall not file any further appeals of the

Settlement Approval Order, petition for *certiorari* or file any motions for rehearing or reconsideration of the Settlement Approval Order.

5.  <u>Rehearing Motion</u>.  Within three (3) business days of Court Approval and as a condition to receipt of the Appeal Settlement Payment, the JOLs will notify the Second Circuit that they withdraw their motion for rehearing currently pending before the Second Circuit (the "<u>Rehearing Motion</u>") if the Rehearing Motion is still outstanding as of the time of Court Approval.  The JOLs agree further that, pending Court Approval, they will take all actions necessary to ensure that the RCM Administrator shall not have to respond to the Rehearing Motion, including adjourning any hearing scheduled therein or any deadline for a response thereto.

6.  <u>Proofs of Claim</u>.  The Proofs of Claim numbered 11387 and 11378 filed by SMFF against RCM shall be allowed as general unsecured claims in the amounts of $4,312,945.43 and $10,352,309.92, respectively, in RCM's chapter 11 case and shall receive prompt distribution of a percentage of the claimed amount equal to the percentage received as of such date by similarly classified and situated creditors in accordance with the terms of the Refco Plan but not later than the date of the distribution of the Settlement Funds by the RCM Administrator.  Any and all other proofs of claim filed by SPhinX, the JOLs or PlusFunds are hereby

deemed disallowed and expunged.

7.    Cooperation.  The RCM Administrator will cooperate
with reasonable requests from the JOLs for information related to
(i) redemptions of investments in SPhinX through Refco-related
entities during 2005 and 2006 and (ii) the funds of SPhinx held at
RCM, provided that such cooperation shall be subject to any
applicable confidentiality restrictions imposed on Refco, and that
Refco and the RCM Administrator shall not oppose any attempt by
the JOLs to obtain relief from any confidentiality restrictions;
and provided further that the JOLs shall reimburse the RCM
Administrator and Refco for any and all reasonable costs of
requested document production to SPhinX.

8.    Releases by JOLs and SPhinX Trustee:  Except as
provided in paragraph 6 hereof, the JOLs and the SPhinX Trustee,
on behalf of themselves, the estates of SPhinX and PlusFunds (to
the extent of the PlusFunds claims held by the SPhinX Trust),
hereby release, acquit, and forever discharge (i) Refco
(including, for the avoidance of doubt, the Refco affiliates
listed on Schedule 1 hereto), and post-Refco Petition Date
officers, directors, employees and representatives (including
retained professionals), but not any officers, directors,
shareholders, employees or representatives who held such positions
prior to the Refco Petition Date, and (ii) the RCM Administrator
and the Refco Plan Administrator, and each of their respective

affiliates, subsidiaries, officers, directors, shareholders, employees and representatives (including their retained professionals), from any and all claims or actions which the JOLs, SPhinX or PlusFunds ever had or may have against them; provided that the JOLs may name Refco-related non-debtor affiliates in actions in order to pursue claims against third parties (each, a "Third-Party Action") and may seek discovery from Refco-related entities in pursuit of Third Party Actions; and provided further that the JOLs shall not seek any affirmative recovery in any Third-Party Action from any Refco entity and shall not enforce any judgment against any Refco entity. For the avoidance of doubt, it is the intent of the parties hereto that Refco shall not have to defend any action brought by the JOLs (whether in their own name or on behalf of SPhinX, PlusFunds or the Investors) and that no Refco entity, including but not limited to the debtor and non-debtor affiliates listed on Schedule 1 hereto, shall be liable to the JOLs to pay any judgment. For the avoidance of doubt, any and all causes of action against Refco conveyed to the SPhinX Trust pursuant to the PlusFunds Plan is released pursuant to this provision.

9. <u>Release by Refco, Refco Plan Administrator and RCM Administrator</u>: The Refco Plan Administrator and RCM Administrator, on behalf of themselves and Refco hereby release, acquit, and forever discharge SPhinX, the JOLs and the SPhinx

Trustee, and their respective officers, directors, shareholders, employees and representatives (including their retained professionals) from any and all claims or actions which the releasing parties ever had or may have against such released parties, whether arising out of or in connection with the Adversary Proceeding and the appeal of the SPhinX Settlement or otherwise.

