UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
In re:                                    :        Chapter 11
                                          :
Refco Commodity Management, Inc.,         :        Case No. 05-60006 (RDD)
                                          :
                              Debtor.     :        (Jointly Administered)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**REFCO COMMODITY MANAGEMENT, INC.'S PLAN OF LIQUIDATION**


Sally McDonald Henry
SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000


        -- and --


Felicia Gerber Perlman
Stephen D. Williamson
SKADDEN, ARPS, SLATE, MEAGHER
        & FLOM LLP
333 West Wacker Drive
Chicago, Illinois 60606-1285
(312) 407-0700

Attorneys for Refco Commodity Management, Inc.


Dated:   New York, New York
         May 9, 2008

**TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

ARTICLE I DEFINED TERMS AND RULES OF INTERPRETATION .................................................1

1.1     Administrative Claim ................................................................................1
1.2     Administrative Claims Bar Date ...............................................................2
1.3     Administrative Claims Objection Deadline ...............................................2
1.4     Allowed Claim .........................................................................................2
1.5     "Allowed ... Claim" ..................................................................................2
1.6     Ballot .......................................................................................................2
1.7     Bankruptcy Code .....................................................................................2
1.8     Bankruptcy Court .....................................................................................2
1.9     Bankruptcy Rules .....................................................................................2
1.10    Bar Date ...................................................................................................2
1.11    Business Day ............................................................................................2
1.12    Cash .........................................................................................................2
1.13    Chapter 11 Case .......................................................................................2
1.14    Claim........................................................................................................3
1.15    Claims Objection Deadline .......................................................................3
1.16    Class .........................................................................................................3
1.17    Confirmation ............................................................................................3
1.18    Confirmation Date ....................................................................................3
1.19    Confirmation Hearing ..............................................................................3
1.20    Confirmation Order ..................................................................................3
1.21    Contributing Non-Debtor Affiliate Trigger Date ......................................3
1.22    Debtor ......................................................................................................3
1.23    Disclosure Statement................................................................................3
1.24    Disputed Claim ........................................................................................3
1.25    "Disputed ... Claim" .................................................................................3
1.26    Disputed Claims Amount .........................................................................3
1.27    Distribution ..............................................................................................3
1.28    Effective Date ..........................................................................................3
1.29    Employee Benefit Plans ...........................................................................4
1.30    ERISA......................................................................................................4
1.31    Estate........................................................................................................4
1.32    Exhibit......................................................................................................4
1.33    Final Order ...............................................................................................4
1.34    General Unsecured Claim .........................................................................4
1.35    Holder ......................................................................................................4
1.36    IDS Settlement Agreement .......................................................................4
1.37    Impaired ...................................................................................................4
1.38    Interest .....................................................................................................4
1.39    Lien ..........................................................................................................4
1.40    Litigation Claims .....................................................................................4
1.41    Non-Tax Priority Claim ...........................................................................4
1.42    Old Equity ................................................................................................4
1.43    Person.......................................................................................................4
1.44    Petition Date.............................................................................................5
1.45    Plan ..........................................................................................................5
1.46    Plan Administrator ...................................................................................5
1.47    Plan Administration Costs ........................................................................5

1.48    Plan Committee .................................................................................................. 5
1.49    Post-Petition Management ................................................................................... 5
1.50    Priority Tax Claim .............................................................................................. 5
1.51    Professional ........................................................................................................ 5
1.52    RCM Plan Administrator ..................................................................................... 5
1.53    RCM Trustee ....................................................................................................... 5
1.54    RCMI Director ..................................................................................................... 5
1.55    Refco Plan ........................................................................................................... 5
1.56    Remaining Equity ................................................................................................ 5
1.57    Remaining Equity Distribution ........................................................................... 5
1.58    means the Distribution of the Remaining Equity. ............................................... 5
1.59    Reorganized Refco .............................................................................................. 5
1.60    Scheduled ............................................................................................................ 5
1.61    Schedules ............................................................................................................ 5
1.62    Secured Claim ..................................................................................................... 5
1.63    Subordinated Claims ........................................................................................... 6
1.64    Unclassified Claims ............................................................................................ 6
1.65    Unimpaired .......................................................................................................... 6

ARTICLE II TREATMENT OF UNCLASSIFIED CLAIMS ............................................... 6
2.1    Administrative Claims .......................................................................................... 6
2.2    Priority Tax Claims .............................................................................................. 7

ARTICLE III CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ....... 7
3.1    Introduction .......................................................................................................... 7
3.2    Summary Of Classes ............................................................................................. 7
3.3    Treatment Of Classes ........................................................................................... 8
3.4    Allowed Claims and Interests .............................................................................. 9
3.5    Alternative Treatment .......................................................................................... 9
3.6    Special Provision Regarding Unimpaired Claims ............................................... 9

ARTICLE IV DEEMED ACCEPTANCE OF THE PLAN ................................................... 9
4.1    No Impaired Classes ............................................................................................ 9
4.2    Presumed Acceptance by Unimpaired Classes .................................................... 9
4.3    No Classes Entitled to Vote ................................................................................. 9
4.4    Confirmation Pursuant to Section 1129(b) of the Bankruptcy Code.................... 10

ARTICLE V MEANS FOR IMPLEMENTATION OF THE PLAN ....................................... 10
5.1    Merger Of RCMI Into Refco Inc. ......................................................................... 10
5.2    Director And Officer: Effectuating Documents; Further Transactions ................. 10
5.3    Preservation Of Rights Of Action; Settlement Of Litigation ............................... 10
5.4    Cancellation Of Securities, Instruments, And Agreements Evidencing Claims And
         Interests ............................................................................................................... 10
5.5    Sources Of Cash For Plan Distributions .............................................................. 10
5.6    Exemption From Transfer Taxes .......................................................................... 10

ARTICLE VI PROVISIONS GOVERNING DISTRIBUTIONS ......................................... 11
6.1    Distributions For Allowed Claims ....................................................................... 11
6.2    Interest And Penalties On Claims ........................................................................ 11
6.3    Distributions By Debtor ....................................................................................... 11
6.4    Delivery Of Distributions And Undeliverable Or Unclaimed Distributions ........ 11
6.5    Record Date For Distributions ............................................................................. 11
6.6    Allocation Of Plan Distributions Between Principal And Interest........................ 11
6.7    Means Of Cash Payment ...................................................................................... 11
6.8    Withholding And Reporting Requirements ........................................................... 11
6.9    Setoffs ................................................................................................................. 12

6.10    Release Of Liens ....................................................................................................... 12

ARTICLE VII TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES .......................... 12
7.1    Rejected Contracts And Leases ................................................................................ 12
7.2    Bar To Rejection Damages ...................................................................................... 12
7.3    Compensation And Benefit Programs ...................................................................... 12

ARTICLE VIII PROCEDURES FOR RESOLVING DISPUTED, CONTINGENT, AND
UNLIQUIDATED CLAIMS ...................................................................................................... 12
8.1    Objection Deadline; Prosecution Of Objections ..................................................... 12
8.2    No Distributions Pending Allowance ...................................................................... 13

ARTICLE IX CONFIRMATION AND CONSUMMATION OF THE PLAN .......................................... 13
9.1    Conditions To Confirmation .................................................................................... 13
9.2    Conditions To Effective Date................................................................................... 13
9.3    Waiver Of Conditions .............................................................................................. 14
9.4    Consequences Of Non-Occurrence Of Effective Date ............................................ 14

ARTICLE X EFFECT OF PLAN CONFIRMATION ...................................................................... 14
10.1    Binding Effect ........................................................................................................ 14
10.2    Exculpation And Limitation Of Liability ............................................................... 14
10.3    No Discharge Of Claims; Injunction ...................................................................... 14
10.4    Term Of Bankruptcy Injunction Or Stays .............................................................. 15

ARTICLE XI RETENTION OF JURISDICTION ......................................................................... 15

ARTICLE XII MISCELLANEOUS PROVISIONS ........................................................................ 17
12.1    Effectuating Documents And Further Transactions ................................................ 17
12.2    Corporate Action .................................................................................................... 17
12.3    Approval of IDS Settlement Agreement ................................................................. 17
12.4    Bar Dates For Certain Claims ................................................................................. 17
12.5    Payment Of Statutory Fees ..................................................................................... 17
12.6    Amendment Or Modification Of The Plan ............................................................. 17
12.7    Severability Of Plan Provisions ............................................................................. 17
12.8    Successors And Assigns........................................................................................... 17
12.9    Revocation, Withdrawal, Or Non-Consummation .................................................. 18
12.10    Notice.................................................................................................................... 18
12.11    Governing Law ..................................................................................................... 18
12.12    Schedules .............................................................................................................. 18
12.13    Filing Of Additional Documents........................................................................... 18

EXHIBITS

EXHIBIT A          IDS Settlement Agreement

## INTRODUCTION

Refco Commodity Management, Inc. ("RCMI" or the "Debtor") proposes the following plan of liquidation that contemplates the disposition of RCMI's assets and the resolution of the outstanding Claims against and interests in RCMI.  Reference is made to the Disclosure Statement, distributed contemporaneously herewith, for a discussion of (i) RCMI's history, the disposition of its business operations and the liquidation of its assets, (ii) a summary and analysis of this Plan, and (iii) certain related matters, including risk factors relating to the consummation of this Plan.  Subject to certain restrictions and requirements set forth in section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, RCMI reserves the right to alter, amend, modify, revoke, or withdraw this plan prior to its substantial consummation.