10. <u>Reservation of Rights and No Third Party Beneficiaries</u>: This Settlement and Release shall in no way be deemed an admission of liability by any party and shall not be deemed a waiver of any rights or remedies against third parties, all of which rights are expressly reserved. If Court Approval is not obtained or if the distribution of the Settlement Fund (including the Appeal Settlement Payment) is not made, this Settlement and Release shall be null and void. Other than the Parties hereto, there are no intended third party beneficiaries to this Settlement and Release.

11. <u>Court Approval</u>: This Settlement and Release is subject to and contingent upon Court Approval, as specified herein.

12. <u>Governing Law</u>: This Settlement and Release shall be governed by and subject to and interpreted in accordance with the laws of the State of New York.

13. <u>Consent to Jurisdiction</u>: The parties irrevocably

consent (a) to the exclusive jurisdiction of the United States District Court for the Southern District of New York, the United States Bankruptcy Court for the Southern District of New York, or the State courts of New York sitting in New York City to resolve any dispute relating to the terms of this Agreement; (b) to the exercise of *in personam* jurisdiction by such courts over each of them, and (c) that any action to enforce a judgment may be instituted in any jurisdiction.

14. Entire Agreement: This Settlement and Release shall constitute the entire agreement between the parties relating to the subject matter herein and supersedes any and all prior agreements, negotiations, representations and understandings, whether written or oral, between the parties and may not be released, supplemented or modified in any manner except by further written agreement signed by a duly authorized officer or representative of each of the parties; provided, however, that nothing in this Settlement and Release shall in any way alter or supersede the Stipulation and Order of Settlement, dated April 26, 2006, between the Committee, SPhinX, and Refco, and so ordered by the Bankruptcy Court.

15. Authority: The parties hereto represent and warrant to each other that: (i) the signatories to this Settlement and Release are authorized to execute this Settlement and Release; (ii) each has full power and authority to enter into this

Settlement and Release; (iii) this Settlement and Release is duly executed and delivered, and constitutes a valid and binding agreement in accordance with its terms; and (iv) in the case of the JOLs and the Investors, the signatories hereto have authority to bind, and are hereby binding, all of the parties that appealed the approval of the SPhinX Settlement.

16. <u>Counterparts Acceptable:</u> This Settlement and
Release may be executed in one or more counterparts and by
facsimile, all of which shall be considered effective as an
original signature.

Dated: October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY
LLP

BY: _____
   Luc A. Despins (LD 5141)
   Andrew M. Leblanc (AL 8395)
   Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S.
Kirschner, as Plan Administrator
for RCM*

*And*

*Counsel for RJM, LLC, as Plan
Administrator for the Refco
Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY: _____
   Marc T.G. Dworsky (MD 9256)
   Mark H. Epstein (ME 7334)
   Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch
International, SPhinX Access
LLC, SPhinX Access Ltd., Raymond
James & Associates and Raymond
James Financial Services*

MORRISON & FOERSTER LLP

BY: _____
   Gary S. Lee
   Karen Ostad
   David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys
and Christopher Stride as
Joint Official Liquidators of
SPhinX Managed Futures Fund
SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY: _____
   Joseph Zagraniczy (JZ 0768)
   Jonathan Fellows (JF 8629)
   Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall &
Asylum Fund (a/k/a Masonic
Hall & Home and The Masonic
Care Community), Masonic
Medical Research Laboratory
and SPhinX Managed Futures
Index Fund, L.P.*

16. <u>Counterparts Acceptable:</u> This Settlement and Release may be executed in one or more counterparts and by facsimile, all of which shall be considered effective as an original signature.

Dated: October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP

BY:_____
   Luc A. Despins (LD 5141)
   Andrew M. Leblanc (AL 8395)
   Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S. Kirschner, as Plan Administrator for RCM*

*And*

*Counsel for RJM, LLC, as Plan Administrator for the Refco Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY:_____
   Marc T.G. Dworsky (MD 9256)
   Mark H. Epstein (ME 7334)
   Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch International, SPhinX Access LLC, SPhinX Access Ltd., Raymond James & Associates and Raymond James Financial Services*

MORRISON & FOERSTER LLP

BY:_____
   Gary S. Lee
   Karen Ostad
   David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys and Christopher Stride as Joint Official Liquidators of SPhinX Managed Futures Fund SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY:_____
   Joseph Zagraniczy (JZ 0768)
   Jonathan Fellows (JF 8629)
   Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall & Asylum Fund (a/k/a Masonic Hall & Home and The Masonic Care Community), Masonic Medical Research Laboratory and SPhinX Managed Futures Index Fund, L.P.*

14

16.  Counterparts Acceptable:  This Settlement and Release may be executed in one or more counterparts and by facsimile, all of which shall be considered effective as an original signature.