RCMI's Plan is based in large part upon specific provisions set forth in the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries (the "Refco Plan"), which was confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on December 15, 2006.  Pursuant to the Refco Plan, and subject to the exercise of certain rights provided in the Refco Plan for the RCM Trustee, each of the remaining claims asserted against RCMI prior to the Bar Date may be deemed to be subordinated to all other claims against or equity interests in RCMI or otherwise released in order to allow RCMI to wind-up its affairs and distribute its remaining property to Reorganized Refco in accordance with the Refco Plan. RCMI prepared the Plan in consultation with the RCM Plan Administrator (successor in interest to the RCM Trustee) and the Plan Administrator to establish the processes by which RCMI will wind-up its affairs and distribute its remaining property in accordance with the Refco Plan, and to provide notice of the same to the parties who have asserted claims against RCMI and the Bankruptcy Court.

The RCM Plan Administrator has advised RCMI that, if the Bankruptcy Court approves the Disclosure Statement, the Plan Committee has previously consented to and the RCM Plan Administrator shall designate the Contributing Non-Debtor Affiliate Trigger Date for RCMI to be the Effective Date of the Plan and, to the extent necessary to ensure that RCMI winds up its affairs and distribute its remaining property to Reorganized Refco, deem the subordination of the claims asserted against RCMI to be a release of such claims.

By separate motion, RCMI has requested the Bankruptcy Court to conduct a combined hearing to consider adequacy of the Disclosure Statement and confirmation of this Plan.  If the Bankruptcy Court approves the Disclosure Statement at such hearing, RCMI thereafter will seek immediate confirmation of the Plan.

## ARTICLE I

## DEFINED TERMS AND RULES OF INTERPRETATION

*Defined Terms*.  As used herein, capitalized terms shall have the meanings set forth below.  Any term that is not otherwise defined herein, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning given to that term in the Bankruptcy Code or the Bankruptcy Rules, as applicable.

**1.1**    *Administrative Claim* means an Allowed Claim for costs and expenses of administration of the Chapter 11 Case under sections 503(b), 507(b), or 1114(e)(2) of the Bankruptcy Code, including: (a) any actual and necessary costs and expenses, incurred after the Petition Date, of preserving the Estate and operating the business of RCMI (such as wages, salaries, and commissions for services and payments for inventory, leased equipment, and premises) and Claims of governmental units for taxes (including tax audit Claims related to tax years commencing after the Petition Date, but excluding Claims relating to tax periods, or portions thereof, ending on or before the Petition Date); (b) compensation for legal, financial, advisory, accounting, and other

services and reimbursement of expenses under sections 327, 328, 330, 331, or 503(b) of the Bankruptcy Code to the extent incurred after the Petition Date and prior to the Effective Date; (c) all fees and charges assessed against the Estate under 28 U.S.C. § 1930; and (d) all other claims entitled to administrative claim status pursuant to a Final Order of the Bankruptcy Court.

    1.2  ***Administrative Claims Bar Date*** means the last day for filing with the Bankruptcy Court requests for allowance and payment of Administrative Claims in accordance with Section 12.4 of this Plan, which date shall be twenty (20) days after the Confirmation Date.

    1.3  ***Administrative Claims Objection Deadline*** means the last day for filing an objection to any request for the payment of an Administrative Claim, which shall be (a) 40 days after the Confirmation Date or (b) such other date specified in this Plan or ordered by the Bankruptcy Court.  The filing of a motion to extend the Administrative Claims Objection Deadline shall automatically extend the Administrative Claims Objection Deadline until a Final Order is entered on such motion.  In the event that such motion to extend the Administrative Claims Objection Deadline is denied by the Bankruptcy Court, the Administrative Claims Objection Deadline shall be the later of the current Administrative Claims Objection Deadline (as previously extended, if applicable) or 10 days after the Bankruptcy Court's entry of an order denying the motion to extend the Administrative Claims Objection Deadline.

    1.4  ***Allowed Claim*** means a Claim or any portion thereof (a) that has been allowed by a Final Order of the Bankruptcy Court, (b) as to which, on or by the Effective Date, (i) no proof of claim has been filed with the Bankruptcy Court and (ii) the liquidated and noncontingent amount of which is Scheduled, other than a Claim that is Scheduled at zero, in an unknown amount, or as disputed, (c) for which a proof of claim in a liquidated amount has been timely filed with the Bankruptcy Court pursuant to the Bankruptcy Code, any Final Order of the Bankruptcy Court, or other applicable bankruptcy law, and as to which either (i) no objection to its allowance has been filed by the Claims Objection Deadline or the Administrative Claims Objection Deadline (as applicable), or within any period specified by the Bankruptcy Code or an order of the Bankruptcy Court, or (ii) any objection to its allowance has been settled or withdrawn, or has been denied by a Final Order, or (d) that is expressly allowed in a liquidated amount in the Plan.

    1.5  ***"Allowed ... Claim"*** means an Allowed Claim of the particular type or Class described.

    1.6  ***Ballot*** means each of the ballot forms distributed to each Holder of a Claim or Interest entitled to vote to accept or reject this Plan.

    1.7  ***Bankruptcy Code*** means title 11 of the United States Code, as now in effect or hereafter amended.

    1.8  ***Bankruptcy Court*** means the United States Bankruptcy Court for the Southern District of New York, or any other court with jurisdiction over the Chapter 11 Case.

    1.9  ***Bankruptcy Rules*** means the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court, as now in effect or hereafter amended.

    1.10  ***Bar Date*** means the bar date established by the Bankruptcy Court for filing proofs of Claim in RCMI's Chapter 11 Case, which date was May 11, 2007.

    1.11  ***Business Day*** means any day, other than a Saturday, Sunday, or "legal holiday" (as defined in Bankruptcy Rule 9006(a)).

    1.12  ***Cash*** means legal tender of the United States of America and equivalents thereof.

    1.13  ***Chapter 11 Case*** means the case under chapter 11 of the Bankruptcy Code commenced by RCMI in the Bankruptcy Court.

1.14    ***Claim*** means a "claim" as defined in section 101(5) of the Bankruptcy Code.

1.15    ***Claims Objection Deadline*** means the last day for filing objections to Claims, which day shall be (a) thirty (30) days after the Confirmation Date or (b) such other date as the Bankruptcy Court may order.  The filing of a motion to extend the Claims Objection Deadline shall automatically extend the Claims Objection Deadline until a Final Order is entered on such motion.  In the event that such motion to extend the Claims Objection Deadline is denied, the Claims Objection Deadline shall be the later of the current Claims Objection Deadline (as previously extended, if applicable) or 10 days after Bankruptcy Court's entry of an order denying the motion to extend the Administrative Claims Objection Deadline.

1.16    ***Class*** means a category of Holders of Claims or Interests, as described in Article II hereof.

1.17    ***Confirmation*** means the confirmation of the Plan by the Bankruptcy Court under section 1129 of the Bankruptcy Code.

1.18    ***Confirmation Date*** means the date on which the Bankruptcy Court enters the Confirmation Order on the docket of the Bankruptcy Court in RCMI's Chapter 11 Case.

1.19    ***Confirmation Hearing*** means the hearing held by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code to consider confirmation of this Plan, as such hearing may be adjourned or continued from time to time.

1.20    ***Confirmation Order*** means the order of the Bankruptcy Court confirming this Plan pursuant to section 1129 of the Bankruptcy Code.

1.21    ***Contributing Non-Debtor Affiliate Trigger Date*** shall have the meaning ascribed to such term in Section 1.57 of the Refco Plan.

1.22    ***Debtor*** means Refco Commodity Management, Inc.

1.23    ***Disclosure Statement*** means the disclosure statement (including all exhibits and schedules thereto) approved by the Bankruptcy Court, relating to this Plan, distributed contemporaneously herewith in accordance with sections 1125 and 1126(b) of the Bankruptcy Code and Bankruptcy Rule 3018.

1.24    ***Disputed Claim*** means (a) any Claim as to which RCMI has interposed a timely objection or request for estimation in accordance with the Bankruptcy Code and the Bankruptcy Rules, or any claim otherwise disputed by RCMI or other party-in-interest in accordance with applicable law, which objection has not been withdrawn or determined by a Final Order, (b) any Claim scheduled by RCMI as contingent, unliquidated, or disputed, or (c) any Claim which amends a claim scheduled by RCMI as contingent, unliquidated, or disputed.