Dated:  October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP

BY: _____
    Luc A. Despins (LD 5141)
    Andrew M. Leblanc (AL 8395)
    Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S.
Kirschner, as Plan Administrator
for RCM*

*And*

*Counsel for RJM, LLC, as Plan
Administrator for the Refco
Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY: _____
    Marc T.G. Dworsky (MD 9256)
    Mark H. Epstein (ME 7334)
    Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch
International, SPhinX Access
LLC, SPhinX Access Ltd., Raymond
James & Associates and Raymond
James Financial Services*

MORRISON & FOERSTER LLP

BY: _____
    Gary S. Lee
    Karen Ostad
    David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys
and Christopher Stride as
Joint Official Liquidators of
SPhinX Managed Futures Fund
SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY: _____
    Joseph Zagraniczy (JZ 0768)
    Jonathan Fellows (JF 8629)
    Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall &
Asylum Fund (a/k/a Masonic
Hall & Home and The Masonic
Care Community), Masonic
Medical Research Laboratory
and SPhinX Managed Futures
Index Fund, L.P.*

13

16. <u>Counterparts Acceptable:</u> This Settlement and Release may be executed in one or more counterparts and by facsimile, all of which shall be considered effective as an original signature.

Dated: October 26, 2007

MILBANK, TWEED, HADLEY & McCLOY LLP

BY: _____
   Luc A. Despins (LD 5141)
   Andrew M. Leblanc (AL 8395)
   Dennis C. O'Donnell (DO 3648)
1 Chase Manhattan Plaza
New York, New York 10005
(212) 530-5000

*Counsel for the Marc S. Kirschner, as Plan Administrator for RCM*

*And*

*Counsel for RJM, LLC, as Plan Administrator for the Refco Contributing Debtors*

MUNGER TOLLES & OLSON LLP

BY: _____
   Marc T.G. Dworsky (MD 9256)
   Mark H. Epstein (ME 7334)
   Todd J. Rosen (TR 4388)
355 South Grand Avenue
35th Floor
Los Angeles, California 90071
(213) 683-9100

*Counsel for Merrill Lynch International, SPhinX Access LLC, SPhinX Access Ltd., Raymond James & Associates and Raymond James Financial Services*

MORRISON & FOERSTER LLP

BY: _____
   Gary S. Lee
   Karen Ostad
   David Capucilli
1290 Avenue of the Americas
New York, New York 10104
(212) 468-8000

*Counsel for Kenneth M. Krys and Christopher Stride as Joint Official Liquidators of SPhinX Managed Futures Fund SPC, et al.*

BOND SCHOENECK & KING, PLLC

BY: _____
   Joseph Zagraniczy (JZ 0768)
   Jonathan Fellows (JF 8629)
   Stephen A. Donato (SD 1522)
One Lincoln Center
Syracuse, New York
(315) 218-8000

*Counsel for Masonic Hall & Asylum Fund (a/k/a Masonic Hall & Home and The Masonic Care Community), Masonic Medical Research Laboratory and SPhinX Managed Futures Index Fund, L.P.*

PAUL, WEISS, RIFKIND, WHARTON, &
GARRISON LLP

BY: _____
  Stephen J. Shimshak (SS 8822)
  Christopher A. Jarvinen (CJ
  5461)
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Counsel for Caisse de Depot at
Placement du Quebec and Ofi
Asset Management*

KIRKLAND & ELLIS LLP

BY: _____
  Joseph Serino Jr. (JS 9911)
  Matthew Solum (MS 1616)
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Counsel for Friedberg Global
Macro Hedge Fund Ltd., Friedberg
Global Macro Hedge Fund and
Rozel Investments Ltd.*

BEUS GILBERT PLLC

BY: _____
  Leo R. Beus
  Adam C. Anderson (AA 1975)
4800 North Scottsdale Road
Suite 6000
Scottsdale, Arizona 85251
(480) 429-3000