1.25    ***"Disputed ... Claim"*** means a Disputed Claim of the type described.

1.26    ***Disputed Claims Amount*** means (a) with respect to contingent or unliquidated Claims, zero or the amount estimated by the Bankruptcy Court for purposes of distributions in respect of such Claim in accordance with section 502(c) of the Bankruptcy Code or (b) with respect to any Disputed Claim that is not contingent or unliquidated, the amount set forth in a timely filed proof of claim.

1.27    ***Distribution*** means any distribution pursuant to the Plan to the Holders of Allowed Claims and Interests.

1.28    ***Effective Date*** means the Business Day this Plan becomes effective as provided in Article IX hereof.

**1.29**    ***Employee Benefit Plans*** means those "employee benefit plans" (as defined in Section 3(3) of ERISA (whether or not such plan is subject to ERISA)), other material plans, policies, programs, practice, agreements, and understandings or arrangements maintained, sponsored, or contributed to for the benefits of current or former employees of RCMI.

**1.30**    ***ERISA*** shall mean the Employee Retirement Income Security Act of 1974, as amended, and the rules and regulations promulgated thereunder.

**1.31**    ***Estate*** means, individually, the estate of Refco Commodity Management, Inc.

**1.32**    ***Exhibit*** means an exhibit annexed to either this Plan or as an appendix to the Disclosure Statement.

**1.33**    ***Final Order*** means an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in the Chapter 11 Case, the operation or effect of which has not been stayed, reversed, or amended and as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired and as to which no appeal or petition for review or rehearing was filed or, if filed, remains pending.

**1.34**    ***General Unsecured Claim*** means a Claim that is not an Administrative Claim, Priority Tax Claim, Non-Tax Priority Claim, Other Secured Claim, Intercompany Claim, Old Equity Interest, or Subordinated Claim.

**1.35**    ***Holder*** means an entity holding a Claim or Interest who has completed and executed a Ballot in accordance with the voting instructions.

**1.36**    ***IDS Settlement Agreement*** means that certain Settlement Agreement dated as of April [26], 2008, among IDS Managed Futures, L.P., IDS Managed Futures II, L.P., IDS Futures Corporation, Ameriprise Financial Services, Inc., and RCMI, a copy of which is attached to this Plan as Exhibit B.

**1.37**    ***Impaired*** means, when used in reference to a Claim or Interest, a Claim or Interest that is impaired within the meaning of section 1124 of the Bankruptcy Code.

**1.38**    ***Interest*** means the legal, equitable, contractual, and other rights of any Person with respect to any capital stock or other ownership interest in RCMI, whether or not transferable, and any option, warrant, or right to purchase, sell, or subscribe for an ownership interest or other equity security in RCMI.

**1.39**    ***Lien*** shall mean any lien, security interest, pledge, title retention agreement, encumbrance, charge, mortgage or hypothecation, other than, in the case of securities and any other equity ownership interests, any restrictions imposed by applicable United States or foreign securities laws.

**1.40**    ***Litigation Claims*** means the claims, rights of action, suits, or proceedings, whether in law or in equity, whether known or unknown, that RCMI may hold against any Person.

**1.41**    ***Non-Tax Priority Claim*** means a Claim, other than an Administrative Claim or Priority Tax Claim, that is entitled to priority in payment pursuant to section 507(a) of the Bankruptcy Code.

**1.42**    ***Old Equity*** means the common stock of Refco Commodity Management, Inc. outstanding immediately prior to the Petition Date, including treasury stock and all options, warrants, calls, rights, puts, awards, commitments, or any other agreements of any character to acquire such common stock.

**1.43**    ***Person*** means an individual, corporation, partnership, joint venture, association, joint stock company, limited liability company, limited liability partnership, trust, estate, unincorporated organization, or other entity.

1.44    ***Petition Date*** means October 16, 2006.

1.45    ***Plan*** means this chapter 11 plan of reorganization, including the Exhibits and all supplements, appendices, and schedules hereto, either in its current form or as the same may be altered, amended, or modified from time to time.

1.46    ***Plan Administrator*** shall have the meaning ascribed to such term in Section 1.128 of the Refco Plan.

1.47    ***Plan Administration Costs*** means any costs incurred between the Confirmation Date and the Effective Date in the administration and winding-up of RCMI's Estate.

1.48    ***Plan Committee*** shall have the meaning ascribed to such term in Section 1.130 of the Refco Plan.

1.49    ***Post-Petition Management*** means any person serving as an officer or director of RCMI during any portion of the period commencing on the Petition Date and ending on the Effective Date.

1.50    ***Priority Tax Claim*** means a Claim of a governmental unit of the kind specified in sections 502(i) and 507(a)(8) of the Bankruptcy Code.

1.51    ***Professional*** means (a) any professional employed in this Chapter 11 Case pursuant to sections 327, 328, or 1103 of the Bankruptcy Code or otherwise and (b) any professional or other entity seeking compensation or reimbursement of expenses in connection with this Chapter 11 Case pursuant to section 503(b)(4) of the Bankruptcy Code.

1.52    ***RCM Plan Administrator*** means March S. Kirshner, who was appointed pursuant to the Refco Plan as the successor in interest to the RCM Trustee.

1.53    ***RCM Trustee*** shall have the meaning ascribed to such term in Section 1.176 of the Refco Plan.

1.54    ***RCMI Director*** means the sole officer and director of RCMI.

1.55    ***Refco Plan*** means the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries dated December 14, 2006.

1.56    ***Remaining Equity*** means the Cash from liquidating RCMI's assets after (i) any Distributions to the Holders of Allowed Claims and (ii) payment of any Plan Administration Costs.

1.57    ***Remaining Equity Distribution*** means the Distribution of the Remaining Equity.

1.59    ***Reorganized Refco*** means Refco, Inc. after the effective date of the Modified Joint Chapter 11 Plan of Refco Inc. and Certain of its Direct and Indirect Subsidiaries dated December 14, 2006.

1.60    ***Scheduled*** means, with respect to any Claim, the status, priority, and amount, if any, of such Claim as set forth in the Schedules.

1.61    ***Schedules*** means the schedules of assets and liabilities, the list of Holders of Interests, and the statements of financial affairs filed by RCMI pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rules, as such schedules have been or may be further modified, amended, or supplemented in accordance with Bankruptcy Rule 1009 or orders of the Bankruptcy Court.

1.62    ***Secured Claim*** means a Claim (other than an Administrative Claim) that is secured by a lien on property in which RCMI's Estate has an interest or that is subject to setoff under section 553 of the

Bankruptcy Code, to the extent of the value of the Claim Holder's interest in RCMI's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to section 506(a) of the Bankruptcy Code or, in the case of setoff, pursuant to section 553 of the Bankruptcy Code.

        **1.63**    ***Subordinated Claims*** means any Claim which is subordinated pursuant to the Refco Plan.

        **1.64**    ***Unclassified Claims*** means Administrative Claims and Priority Tax Claims

        **1.65**    ***Unimpaired*** means a Claim or Interest that is not impaired within the meaning of section 1124 of the Bankruptcy Code.

        *Rules Of Interpretation And Computation Of Time*.  For purposes of this Plan, unless otherwise provided herein: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural; (b) unless otherwise provided in this Plan, any reference in this Plan to a contract, instrument, release, or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any reference in this Plan to an existing document or schedule filed or to be filed means such document or schedule, as it may have been or may be amended, modified, or supplemented pursuant to this Plan; (d) any reference to an entity as a Holder of a Claim or Interest includes that entity's successors and assigns; (e) all references in this Plan to sections and articles are references to sections and articles of or to this Plan; (f) the words "herein," "hereunder," and "hereto" refer to this Plan in its entirety rather than to a particular portion of this Plan; (g) captions and headings to articles and sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of this Plan; (h) subject to the provisions of any contract, certificates of incorporation, by-laws, instrument, release, or other agreement or document entered into in connection with this Plan, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, federal law, including the Bankruptcy Code and Bankruptcy Rules; (i) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; (j) in computing any period of time prescribed or allowed by this Plan, the provisions of Bankruptcy Rule 9006(a) shall apply; (k) "including" means "including without limitation;" and (l) with reference to any Distribution under this Plan, "on" a date means on or as soon as reasonably practicable after that date.

        *Exhibits*.  All Exhibits to the Plan are incorporated into and are a part of this Plan as if set forth in full herein**.**  To the extent any Exhibit is inconsistent with the terms of this Plan, unless otherwise ordered by the Bankruptcy Court, the non-Exhibit portion of this Plan shall control.

## ARTICLE II

## TREATMENT OF UNCLASSIFIED CLAIMS

        In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims are not classified and are not entitled to vote on the Plan.