*Counsel for James P. Sinclair,
as Trustee for the SPhinX
Funds Trust*

PAUL, WEISS, RIFKIND, WHARTON, &
GARRISON LLP

BY: _____
  Stephen J. Shimshak (SS 8822)
  Christopher A. Jarvinen (CJ
  5461)
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Counsel for Caisse de Depot at
Placement du Quebec and Ofi
Asset Management*

KIRKLAND & ELLIS LLP

BY: _____
  Joseph Serino Jr. (JS 9911)
  Matthew Solum (MS 1616)
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Counsel for Friedberg Global
Macro Hedge Fund Ltd., Friedberg
Global Macro Hedge Fund and
Rozel Investments Ltd.*

BEUS GILBERT PLLC

BY:_____
  Leo R. Beus
  Adam C. Anderson (AA 1975)
4800 North Scottsdale Road
Suite 6000
Scottsdale, Arizona 85251
(480) 429-3000

*Counsel for James P. Sinclair,
as Trustee for the SPhinX
Funds Trust*

14

PAUL, WEISS, RIFKIND, WHARTON, &
GARRISON LLP

BY: _____
  Stephen J. Shimshak (SS 8822)
  Christopher A. Jarvinen (CJ
  5461)
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000

*Counsel for Caisse de Depot at
Placement du Quebec and Ofi
Asset Management*

KIRKLAND & ELLIS LLP

BY: _____
  Joseph Serino Jr. (JS 9911)
  Matthew Solum (MS 1616)
153 East 53rd Street
New York, New York 10022
(212) 446-4800

*Counsel for Friedberg Global
Macro Hedge Fund Ltd., Friedberg
Global Macro Hedge Fund and
Rozel Investments Ltd.*

BEUS GILBERT PLLC

BY: _____
  Leo R. Beus
  Adam C. Anderson (AA 1975)
4800 North Scottsdale Road
Suite 6000
Scottsdale, Arizona 85251
(480) 429-3000

*Counsel for James P. Sinclair,
as Trustee for the SPhinX
Funds Trust*

14

The Refco entities are:

1.      Bersec International LLC

2.      Kroeck & Associates, LLC

3.      Marshall Metals LLC

4.      New Refco Group LTD., LLC

5.      Refco Administration LLC

6.      Refco Capital Holdings LLC

7.      Refco Capital LLC

8.      Refco Capital Management LLC

9.      Refco Capital Markets, LTD

10.     Refco Capital Trading LLC

11.     Refco F/X Associates LLC

12.     Refco Finance Inc.

13.     Refco Financial LLC

14.     Refco Fixed Assets Management LLC

15.     Refco Global Capital Management LLC

16.     Refco Global Finance LTD

17.     Refco Global Futures LLC

18.     Refco Global Holdings LLC

19.     Refco Group LTD., LLC

20.     Refco Inc.

21.     Refco Information Services LLC

22.     Refco Mortgage Securities, LLC

23.     Refco Regulated Companies LLC

24. Summit Management LLC

25. Lind-Waldock Securities LLC

26. Refco Managed Futures LLC

27. Westminster-Refco Management LLC

28. Refco Commodity Management, Inc

29. Easyscreen Inc

30. Futuresnow LLC

31. Haut Commodities LLC

32. MCC Futures Management, Lp

33. Refco Administrative Services Inc

34. Refco Advisors, LLC

35. Refco Alternative Investments LLC

36. Refco Canada Finance Inc.

37. Refco Clearing

38. Refco Commodity Management, Inc.

39. Refco Easysolutions LLC

40. Refco Fund Holdings LLC

41. Refco Fund Management LLC

42. Refco Information Service LLC

43. Refco LLC

44. Refco Local Divisions, LLC

45. Refco Managed Futures LLC

46. Refco Management LLC

47. Refco Securities LLC

48. Refco Trading Services LLC

49. Refco Finanzierungeratung GmbH

50. Refcofund Holdings LLC

51. Refcofund Management LLC

52. Sino Mining Limited Partnership

53. Sino Refco Investments Limited Partnership

54. Sino Refco Investment LLC

55. St Relative Arbitage, Fd

56. Westminster (Newco), LLC

57. Westminster Refco Management LLC

58. Westminster-Refco Holding Company, LLC