        **2.1**    ***Administrative Claims***.  On the Effective Date, each Holder of an Allowed Administrative Claim shall receive, in full and final satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Administrative Claim, Cash equal to the unpaid portion of its Allowed Administrative Claim.  Notwithstanding the foregoing, (a) any Allowed Administrative Claim based on a liability incurred by RCMI in the ordinary course of business during the Chapter 11 Case may be paid in the ordinary course of business in accordance with the terms and conditions of any agreement relating thereto and (b) any Allowed Administrative Claim may be paid on such other terms as may be agreed on between the Holder of such Claim and RCMI. Subsection (b) of the second sentence in this section 2.1 of the Plan shall not be construed to avoid relieving the

need for Court approval of an Administrative Claim when such Court approval is otherwise specifically required by the Bankruptcy Code.

          **2.2**     ***Priority Tax Claims***.  On the Effective Date, each Holder of an Allowed Priority Tax Claim shall receive, in full and final satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Priority Tax Claim, (a) Cash equal to the unpaid portion of its Allowed Priority Tax Claim, (b) treatment in any other manner such that its Allowed Priority Tax Claims shall not be impaired pursuant to section 1124 of the Bankruptcy Code, including payment in accordance with the provisions of section 1129(a)(9)(C) of the Bankruptcy Code, or (c) such other treatment as to which RCMI and such Holder shall have agreed upon in writing.  Clause (c) of the preceding sentence shall not be construed to avoid the need for Bankruptcy Court approval of a Priority Tax Claim when such Bankruptcy Court approval is otherwise required by the Bankruptcy Code.

# ARTICLE III

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

          **3.1**     ***Introduction***

        Pursuant to section 1122 of the Bankruptcy Code, set forth below is a designation of Classes of Claims against and Interests in RCMI.  In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims and Priority Tax Claims, as described above, have not been classified and are not entitled to vote on the Plan. A Claim or Interest is placed in a particular Class only to the extent that the Claim or Interest falls within the description of that Class and is classified in other Classes to the extent that any portion of the Claim or Interest falls within the description of such other Classes.  A Claim or Interest is also placed in a particular Class for the purpose of receiving Distributions pursuant to the Plan only to the extent that such Claim or Interest is an Allowed Claim in that Class and such Claim or Interest has not been paid, released, or otherwise settled prior to the Effective Date.

          **3.2**     ***Summary Of Classes***

| Class | Impaired/Unimpaired; Entitlement To Vote |
|---|---|
| Class 1 - Non-Tax Priority Claims | Unimpaired - Deemed to have accepted the Plan and not entitled to vote |
| Class 2 - Secured Claims | Unimpaired - Deemed to have accepted the Plan and not entitled to vote |
| Class 3 - General Unsecured Claims | Unimpaired - Deemed to have accepted the Plan and not entitled to vote |
| Class 4 - Old Equity Interests | Unimpaired - Deemed to have accepted the Plan and not entitled to vote |
| Class 5 - Subordinated Claims | Unimpaired - Deemed to have accepted the Plan and not entitled to vote |

**3.3**        ***Treatment Of Classes***

(a)        *Class 1 - Non-Tax Priority Claims*

(i)        *Claims In Class*:  Class 1 consists of a separate Class for all Non-Tax Priority Claims against RCMI.  RCMI does not believe that there are any Non-Tax Priority Claims and, therefore, this Plan constitutes an objection to any such Non-Tax Priority Claims which may be asserted.

(ii)        *Treatment*:  On the Effective Date, each Holder of an Allowed Class 1 Non-Tax Priority Claim, if any, shall receive, in full and final satisfaction, release, and discharge of, and in exchange for, such Allowed Non-Tax Priority Claim, Cash equal to the unpaid portion of such Allowed Non-Tax Priority Claim in full satisfaction, release, settlement of, and in exchange for, such Allowed Non-Tax Priority Claim.

(b)        *Class 2 - Secured Claims*

(i)        *Claims In Class*:  Class 2 consists of a separate Class for Secured Claims against RCMI.  RCMI does not believe that there are any Secured Claims and, therefore, this Plan constitutes an objection to any such Secured Claims which may be asserted.

(ii)        *Treatment*:  On, or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 2 Secured Claim, if any, shall receive, in full and final satisfaction, release, and discharge of, and in exchange for, such Allowed Secured Claim, Cash equal to the unpaid portion of such Allowed Secured Claim in full satisfaction, release, settlement of, and in exchange for, such Allowed Secured Claim.

(c)        *Class 3 - General Unsecured Claims*

(i)        *Claims In Class*:  Class 3 consists of a separate Class for all General Unsecured Claims against RCMI.  RCMI does not believe that there are any General Unsecured Claims and, therefore, this Plan constitutes an objection to any such General Unsecured Claims which may be asserted.

(ii)        *Treatment*:  On, or as soon as reasonably practicable after the Effective Date, each Holder of an Allowed Class 3 General Unsecured Claim, if any, shall receive, in full and final satisfaction, release, and discharge of, and in exchange for, such Allowed General Unsecured Claim, Cash equal to the unpaid portion of such General Unsecured Claim in full satisfaction, release, settlement of, and in exchange for, such Allowed General Unsecured Claim.

(d)    *Class 4 - Old Equity Interests*

(i)    *Interests In Class*:  Class 4 consists of Old Equity Interests and any claims directly or indirectly arising from or under, or relating in any way to, the Old Equity Interests.

(iii)    *Treatment*:  On, or as soon as reasonably practicable after  the Effective Date, each Holder of an Allowed Class 4 Old Equity Interest shall receive, in full and final satisfaction, release, and discharge of, and in exchange for, such Allowed Old Equity Interest, its Pro Rata share of the Remaining Equity Distribution.

(e)    *Class 5 - Subordinated Claims*

(i)    *Claims In Class*:  Class 5 consists of a separate Class for all Subordinated Claims against RCMI.

(iii)    *Treatment*:  No Holder of a Class 5 Subordinated Claim shall be entitled to, nor shall it receive or retain, any property or interest in property on account of such Subordinated Claim.  On the Effective Date, all Subordinated Claims shall be expunged.

**3.4    *Allowed Claims and Interests*.**  Notwithstanding any provision herein to the contrary, RCMI shall make Distributions only to Holders of Allowed Claims.  A Holder of a Disputed Claim shall receive only a Distribution on account thereof when and to the extent that its Disputed Claim becomes an Allowed Claim. Pursuant to section 9.2 of the Plan, RCMI intends to resolve all Disputed Claims prior to the occurrence of the Effective Date.

**3.5    *Alternative Treatment*.**  Notwithstanding any provision herein to the contrary, any Holder of an Allowed Claim may receive, instead of the Distribution or treatment to which it is entitled hereunder, any other Distribution or treatment to which it and RCMI may agree in writing.

**3.6    *Special Provision Regarding Unimpaired Claims*.**  Except as otherwise provided in this Plan, nothing shall affect RCMI's and Reorganized Refco's rights and defenses, both legal and equitable, with respect to any Unimpaired Claims, including but not limited to all rights with respect to legal and equitable defenses to setoffs against or recoupments of Unimpaired Claims.

## ARTICLE IV

## DEEMED ACCEPTANCE OF THE PLAN

**4.1    *No Impaired Classes*.**  There are no Impaired Classes of Claims against or Interests in RCMI under this Plan.  Each Class of Claims and Interests under this Plan is Unimpaired.

**4.2    *Presumed Acceptance by Unimpaired Classes*.**  Classes 1, 2, 3, 4 and 5 are Unimpaired by this Plan.  Under section 1126(f) of the Bankruptcy Code, Holders of such Claims are conclusively presumed to accept this Plan, and the votes of the Holders of such Claims and Interests will not be solicited.

**4.3    *No Classes Entitled to Vote*.**  There are no Impaired Classes of Claims against or Interests in RCMI under this Plan.  Accordingly, there is no Class of Claims or Interests that is entitled to vote to accept or reject this Plan.  Each Class of Claims and Interests under this Plan is Unimpaired.  By operation of law, each Unimpaired Class of Claims or Interests is deemed to have accepted this Plan and, therefore, is not entitled to vote.

**4.4**     ***Confirmation Pursuant to Section 1129(b) of the Bankruptcy Code***.  Although there are no Impaired Classes of Claims or Interests under the Plan, if the Bankruptcy Court deems any Class of Claims or Interests to be Impaired, and to the extent that any such  Impaired Class votes to reject the Plan or is deemed to have rejected it, RCMI shall request Confirmation of the Plan under section 1129(b) of the Bankruptcy Code.

# ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

**5.1**     ***Merger Of RCMI Into Refco Inc.***  On the Effective Date, (a) RCMI shall be merged with and into Refco Inc., with Refco Inc. as the surviving entity, and (b) RCMI's Chapter 11 Case shall be closed. Notwithstanding anything to the contrary in this section of the Plan, the merger in fact of RCMI with and into Refco Inc. referenced in such section shall occur no earlier than the Effective Date.

**5.2**     ***Director And Officer: Effectuating Documents; Further Transactions***.  On the Effective Date, the RCMI Director shall be deemed to have resigned, except that the RCMI Director shall be authorized to execute, deliver, file, or record such documents, instruments, releases, and other agreements and to take such actions as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan and take such actions as specified in this Article V of the Plan.

**5.3**     ***Preservation Of Rights Of Action; Settlement Of Litigation.***

(a)     *Preservation Of Rights Of Action*.  Except as otherwise provided in the Plan, the Confirmation Order, or in any document, instrument, release, or other agreement entered into in connection with the Plan, in accordance with section 1123(b) of the Bankruptcy Code, RCMI, prior to the Effective Date, and Reorganized Refco, after the Effective Date, shall retain any Litigation Claims.  RCMI and Reorganized Refco may enforce, sue on, settle, or compromise (or decline to do any of the foregoing) any or all of the Litigation Claims.

(b)     *Settlement Of Litigation Claims*.  At any time after the Confirmation Date and before the Effective Date, notwithstanding anything in the Plan to the contrary, RCMI may settle any or all of the Litigation Claims with the approval of the Bankruptcy Court pursuant to Bankruptcy Rule 9019.  After the Effective Date, Reorganized Refco may settle any or all of the Litigation Claims without the approval of the Bankruptcy Court.

**5.4**     ***Cancellation Of Securities, Instruments, And Agreements Evidencing Claims And Interests***.  Except as otherwise provided in the Plan and in any contract, instrument, or other agreement or document created in connection with the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to this Article V, the promissory notes, share certificates (including treasury stock), other instruments evidencing any Claims or Interests, and all options, warrants, calls, rights, puts, awards, commitments, or any other agreements of any character to acquire such Interests shall be deemed canceled and of no further force and effect, without any further act or action under any applicable agreement, law, regulation, order, or rule, and the obligations of RCMI under the notes, share certificates, and other agreements and instruments governing such Claims and Interests shall be discharged.  The Holders of or parties to such canceled notes, share certificates, and other agreements and instruments shall have no rights arising from or relating to such notes, share certificates, and other agreements and instruments, or the cancellation thereof, except the rights provided pursuant to the Plan.

**5.5**     ***Sources Of Cash For Plan Distributions***.  Except as otherwise provided in the Plan or the Confirmation Order, all Cash necessary for RCMI to make payments pursuant to the Plan shall be obtained from RCMI's Cash balances and the liquidation of RCMI's and the Estate's remaining non-Cash assets, if any.  Cash payments to be made pursuant to the Plan to Holders of Allowed Claims and Interests shall be made by RCMI on the Effective Date.

**5.6**     ***Exemption From Transfer Taxes***.  Pursuant to section 1146(c) of the Bankruptcy Code, any transfer under, in furtherance of, or in connection with, the Plan shall not be subject to any stamp tax, recording tax, transfer tax, or other similar tax.  Unless the Bankruptcy Court orders otherwise, all sales, transfers, and

assignments of owned and leased property, approved by the Bankruptcy Court on or prior to the Effective Date, shall be deemed to have been in furtherance of, or in connection with, the Plan.  Notwithstanding anything in this section of the Plan to the contrary, the exemption from taxes referenced in this section of the Plan shall only be to the extent permitted for under section 1146(c) of the Bankruptcy Code.

**ARTICLE VI**

**PROVISIONS GOVERNING DISTRIBUTIONS**

        6.1      *Distributions For Allowed Claims*.  Except as otherwise provided herein or as ordered by the Bankruptcy Court or provided under this Plan, Distributions to be made on account of Claims and Interests that are Allowed Claims and Interests as of the Effective Date shall be made on the Effective Date.

        6.2      *Interest And Penalties On Claims*.  Unless otherwise specifically provided for in this Plan or the Confirmation Order, or required by applicable bankruptcy law, postpetition interest and penalties shall not accrue or be paid on any Claims and no Holder of a Claim shall be entitled to interest and penalties accruing on or after the Petition Date through the date such Claim is satisfied in accordance with the terms of this Plan.

        6.3      *Distributions By Debtor*.  RCMI shall make all Distributions of Cash required to be distributed under applicable provisions of the Plan.  RCMI may employ other entities to assist in or make the Distributions required by this Plan.

        6.4      *Delivery Of Distributions And Undeliverable Or Unclaimed Distributions*.

                (a)      *Delivery Of Distributions In General*.  Distributions to Holders of Allowed Claims and Interests shall be made at the addresses set forth in RCMI's records unless such addresses are superseded by proofs of claim or transfers of claim filed pursuant to Bankruptcy Rule 3001.

                (b)      *Time Bar to Cash Payments*.  Checks issued by RCMI on account of Allowed Claims and Interests shall be null and void if not negotiated within ninety (90) days from and after the date of issuance thereof.  After such date, all Claims in respect of voided checks shall be discharged and forever barred and Reorganized Refco shall retain all monies related thereto for distribution in accordance with the Refco Plan.

        6.5      *Record Date For Distributions*.  With respect to all Claims, RCMI shall have no obligation to recognize the transfer of, or the sale of any participation in, any Claim that occurs after the close of business on the Effective Date, and shall be entitled for all purposes herein to recognize and distribute only to those Holders of Claims or Interests who are Holders of such Claims or Interests, or participants therein, as of the close of business on the Effective Date.  RCMI shall instead be entitled to recognize and deal for all purposes under this Plan with only those record Holders stated on the official claims register as of the close of business on the Effective Date.

        6.6      *Allocation Of Plan Distributions Between Principal And Interest*.  To the extent that any Allowed Claim entitled to a Distribution under this Plan is comprised of indebtedness and accrued but unpaid interest thereon, such distribution shall, for all income tax purposes, be allocated to the principal amount of the Claim first and then, to the extent that the consideration exceeds the principal amount of the Claim, to the portion of such Claim representing accrued but unpaid interest.

        6.7      *Means Of Cash Payment*.  Payments of Cash made pursuant to this Plan shall be in U.S. dollars and shall be made, at the option and in the sole discretion of RCMI, by (a) checks drawn on or (b) wire transfer from a domestic bank selected by RCMI.  Cash payments to foreign creditors, if any, may be made, at the option of RCMI, in such funds and by such means as are necessary or customary in a particular foreign jurisdiction.

        6.8      *Withholding And Reporting Requirements*.  In connection with this Plan and all Distributions thereunder, RCMI shall comply with all withholding and reporting requirements imposed by any federal, state, local, or foreign taxing authority, and all Distributions hereunder shall be subject to any such

withholding and reporting requirements.  RCMI shall be authorized to take any and all actions that may be necessary or appropriate to comply with such withholding and reporting requirements.

        **6.9**    ***Setoffs***.  RCMI may, pursuant to section 553 of the Bankruptcy Code or applicable nonbankruptcy laws, but shall not be required to, set off against any Claim, the payments or other Distributions to be made pursuant to this Plan in respect of such Claim, or claims of any nature whatsoever that RCMI may have against the Holder of such Claim; *provided*, *however*, that neither the failure to do so nor the allowance of any Claim hereunder shall constitute a waiver or release by RCMI or Reorganized Refco of any such claim that RCMI or Reorganized Refco may have against such Holder.

        **6.10**    ***Release Of Liens***.  Except as otherwise provided in this Plan, or in any contract, instrument, release, or other agreement or document created or assumed as part of this Plan, on the Effective Date and concurrently with the applicable Distributions made pursuant to this Plan, all mortgages, deeds of trust, liens, pledges, or other security interests (collectively, the "<u>Mortgages</u>") in and against the property of any Estate automatically shall be fully released and discharged, and all such property shall be free and clear of all such Mortgages.

**ARTICLE VII**

**TREATMENT OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES**

        **7.1**    ***Rejected Contracts And Leases***.  Except as otherwise provided in the Confirmation Order, the Plan, or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, the Confirmation Order shall constitute an order under section 365 of the Bankruptcy Code rejecting all prepetition executory contracts and unexpired leases to which any Debtor is a party, to the extent such contracts or leases are executory contracts or unexpired leases, on the Confirmation Date subject only to the occurrence of the Effective Date, unless such contract or lease (a) previously shall have been assumed, assumed and assigned, or rejected by RCMI, or (b) previously shall have expired or terminated pursuant to its own terms before the Effective Date.

        **7.2**    ***Bar To Rejection Damages***.  If the rejection of an executory contract or unexpired lease pursuant to Section 7.1 above gives rise to a Claim by the other party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against RCMI, its Estate, or their respective successors or properties unless a proof of Claim is filed and served on RCMI and counsel for RCMI within twenty (20) days after the Confirmation Date or such other date as is prescribed by the Bankruptcy Court.

        **7.3**    ***Compensation And Benefit Programs***.  All Employee Benefit Plans, including programs subject to sections 1114 and 1129(a)(13) of the Bankruptcy Code, entered into before or after the Petition Date and not since terminated or assumed and assigned by RCMI shall be deemed to be, and shall be treated as if they were, executory contracts that are subject to rejection in accordance with Section 7.1 of the Plan (to the extent such rejection does not violate sections 1114 and 1129(a)(13) of the Bankruptcy Code).

**ARTICLE VIII**

**PROCEDURES FOR RESOLVING DISPUTED,
CONTINGENT, AND UNLIQUIDATED CLAIMS**

        **8.1**    ***Objection Deadline; Prosecution Of Objections***.  No later than the Claims Objection Deadline or the Administrative Claims Objection Deadline, as applicable, RCMI may file objections to Claims with the Bankruptcy Court and serve such objections upon the Holders of each of the Claims to which objections are made.  Nothing contained herein, however, shall limit the ability of RCMI to object to Claims, if any, filed or amended after the Claims Objection Deadline or the Administrative Claims Objection Deadline, as applicable.

Plan - 12

RCMI shall be authorized to, and shall, dispose of all Disputed Claims by withdrawing or settling such objections thereto, or by litigating to judgment in the Bankruptcy Court or such other court as may have jurisdiction the validity, nature, and/or amount thereof.

    **8.2**  ***No Distributions Pending Allowance***. Notwithstanding any other provision of this Plan, no payments or Distributions shall be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by Final Order and the Disputed Claim, or some portion thereof, has become an Allowed Claim.

**ARTICLE IX**

**CONFIRMATION AND CONSUMMATION OF THE PLAN**

    **9.1**  ***Conditions To Confirmation***. Prior to confirmation of the Plan, and in order for the Plan to be confirmed, the following shall have occurred:

      (a)  The Confirmation Order shall be reasonably acceptable in form and substance to RCMI, the RCM Plan Administrator and the Plan Administrator.

      (b)  The Plan Committee shall have previously consented and the RCM Plan Administrator shall have designated the Contributing Non-Debtor Affiliate Trigger Date for RCMI to be the Effective Date of the Plan and, to the extent necessary to ensure that RCMI winds up its affairs and distribute its remaining property to Reorganized Refco, deemed the subordination of the claims asserted against RCMI to be a release of such claims.

    **9.2**  ***Conditions To Effective Date***. RCMI shall request that the Confirmation Order include a finding by the Bankruptcy Court that, notwithstanding Bankruptcy Rule 3020(e), the Confirmation Order shall take effect immediately upon its entry. The following are conditions precedent to the occurrence of the Effective Date, each of which must be satisfied or waived by RCMI in accordance with the terms hereof:

      (a)  The Confirmation Order, in form and substance reasonably satisfactory to RCMI, the RCM Plan Administrator and the Plan Administrator shall have become a Final Order and shall, among other things, provide that:

        (i)  RCMI and Reorganized Refco are authorized to take all actions necessary or appropriate to consummate the Plan;

        (ii)  the provisions of the Confirmation Order are non severable and mutually dependent.

      (b)  RCMI shall have resolved all Disputed Claims.

      (c)  All other actions, documents, and agreements necessary to implement the Plan shall have been effected or executed.

      (d)  RCMI shall have made all of the Distributions required by the Plan.

Plan - 13

9.3     ***Waiver Of Conditions***.  Each of the conditions to the Effective Date set forth herein may be waived in whole or in part by RCMI, without any notice to parties in interest or the Bankruptcy Court and without a hearing.  The failure to satisfy or waive any condition to the Effective Date may be asserted by RCMI regardless of the circumstances giving rise to the failure of such condition to be satisfied, including any action or inaction by RCMI.  The failure of RCMI to exercise any of the foregoing rights shall not be deemed a waiver of any other rights, and each such right shall be deemed an ongoing right that may be asserted at any time.

9.4     ***Consequences Of Non-Occurrence Of Effective Date***.  In the event that the Effective Date does not timely occur, RCMI reserves all rights to seek an order from the Bankruptcy Court directing that the Confirmation Order be vacated, that the Plan be null and void in all respects, and/or that any settlement of Claims provided for in the Plan be null and void.  In the event that the Bankruptcy Court shall enter an order vacating the Confirmation Order, the time within which RCMI may assume and assign, or reject all executory contracts and unexpired leases not previously assumed, assumed and assigned, or rejected, shall be extended for a period of 60 days after the date the Confirmation Order is vacated, without prejudice to further extensions.

# ARTICLE X

## EFFECT OF PLAN CONFIRMATION

10.1     ***Binding Effect***.  This Plan shall be binding upon and inure to the benefit of RCMI, all present and former Holders of Claims and Interests, and their respective successors and assigns, including but not limited to Reorganized Refco.

10.2     ***Exculpation And Limitation Of Liability***.  To the maximum extent permitted by the Bankruptcy Code and applicable law, none of the (a) Debtor, (b) Reorganized Refco, (c) any professionals retained by RCMI pursuant to an order of the Bankruptcy Court, (d) the Post-Petition Management, nor (e) any of their respective representatives, agents, officers, directors, employees, advisors, or attorneys shall have or incur any liability to, or be subject to any right of action by, any Holder of a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or agents acting in such capacity, or affiliates, or any of their successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Case related to, or arising out of, formulating, negotiating, or implementing this Plan, the solicitation of acceptances of this Plan, the pursuit of confirmation of this Plan, the confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for gross negligence or willful misconduct, and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

10.3     ***No Discharge Of Claims; Injunction***.

(a)     Pursuant to section 1141(d)(3) of the Bankruptcy Code, confirmation will not discharge Claims against RCMI; *provided*, *however*, that no holder of a Claim against or Interest in RCMI may, on account of such Claim or Interest, seek or receive any payment or other Distribution from, or seek recourse against the Estate, RCMI, Reorganized Refco, or their respective successors or their respective properties, except as expressly provided herein.  Accordingly, except as otherwise provided in the Plan, the Confirmation Order shall provide, among other things, that from and after the Confirmation Date all Persons who have held, hold, or may hold Claims against or Interests in RCMI are (i) permanently enjoined from taking any of the following actions against the Estate or any of its property on account of any such Claims or Interests and (ii) preliminarily enjoined from taking any of the following actions against RCMI, Reorganized Refco, or their property on account of such Claims or Interests: (A) commencing or continuing, in any manner or in any place, any action or other proceeding; (B) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order; (C) creating, perfecting, or enforcing any lien or encumbrance; (D) asserting a setoff, right of subrogation, or recoupment of any kind against any debt, liability, or obligation due to RCMI; and (E) commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan; *provided*, *however*, that (x) nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of this Plan and (y) the preliminary injunction of actions against RCMI, Reorganized Refco, and their

property (if any) shall be dissolved and terminate one (1) day following the dissolution of Reorganized Refco and completion of the winding up of its affairs.  Notwithstanding anything to the contrary set forth in this section of the Plan, creditors' rights of setoff and recoupment are preserved, and the injunctions referenced in this section of the Plan shall not enjoin the valid exercise of such rights of setoff and recoupment.

(b)    By accepting a Distribution pursuant to this Plan, each Holder of an Allowed Claim or Allowed Interest shall be deemed to have specifically consented to the injunctions set forth in this Article X.

10.4    ***Term Of Bankruptcy Injunction Or Stays***.  All injunctions or stays provided for in RCMI's Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until all of the property of the Estate of RCMI and Reorganized Refco have been distributed and Reorganized Debtor has been dissolved in accordance with the terms of the Refco Plan.

# ARTICLE XI

## RETENTION OF JURISDICTION

Pursuant to sections 105(c) and 1142 of the Bankruptcy Code and notwithstanding entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction (unless otherwise indicated) over all matters arising out of, and related to, the Chapter 11 Case and this Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

(a)    Allow, disallow, determine, liquidate, classify, estimate, or establish the priority or secured or unsecured status of any Claim or Interest, including the resolution of any request for payment of any Administrative Claim and the resolution of any objections to the allowance or priority of Claims or Interests;

(b)    Grant or deny any applications for allowance of compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or this Plan for periods ending on or before the Effective Date;

(c)    Resolve any matters related to the assumption, assumption and assignment, or rejection of any executory contract or unexpired lease to which RCMI is a party or may be liable and to hear, determine, and, if necessary, liquidate any Claims arising therefrom;

(d)    Ensure that Distributions to Holders of Allowed Claims or Allowed Interests are accomplished pursuant to the provisions of this Plan;

(e)    Decide or resolve any motions, adversary proceedings, contested or litigated matters, and any other matters and grant or deny any applications involving RCMI that may be pending prior to the Effective Date (which jurisdiction shall be non-exclusive as to any such non-core matters);

(f)    Enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases, and other agreements or documents created in connection with this Plan, the Disclosure Statement, or the Confirmation Order;

(g)    Resolve any cases, controversies, suits, or disputes that may arise in connection with the consummation, interpretation, or enforcement of this Plan or any contract, instrument, release, or other agreement or document that is executed or created pursuant to this Plan, or any entity's rights arising from or obligations incurred in connection with this Plan or such documents;

(h)    Modify this Plan before or after the Effective Date pursuant to section 1127 of the Bankruptcy Code or modify the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with this Plan, the Disclosure Statement, or the Confirmation Order, or remedy any defect or omission or reconcile any inconsistency in any Bankruptcy Court order, this Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with this Plan, the Disclosure Statement, or the Confirmation Order, in such manner as may be necessary or appropriate to consummate this Plan;

(i)    Hear and determine all applications for compensation and reimbursement of expenses of Professionals under this Plan or under sections 330, 331, 503(b), 1103, and 1129(a)(4) of the Bankruptcy Code;

(j)    Issue injunctions, enter and implement other orders, or take such other actions as may be necessary or appropriate to restrain interference by any entity with consummation, implementation, or enforcement of this Plan or the Confirmation Order;

(k)    Hear and determine causes of action by or on behalf of RCMI or Reorganized Refco;

(l)    Hear and determine matters concerning state, local, and federal taxes in accordance with sections 346, 505, and 1146 of the Bankruptcy Code;

(m)    Enter and implement such orders as are necessary or appropriate if the Confirmation Order is for any reason or in any respect modified, stayed, reversed, revoked, or vacated, or distributions pursuant to this Plan are enjoined or stayed;

(n)    Determine any other matters that may arise in connection with or relate to this Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, or other agreement or document created in connection with this Plan, the Disclosure Statement, or the Confirmation Order;

(o)    Enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered in connection with the Chapter 11 Case (which jurisdiction shall be non-exclusive);

(p)    Hear and determine all matters related to (i) the property of the Estate from and after the Confirmation Date and (ii) the winding up of RCMI's affairs;

(q)    Hear and determine such other matters as may be provided in the Confirmation Order or as may be authorized under the Bankruptcy Code; and

(r)        Enter an order closing the Chapter 11 Case.

## ARTICLE XII

## MISCELLANEOUS PROVISIONS

**12.1**        ***Effectuating Documents And Further Transactions***.  RCMI shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of this Plan and any notes or securities issued pursuant to this Plan.

**12.2**        ***Corporate Action***.  Prior to or on the Effective Date (as appropriate), all matters expressly provided for under this Plan that would otherwise require approval of the stockholders or directors of RCMI shall be deemed to have occurred and shall be in effect prior to or on the Effective Date (as appropriate) pursuant to the applicable general corporation law of the state in which RCMI is incorporated without any requirement of further action by the stockholders or directors of RCMI.

**12.3**        ***Approval of IDS Settlement Agreement***.  The Confirmation Order shall approve and authorize RCMI to enter into and consummate the IDS Settlement Agreement.

**12.4**        ***Bar Dates For Certain Claims***.  The Confirmation Order shall establish an Administrative Claims Bar Date for filing Administrative Claims which date shall be twenty (20) days after the Confirmation Date.  Holders of asserted Administrative Claims not paid prior to the Confirmation Date shall file with the Bankruptcy Court requests for the payment of administrative expenses on or before such Administrative Claims Bar Date or forever be barred from doing so.  The notice of Confirmation to be delivered pursuant to Bankruptcy Rules 3020(c) and 2002(f) shall set forth such date and constitute notice of this Administrative Claims Bar Date.  RCMI shall have until the Administrative Claims Objection Deadline to object to such claims.

**12.5**        ***Payment Of Statutory Fees***.  All fees payable pursuant to section 1930 of title 28, United States Code, as determined by the Bankruptcy Court at the Confirmation Hearing, shall be paid on the Effective Date.

**12.6**        ***Amendment Or Modification Of The Plan***.  Subject to section 1127 of the Bankruptcy Code and, to the extent applicable, sections 1122, 1123, and 1125 of the Bankruptcy Code, RCMI reserves the right to alter, amend, or modify this Plan at any time prior to or after the Confirmation Date but prior to the substantial consummation of this Plan.  A Holder of a Claim that has accepted this Plan shall be deemed to have accepted the Plan, as altered, amended or modified, if the proposed alteration, amendment or modification does not materially and adversely change the treatment of the Claim of such Holder.

**12.7**        ***Severability Of Plan Provisions***.  If, prior to the Confirmation Date, any term or provision of this Plan is determined by the Bankruptcy Court to be invalid, void, or unenforceable, the Bankruptcy Court shall have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted.  Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation.  The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

**12.8**        ***Successors And Assigns***.  This Plan shall be binding upon and inure to the benefit of RCMI, and its  respective successors and assigns, including, without limitation, Reorganized Refco.  The rights, benefits, and obligations of any entity named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor, or assign of such entity.

**12.9** *Revocation, Withdrawal, Or Non-Consummation*. RCMI reserves the right to revoke or withdraw the Plan at any time prior to the Confirmation Date and to file other plans of reorganization. If RCMI revokes or withdraws the Plan, or if Confirmation or consummation of the Plan does not occur, then (i) the Plan shall be null and void in all respects, (ii) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount any Claim or Class of Claims), assumption or rejection of executory contracts or leases effected by the Plan, and any document or agreement executed pursuant to the Plan shall be deemed null and void, and (iii) nothing contained in the Plan, and no acts taken in preparation for consummation of the Plan, shall (A) constitute or be deemed to constitute a waiver or release of any Claims by or against, or any Interests in, RCMI or any other Person, (B) prejudice in any manner the rights of RCMI or any Person in any further proceedings involving RCMI, or (C) constitute an admission of any sort by RCMI or any other Person.

**12.10** *Notice*. All notices, requests, and demands to or upon RCMI to be effective shall be in writing and, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when actually delivered or, in the case of notice by facsimile transmission, when received and telephonically confirmed, addressed as follows:

> SKADDEN, ARPS, SLATE, MEAGHER
>    & FLOM LLP
> Four Times Square
> New York, New York  10036-6522
> Telephone:  (212) 735-3000
> Facsimile:  (212) 735-2000
> Att'n:    Sally McDonald Henry, Esq.
>
>           -- and --
>
> SKADDEN, ARPS, SLATE, MEAGHER
>    & FLOM LLP
> 333 West Wacker Drive
> Chicago, Illinois 60622-1285
> Telephone:  (312) 407-0700
> Facsimile:  (312) 407-0411
> Att'n:    Felicia Gerber Perlman, Esq.
>         Stephen D. Williamson, Esq.
>
> Attorneys for Debtor and Debtor-in-Possession

**12.11** *Governing Law*. Except to the extent that the Bankruptcy Code, the Bankruptcy Rules or other federal law is applicable, or to the extent that an exhibit or schedule to this Plan provides otherwise, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of Delaware without giving effect to the principles of conflicts of law of such jurisdiction.

**12.12** *Schedules*. All exhibits and schedules to this Plan, including the Exhibits, are incorporated and are a part of this Plan as if set forth in full herein.

**12.13** *Filing Of Additional Documents*. On or before substantial consummation of this Plan, RCMI shall file such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

Dated:  New York, New York
        May 9, 2008

                              REFCO COMMODITY MANAGEMENT, INC.


                        By:   _/s/ Robert I. Shapiro_____
                              Name:  Robert I. Shapiro
                              Title: President

                        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
                              Attorneys for Refco Commodity Management, Inc.,
                               Debtor and Debtor-in-Possession


                        By:   _/s/ Sally McDonald Henry_____
                              Sally McDonald Henry
                              Four Times Square
                              New York, New York 10036-6522
                              (212) 735-3000

                                -- and --

                              Felicia Gerber Perlman
                              Stephen D. Williamson
                              333 West Wacker Drive
                              Chicago, Illinois 60606-1285
                              (312) 407-0700

**EXHIBIT A**

<u>IDS SETTLEMENT AGREEMENT</u>

## SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is made and entered into as of April 25, 2008, among IDS Managed Futures, L.P., IDS Managed Futures II, L.P., IDS Futures Corporation, Ameriprise Financial Services, Inc., and Refco Commodity Management, Inc. The foregoing parties to this Agreement may be referred to hereinafter collectively as the "Parties" or individually as a "Party."

## RECITALS

A.      IDS Managed Futures, L.P. ("IDS I") and IDS Managed Futures II, L.P. ("IDS II," together with IDS I, the "Partnerships") are Delaware limited partnerships organized under the Delaware Revised Uniform Limited Partnership Act ("Act") on December 16, 1986 and April 21, 1987, respectively. The Partnerships were formed to trade a wide range of U.S. and international futures and forward contracts and related options pursuant to the trading instructions of professional trading advisors.

B.      IDS Futures Corporation ("IDS Futures") and Refco Commodity Management, Inc. ("RCMI") acted as co-general partners of the Partnerships through December 31, 2006, pursuant to certain partnership agreements ("Partnership Agreements"). In their capacities as co-general partners, IDS Futures and RCMI managed and controlled all aspects of the business of the Partnerships under and pursuant to the terms of the Act and the Partnership Agreements.

C.      On October 17, 2005, and certain dates thereafter, Refco Inc., the ultimate parent of RCMI, and certain of its subsidiaries and affiliates (collectively, but excluding RCMI, the "Refco Debtors") filed voluntary chapter 11 petitions under title 11 of the United States Code ("Refco Bankruptcy Cases") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court").

D.      As a result of the Refco Bankruptcy Cases, on or about June 1, 2006, Gary L. Franzen, as trustee of the Gary L. Franzen Declaration of Trust, individually and on behalf of a putative class that included the Partnerships' limited partners, filed a complaint against IDS Futures and RCMI, as general partners, in the United States District Court for the Northern District of Illinois, Eastern Division, as amended on September 15, 2006 ("Franzen Litigation").

E.      On October 16, 2006, RCMI filed its chapter 11 petition with the Bankruptcy Court. RCMI's bankruptcy petition constituted a notice of withdrawal as a general partner of the Partnerships. As part of its bankruptcy case, RCMI sold and assigned substantially all of its assets to R.J. O'Brien Fund Management, Inc.

F.      The Partnership Agreements do not prescribe a process for winding down the activities of the Partnerships. Accordingly, on September 27, 2006, IDS Futures filed applications for dissolution of the Partnerships, as amended and supplemented on or about January 26, 2007 (as amended, the "Applications"), in the Court of Chancery of the State of Delaware in and for New Castle County ("Court of Chancery"). Pursuant to the Applications,

IDS Futures sought an order and direction from the Court of Chancery to dissolve the Partnerships and to distribute the Partnerships' remaining assets for the benefit of its partners.

G.    Prior to the hearing on the Applications, and as an accommodation to its clients and to resolve the Franzen Litigation, Ameriprise Financial Services, Inc., the Partnerships' selling agent and introducing broker and an affiliate of IDS Futures ("Ameriprise Financial"), offered to purchase the remaining interests of limited partners in the Partnerships ("Ameriprise Purchase Offer").  Notwithstanding the fact that the Partnerships will not recover full payment from the Refco Debtors, the net asset value paid by Ameriprise Financial pursuant to the Ameriprise Purchase Offer assumed a 100% recovery from the Refco Debtors.

H.    The Court of Chancery entered orders ("Orders") approving the Applications on February 20, 2007.  Pursuant to the Orders, the Court of Chancery approved the Ameriprise Purchase Offer, and authorized and instructed IDS Futures to continue to act as sole general partner for the purpose of winding down the Partnerships' affairs.  The Orders deem the Partnerships dissolved, effective as of December 31, 2006.

I.    In March 2007, Ameriprise Financial began purchasing the remaining interests of limited partners pursuant to the Ameriprise Purchase Offer.  A significant portion of the limited partners participated in the Ameriprise Purchase Offer, effectively resolving the Franzen Litigation and any alleged claims the Partnerships or their limited partners may have had as a result of the Refco Bankruptcy Cases, and settling the action as against IDS Futures.

J.    On November 13, 2007, IDS Futures filed final applications ("Final Applications") in the Court of Chancery.  Pursuant to the Final Applications, IDS Futures sought an order and direction from the Court of Chancery to cancel the Partnerships' certificates of limited partnership and for certain other relief to complete the wind up process.

K.    The Court of Chancery entered orders ("Final Orders") approving the Final Applications on December 4, 2007, under which Ameriprise Financial was authorized to pay the remaining, non-participating limited partners the purchase price under the Ameriprise Purchase Offer.  Absent payment by Ameriprise Financial, the remaining limited partners would have received their pro rata share of the Partnerships' remaining net assets, which recovery would have been less than they received from Ameriprise Financial.

L.    RCMI continues to hold an interest in each of the Partnerships.  These interests, which were not purchased by Ameriprise Financial pursuant to the Ameriprise Purchase Offer, are currently being held in a reserve account ("General Partner Reserve").  Pursuant to the Final Orders, the Chancery Court authorized IDS Futures to withhold RCMI's interest in the General Partner Reserve until the Partnerships' and IDS Futures' claims against RCMI were resolved.

M.    The Bankruptcy Court established May 11, 2007 as the deadline for creditors to file proofs of claim in RCMI's bankruptcy case.  The deadline was extended by agreement of the Parties pending settlement discussions.  None of the Partnerships, IDS Futures or Ameriprise Financial have filed proofs of claim against RCMI, but such parties assert that they would have filed proofs of claims against RCMI absent the settlement of claims set forth in this Agreement.  Such claims would have included, without limitation, claims for reimbursement as a result of a

redemption error made by RCMI and for contribution in connection with the Ameriprise Purchase Offer.

N.    In recognition of the time and expense associated with resolving any claims and/or interests by and among themselves, the Parties have reached an agreement to settle their mutual claims and/or interests by this Agreement.

## AGREEMENT

NOW, THEREFORE, in consideration of the premises and mutual covenants set forth herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.    Recitals.  The Parties adopt the recitals as true and correct statements of fact.

2.    Settlement of Claims and Interests.  In full and final settlement of any claims of the Partnerships, IDS Futures and/or Ameriprise Financial against RCMI, RCMI hereby agrees to assign to IDS Futures all of its right, title and interest in and to the Partnerships, including, without limitation, those interests of RCMI currently held in the General Partner Reserve.  RCMI warrants that it has not previously assigned, conveyed, or otherwise transferred to any other party such right, title and interest in and to the Partnerships.

3.    Bankruptcy Court Approval.  This Agreement remains subject to Bankruptcy Court approval and shall not be effective until the date upon which the Bankruptcy Court enters an order approving this Agreement ("Agreement Effective Date")

4.    Payment to RCMI.  Within thirty (30) days of the Agreement Effective Date, IDS Futures will pay $10,000 from the General Partner Reserve to RCMI, which payment shall be in full and final satisfaction of RCMI's interest in the General Partner Reserve and its investment in the Partnerships.

5.    Release.  Effective as of the Agreement Effective Date, (a) IDS Futures, Ameriprise Financial and the Partnerships and (b) RCMI, on behalf of itself and its estate, hereby release and discharge each other, and their respective agents, affiliates, predecessors, subsidiaries, successors in interest, parent corporations, assigns, insurers, employees, attorneys, officers and directors from any and all claims, counterclaims, rights, demands, costs, damages, losses, liabilities, attorneys' fees, actions and causes of action whatsoever, whether known or unknown, liquidated, unliquidated, fixed, contingent, material, immaterial, disputed, undisputed, legal or equitable, which (a) IDS Futures, Ameriprise Financial and the Partnerships or (b) RCMI, on behalf of itself and its estate, may have or hereafter may have against the other party arising from or related to the Partnerships.

6.    Compromise of Claims.  It is understood that this Agreement is a compromise of disputed claims and shall not be construed as an admission of liability of any party.  No statement made or action taken in the negotiation of this Agreement may be used by any party for any purpose whatsoever.

7.      <u>Claims Against Refco Debtors</u>.   The settlement and release set forth in this Agreement shall not in any way affect the allowance or disallowance of any claims filed by the Partnerships in the Refco Bankruptcy Cases, or right of distribution from the Refco Debtors to the Partnerships.

8.      <u>Counterparts and Authorization</u>.   This Agreement may be executed in multiple counterparts, any of which may be transmitted by facsimile, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.   Each undersigned counsel represents that he/she is authorized to execute this Agreement on behalf of his/her respective client.

9.      <u>Amendments and Waivers</u>.   This Agreement constitutes the entire agreement between the Parties and may not be modified, altered, amended or vacated without the written consent of all Parties hereto.

10.     <u>Binding Effect</u>.   This Agreement shall be binding upon and shall inure to the benefit of each party and its respective successors, assigns, heirs, and personal representatives, as applicable.

11.     <u>Governing Law</u>.   This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware.

12.     <u>Bankruptcy Court Jurisdiction</u>.   The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Agreement.

**WHEREOF,** the Parties execute this Agreement, effective as of the date set forth above.


Date:  April 15, 2008                          Refco Commodity Management, Inc.


                                               By:  */s/ Robert I. Shapiro*
                                                    Robert I. Shapiro

Date:  April 25, 2008                          IDS Managed Futures, L.P.
                                               IDS Managed Futures II, L.P.


                                               By: */s/ Frank A. McCarthy*
                                                    Frank A. McCarthy
Date:  April 25, 2008                          IDS Futures Corporation
                                               Ameriprise Financial Services, Inc.


                                               By: */s/ Frank A. McCarthy*
                                                    Frank A. McCarthy


5